# EXHIBIT 1

EXECUTION VERSION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JON TOWER, On Behalf of Himself and All Others Similarly Situated, | Case No. 2:22-cv-6746-JKS-SDA |
| Plaintiff, | |
| v. | |
| TRANSPORTES AEREOS PORTUGUESES, S.A. D/B/A TAP AIR PORTUGAL, | |
| Defendant. | |

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release ("Settlement" or "Agreement"),[1] dated as of February 11, 2025, is entered into by Plaintiff Jon Tower and Bianca Vazquez ("Class Representatives"), individually and on behalf of the Settlement Class, and Defendant Transportes Aereos Portugueses, S.A. d/b/a Tap Air Portugal ("TAP") (collectively, the "Parties"). The Parties hereby agree to the following terms in full settlement of the Action, subject to Final Approval by the United States District Court for the District of New Jersey.

## I.    <u>RECITALS</u>

1.    On November 23, 2022, Plaintiff Tower filed this putative class action alleging one count of breach of contract arising out of the cancellation of his flight due to the COVID-19 pandemic, and TAP's alleged failure to refund Plaintiff Tower and similarly situated passengers the purchase price of their tickets. ECF 1.

2.    On January 23, 2023, TAP moved to Dismiss the Complaint. ECF 13.

---

[1] All capitalized terms herein have the meanings ascribed to them in Section II or as otherwise as described herein.

EXECUTION VERSION

3.      On August 22, 2023, the Court denied TAP's Motion to Dismiss and directed the Parties to engage in jurisdictional discovery. ECF 24. Specifically, the Court denied the Motion to Dismiss for lack of standing; denied without prejudice the Motion to Dismiss for lack of personal jurisdiction and venue, permitting TAP to renew its objections following jurisdictional discovery; and deferred ruling on the Motion to Dismiss for failure to follow TAP's alternative dispute resolution process.

4.      On October 4, 2023, Plaintiff Tower served TAP with his First Set of Jurisdictional Interrogatories and First Jurisdictional Requests for Production of Documents, to which TAP responded on November 8, 2023.

5.      Throughout December 2023 and January 2024, TAP made several productions of documents and the Parties met and conferred over the jurisdictional discovery requests and responses via video conferences, letter and email correspondence, and teleconference.

6.      On February 1, 2024, TAP supplemented its jurisdictional discovery responses.

7.      On February 2, 2024, Plaintiff Tower moved to compel TAP's responses to certain jurisdictional requests for production and interrogatories pursuant to Federal Rule of Civil Procedure 34 and Local Rule 37.1. ECF 40. TAP opposed this motion on February 16, 2024, and Plaintiff Tower filed a reply on February 3, 2024. ECF 41, 42.

8.      On March 13, 2024, the Court granted in part and denied in part Plaintiff Tower's Motion to Compel. ECF 47.

9.      On March 19, 2024, Plaintiff Tower served his First Set of Jurisdictional Requests for Admission.

10.     On April 24, 2024, pursuant to the Court's Order on Plaintiff Tower's Motion to Compel, TAP made an additional production of documents.

EXECUTION VERSION

11.    Plaintiff's counsel then approached TAP concerning a possible resolution of the Action, and the Parties agreed to engage a mediator.

12.    On May 10, 2024, the Parties submitted a joint letter to stay proceedings pending the outcome of mediation. ECF 48. The Court granted that request on May 14, 2024, and ordered a status report to be filed following the mediation. ECF 49.

13.    On August 1, 2024, the Parties mediated the Action with experienced class action litigation mediator Jed D. Melnick, Esq. Before mediation, the Parties exchanged information subject to mediation privilege in which TAP provided data pertaining to the estimated size of the putative class, the amount of refunds requested during the class period, and the amount of such requests that for which TAP could not confirm refunds were received. The Parties reached a tentative agreement in principle, and they continued to confer with the mediator to finalize agreed settlement terms.

14.    Class Counsel have thoroughly investigated the facts and circumstances surrounding the allegations asserted in the Complaint, and have engaged in, and continue to engage in, investigation and discovery of the claims asserted therein, including jurisdictional discovery.

15.    Plaintiffs and Class Counsel have examined the benefits to be obtained under the terms of this Agreement, have considered the substantial risks associated with the continued prosecution of the Action and the likelihood of success on the merits and believe that it is in the best interests of the Settlement Class as a whole that the claims asserted in the Action be resolved on the terms and conditions set forth in this Agreement. Class Counsel reached that conclusion after considering the Court's order on the Motion to Dismiss, the factual and legal issues presented in the Action, the substantial benefits that Settlement Class Members will receive as a result of the Settlement, the substantial risks and uncertainties of continued litigation, the expense that would

EXECUTION VERSION

be necessary to prosecute the Action through trial and any appeals that might be taken, and the likelihood of success at trial.

16.    TAP has denied, and continues to deny, each and every allegation of liability, wrongdoing, and damage. TAP further denies that the Action, including any separate action, may properly be maintained as a class action except for settlement purposes. TAP also maintains its objection that it is not subject to jurisdiction of this Court, other than solely for settlement purposes, and that any other proceeding under its Terms and Conditions must be asserted in Lisbon, Portugal. TAP reserves its objections to jurisdiction and venue in this Court for any purpose other than settlement and, in the event this settlement agreement is not approved, TAP will renew its motion to dismiss on these grounds. Nonetheless, without admitting or conceding any liability or damages whatsoever, without admitting any wrongdoing, and without conceding the appropriateness of class treatment for claims asserted in any current or future complaint (except for settlement purposes in the Action), TAP has agreed to settle the Action on the terms and conditions set forth in this Agreement to avoid the substantial expense, inconvenience, burden, and disruption of continued litigation.

17.    The Parties agree and understand that neither this Agreement nor the Settlement it represents shall be construed as an admission by TAP of any wrongdoing whatsoever, including, without limitation, any admission of any violation of any contract, statute, or law or any admission of liability based on any of the claims or allegations asserted in the Action.

18.    The Parties agree and understand that neither this Agreement nor the Settlement it represents shall be construed or admissible as an admission by TAP in the Action or any other proceedings that Class Representatives' claims or any other similar claims are or would be suitable for class treatment if the Action proceeded through both litigation and trial.

EXECUTION VERSION

19.     The Parties desire to compromise and settle all issues and claims that have been brought or could have been brought arising out of or related to the claims asserted in the Action.

20.     The Parties now agree to settle the entire Action, without any admission of liability, with respect to the Released Claims. Subject to approval by the Court and certification of the Settlement Class, the Parties intend this Agreement to bind Plaintiff, TAP, and all Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows:

## II.    <u>DEFINITIONS</u>

In addition to the terms defined at various points within this Agreement, the following defined terms apply throughout this Agreement:

21.     "Action" means *Tower v. Transportes Aereos Portugueses, S.A. d/b/a Tap Air Portugal*, Case No. 2:22-cv-6746-JKS-SDA (D.N.J.).

22.     "Approved Claim" means a timely Claim Form submitted by a Settlement Class Member that: (a) is submitted in accordance with the directions accompanying the Claim Form and the terms of this Agreement; (b) is accurately, fully, and truthfully completed and executed by a Settlement Class Member; (c) is signed physically or electronically by a Settlement Class Member personally; (d) is received by the Claims Deadline; and (e) is determined to be valid by the Settlement Administrator. Additionally, if the Parties agree in writing to accept a claim that was not approved by the Settlement Administrator, then the Settlement Administrator may approve that claim.

EXECUTION VERSION

23. "CAFA Notices" means the notice of this Settlement to be served or caused to be served by TAP upon State and Federal regulatory authorities as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

24. "Cash Settlement Payment" means the cash distribution that will be made to each Settlement Class Member who submits an Approved Claim.

25. "Claim Form" means the Court-approved claim form that a Settlement Class member must complete, sign, and submit to the Settlement Administrator by the Claims Deadline to be considered for payment under the Settlement.

26. "Claim Form Submission Process" means the process by which Settlement Class Members will submit the Claim Form either by mail or electronically via the Settlement Website, which will then be reviewed for timeliness and completeness by the Settlement Administrator.

27. "Claims Deadline" means the date by which Claim Forms must be submitted online (if electronic) or postmarked (if by mail) to be considered timely, which is 60 days after the Notice Deadline.

28. "Claims Period" means the time for Settlement Class Members to submit claims. The Claims Period shall run for 60 days after the Notice Deadline.

29. "Class Counsel" means:

| | |
|---|---|
| **CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.** | **GLANCY PRONGAY & MURRAY LLP** |
| James E. Cecchi | Jonathan M. Rotter |
| 5 Becker Farm Road | 1925 Century Park East, Suite 2100 |
| Roseland, New Jersey 07068 | Los Angeles, California 90067 |
| Phone: (973) 994-1700 | Phone: (310) 201-9150 |
| Fax: (973) 994-1744 | Fax: (310) 432-1495 |

30. "Class List" means a list of Settlement Class Members for whom TAP cannot presently confirm receipt of a refund requested for a flight cancelled due to the COVID-19

EXECUTION VERSION

pandemic. TAP shall prepare and provide the Class List to the Settlement Administrator for Notice using information in TAP's Customer Care or Refund Databases, call logs, or other information within its possession, custody, or control. The Class List shall include the ticketholder's name, postal address (if available), email address (if available), phone number (if available), ticket number, original ticket value, Unused Credit amount or Partial Unused Credit amount as of August 1, 2024, and a 7% interest amount associated with the original ticket value. If TAP has a record of another postal address or email address associated with the ticketholder's name, TAP shall include that information in the Class List.

31.     "Class Period" means the period from March 1, 2020 through December 31, 2021.

32.     "Class Representatives" means Plaintiff Jon Tower and Bianca Vazquez. The Parties agree that these individuals satisfy each of the criteria in the Settlement Class definition.[2]

33.     "Court" means the United States District Court for the District of New Jersey.

34.     "Customer Care or Refund Databases" means the databases maintained by TAP in the ordinary course of its business containing the data reasonably necessary for TAP to confirm the ticketholders who timely requested a refund for a non-refundable ticket, may not have received a refund, and have an Unused Credit or Partial Unused Credit.

35.     "Days" means calendar days, except that, when computing any period of time prescribed or allowed by this Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included. Further, when computing any period of time prescribed or allowed by this Agreement, the last day of the period so computed shall be

---

[2] If the Settlement does not become Effective for any reason, Bianca Vazquez will move to be added as an additional plaintiff, through her counsel, under the Federal Rules.

EXECUTION VERSION

included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday in the State of New Jersey.

36.    "Effective Date" means one business day following the latest of: (i) the date on which the time expires for filing or noticing any appeal of the Final Approval Order and judgment; (ii) entry of the Final Approval Order and judgment if no appeal, petition, request for rehearing, or other request for review has been filed and the time for any such action has expired; (iii) if any appeal, petition, request for rehearing, or other for review has been filed, the Final Approval Order and judgment is affirmed without material change or the appeal is dismissed or otherwise disposed of, no other appeal, petition, rehearing, or other review is pending, and the time for further appeals, petitions, requests for rehearing, or other review has expired; or (iv) the Settlement Administrator has determined the full amount of the Cash Settlement Payments to Settlement Class Members whose Approved Claims require such payments.

37.    "Email Notice" means a short form of notice that shall be sent by the Settlement Administrator by email pursuant to the terms of the Notice Program. Each Email Notice shall include a click through process to submit a Claim Form electronically, which is pre-populated with information necessary to make the claim.

38.    "Final Approval" means the date of the Court's entry of the Final Approval Order approving the Settlement and determining the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Award to Class Representatives.

39.    "Final Approval Hearing" is the hearing held before the Court where the Court will consider granting Final Approval to the Settlement and further determine the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Award to Class Representatives.

EXECUTION VERSION

40. "Final Approval Order" means the final order and judgment that the Court enters granting Final Approval to the Settlement. The proposed Final Approval Order shall be in a form agreed upon by the Parties and substantially in the form attached as an exhibit to the motion for Final Approval. Final Approval Order also includes the orders, which may be entered separately, determining the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Award to Class Representatives.

41. "Interest Cash" means a cash payment in an amount equal to 7% of the original ticket amount which will be made to certain Settlement Class Members.

42. "Long Form Notice" means the form of notice that shall be posted on the Settlement Website and shall be available to members of the Settlement Class by mail on request made to the Settlement Administrator in the form attached as Exhibit A.

43. "Notice" or "Notices" means each of the notices (Email Notice, Postcard Notice, and Long Form Notice) that the Parties will ask the Court to approve in connection with the motion for Preliminary Approval of the Settlement.

44. "Notice Deadline" is the date on which the initial Notice to the members of the Settlement Class is to be accomplished, which shall be 45 days after the entry of the Preliminary Approval Order.

45. "Notice Program" means the methods provided for in this Agreement for giving the Notice and consists of Postcard Notice, Email Notice, Long Form Notice, and the Settlement Website (all defined herein), which shall be substantially in the forms as the exhibits attached to this Agreement. "Opt-Out and Objection Deadline" means the date by which a request to opt-out of the Settlement must be sent to the Settlement Administrator to be excluded from the Settlement Class, and the date by which Settlement Class Members must file objections with the Court, if any,

EXECUTION VERSION

to the Settlement. The Opt-Out and Objection Date shall be 35 days before the date originally set for the Final Approval Hearing.

46.    "Partial Unused Credit'' means the remaining portion of credit issued by TAP to Settlement Class members for a non-refundable ticket purchased with dollars on a flight scheduled to depart between March 1, 2020 through December 31, 2021 (a) that TAP canceled; (b) who requested a refund for the ticket as reflected in TAP's Customer Care or Refund Databases; and (c) was not refunded as of August 1, 2024.

47.    "Party" means Plaintiff and TAP individually, and "Parties" means Plaintiff and TAP collectively.

48.    "Plaintiff'' means Jon Tower.

49.    "Postcard Notice" shall mean the short form of notice that shall be sent by the Settlement Administrator by U.S. mail pursuant to the terms of the Notice Program, substantially in the form attached as Exhibit B. The Postcard Notice will have a pre-filled, postage prepaid tear off postcard to send back the Claim Form as an option for submitting a claim.

50.    "Preliminary Approval" means the date of the Court's entry of the Preliminary Approval Order that grants preliminary approval to the Settlement, conditionally certifies the Settlement Class, approves the Notice Program, Notices, and Claim Form, approves the procedures to opt-out from or object to the Settlement, and sets the Final Approval Hearing.

51.    "Preliminary Approval Order" means the order granting Preliminary Approval of this Settlement, substantially in the form of the exhibit attached to the motion for Preliminary Approval.

52.    "Released Claims" means any and all claims, liabilities, rights, demands, suits, obligations, damages, including, but not limited to, consequential damages, losses or costs,

EXECUTION VERSION

punitive damages, attorneys' fees and costs, action or causes of action, penalties, remedies, of every kind or description—whether known or Unknown Claims (as defined herein), suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, accrued or unaccrued, contingent or non-contingent, legal, administrative, statutory, or equitable–that relate to, arise from, or are in any way connected with the subject matter of the Action or from TAP's cancellation of flights scheduled to depart between March 1, 2020 and December 31, 2021 and alleged failure to issue refunds requested by ticketholders for those flights.

53.     "Releases" means all of the releases contained in this Agreement.

54.     "Service Award" means any Court-ordered payment to Class Representatives for serving as class representatives, which is in addition to any Settlement Benefit due to Class Representatives as Settlement Class Members.

55.     "Settlement Administration Costs" means all costs and fees of the Settlement Administrator to be paid by TAP for the Notice Program and administration of the Settlement.

56.     "Settlement Administrator" means Epiq Systems, Inc. Class Counsel and TAP may, by agreement, substitute a different organization as Settlement Administrator, subject to approval by the Court if the Court has approved the Settlement preliminarily or finally. In the absence of agreement, either Class Counsel or TAP may move the Court to substitute a different organization as Settlement Administrator, upon a showing that the responsibilities of Settlement Administrator have not been adequately executed by the incumbent.

57.     "Settlement Benefit" means the Ticket Cash and Interest Cash that a Settlement Class Member will receive under the Settlement.

58.     "Settlement Class" means all ticketholders who are citizens of the United States who purchased with dollars a flight scheduled to depart between March 1, 2020 through December

EXECUTION VERSION

31, 2021 (a) that TAP canceled; (b) who requested a refund for the ticket as reflected in TAP's customer care, refund databases, call logs or other information within its possession, custody, or control; (c) did not receive a refund before a claim has been submitted and paid; and (d) who have not used any portion of any flight credit issued in connection with the canceled flight document. For purposes of (a) above, flights that TAP canceled in response to a government order, if any, shall not be excluded.

59.      "Settlement Class Member" means any member of the Settlement Class who has not opted-out of the Settlement and is entitled to receive a Settlement Benefit.

60.      "Settlement Website" means the website dedicated to the Settlement to be created and maintained by the Settlement Administrator in accordance with the Notice Program.

61.      "TAP" means Defendant Transportes Aereos Portugueses, S.A. d/b/a Tap Air Portugal.

62.      TAP's counsel means:

> **STEPTOE LLP**
> Nathaniel J. Kritzer
> 1114 Avenue of the Americas
> New York, New York 10036
> Phone: (212) 378-7503
> Fax: (212) 506-3950

63.       "Ticket Cash" means a cash refund as provided herein.

64.       "Unknown Claims" means any and all Released Claims that any member of the Settlement Class does not know or suspect to exist in his or her favor as of the Effective Date and that, if known by him or her, would have materially affected his or her decisions with respect to the Settlement.

65.      "Unused Credit" means the full amount of credit issued by TAP to Settlement Class Members for a ticket purchased with dollars on a flight scheduled to depart between March 1, 2020

EXECUTION VERSION

through December 31, 2021 (a) that TAP canceled; (b) who requested a refund for the ticket as reflected in TAP's Customer Care or Refund databases; and (c) was not refunded as of August 1, 2024.

## III.    CERTIFICATION OF THE SETTLEMENT CLASS

66.    For Settlement purposes only, Class Representatives and TAP agree to ask the Court to certify the Settlement Class and to appoint Class Representatives and Class Counsel under Federal Rule of Civil Procedure 23.

## IV.    SETTLEMENT BENEFITS

67.    Subject to Court approval, TAP has agreed to the following consideration:

    a.    pay Cash Settlement Payments, as specified below, to certain Settlement Class Members;

    b.    pay all Settlement Administration Costs, separate and apart from the Cash Settlement Payments and Credit Settlement Payments made directly to Settlement Class Members;

    c.    pay Class Representatives any Court-approved Service Award of up to $5,000, which will be separate and apart from the Cash Settlement Payments and Credit Settlement Payments made directly to Settlement Class Members; and

    d.    pay Class Counsel $800,000 for attorneys' fees, subject to Court approval, which will be separate and apart from the Cash Settlement Payments and Credit Settlement Payments made directly to Settlement Class Members.

## V.    SETTLEMENT APPROVAL

68.    After executing this Agreement, Class Counsel shall move the Court to enter the Preliminary Approval Order, which:

EXECUTION VERSION

a.    preliminarily approves this Settlement, conditionally certifying the Settlement Class, finding that the proposed Settlement is likely to be approved as sufficiently fair, reasonable, and adequate to warrant Notice to the Settlement Class, and appoints Class Counsel and a Class Representative;

b.    directs that Notice be provided in a reasonable manner, as set forth herein, to all members of the Settlement Class who would be bound by the Settlement;

c.    schedules a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement and Agreement and whether the Court should finally approve it;

d.    appoints the Settlement Administrator;

e.    approves the Notices, the content of which is without material alteration from Exhibits A through C hereto, and directs the Settlement Administrator to publish the Notices in accordance with the Notice Program;

f.    approves the Claim Form, the content of which is without material alteration from Exhibit C hereto, and sets a Claims Deadline;

g.    approves the creation of the Settlement Website;

h.    finds that the Notice Program to be implemented pursuant to this Agreement: (i) is the best practicable notice, (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to opt-out of or object to the proposed Settlement, (iii) is reasonable and constitutes due, adequate, and sufficient

EXECUTION VERSION

notice to all persons entitled to receive notice, and (iv) meets all requirements of applicable law;

i.    requires each member of Settlement Class who wishes to opt-out from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than 35 days before the date originally set for the Final Approval Hearing to the Settlement Administrator at the address on the Notice;

j.    requires each Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement or to the attorneys' fees and costs or Service Award to file or mail to the Clerk of the Court and mail to the Settlement Administrator no later than 35 days before the date originally set for the Final Approval Hearing, or as the Court may otherwise direct, a statement of the objection signed by the Settlement Class Member meeting the requirements set forth in the Preliminary Approval Order;

k.    provides that any response to an objection shall be filed with the Court no later than 14 days before the Final Approval Hearing;

l.    specifies that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with the objection requirements set forth in the Preliminary Approval Order shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise;

m.    requires that any attorney hired by a Settlement Class Member will bear the Settlement Class Member's expense for the purpose of objecting to this

EXECUTION VERSION

Agreement, the proposed Settlement, or the Attorneys' Fees and Costs or Service Award;

n.      requires that any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement or to the attorneys' fees and costs and/or Service Award who intends to appear at the Final Approval Hearing to provide to the Settlement Administrator (who shall forward it to Class Counsel and TAP's Counsel) and to file with the Clerk of the Court a notice of intention to appear (that may be included in the objection) no later than the Opt-Out and Objection Date or as the Court may otherwise direct;

o.      requires any Settlement Class Member not represented by an attorney who files and serves a written objection and who intends to appear at the Final Approval Hearing to provide a notice of intention to appear (that may be included in the objection) to the Settlement Administrator (who shall forward it to Class Counsel and TAP's Counsel) and to file with the Clerk of the Court a notice of intention to appear (that may be included in the objection) no later than the Opt-Out and Objection Date or as the Court otherwise may direct;

p.      directs the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving opt-out requests, objections, notices of intention to appear, and any other communications, and providing that only the Settlement Administrator, Class Counsel, TAP's Counsel, TAP, the Court, the Clerk of the Court and

EXECUTION VERSION

their designated agents shall have access to this post office box, except as otherwise provided in this Agreement;

q.    directs the Settlement Administrator to promptly furnish Class Counsel and TAP's Counsel with copies of any and all written requests for exclusion, notices of intention to appear or other communications that come into its possession, except as expressly provided in this Agreement;

r.    directs that Class Counsel shall file their applications for the attorneys' fees and costs and Service Award for Class Representatives no later than 70 days before the date originally set for the Final Approval Hearing and in no event after the Objection Deadline;

s.    orders the Settlement Administrator to provide the list of those who have opted-out to Class Counsel and TAP's Counsel no later than 10 days before the date originally set for the Final Approval Hearing, and then Class Counsel to file with the Court the list of opt-outs with a declaration from the Settlement Administrator attesting to the completeness and accuracy thereof no later than three days before the Final Approval Hearing;

t.    preliminarily enjoins all members of the Settlement Class unless and until they have timely opted-out from the Settlement Class from: (1) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims arising on or before

EXECUTION VERSION

the Preliminary Approval Date; and (2) attempting to effect opt-outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims. This Agreement is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency;

u.    orders that any Settlement Class Member who does not timely opt-out from the Settlement Class will be bound by all proceedings, orders and judgments in the Action, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Releases; and contains any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Agreement and the proposed Settlement.

## VI.    CONFIRMATORY DISCOVERY

69.    Class Counsel and TAP already have engaged in significant discovery related to jurisdiction and informal discovery related to liability and damages. TAP will also provide to Plaintiff the information that it provides to the Claims Administrator in order to identify members of the Settlement Class.

## VII.    SETTLEMENT ADMINISTRATOR

70.    The Parties have agreed to have Epiq Systems, Inc. serve as the Settlement Administrator, and will request that the Court appoint the Settlement Administrator.

71.    The Settlement Administrator shall, under the joint supervision of Class Counsel and TAP, administer various aspects of the Settlement as described in the next paragraph and

EXECUTION VERSION

perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program and distributing the Cash Settlement Payments as provided herein.

72.     The duties of the Settlement Administrator, in addition to other responsibilities that are described in the preceding paragraph and elsewhere in this Agreement, are as follows:

a.     use the name and contact information for members of the Settlement Class provided by TAP in the Class List in connection with the Notice Program approved by the Court, for the purpose of mailing the Postcard Notice and sending the Email Notice, and reminder Notices. The Settlement Administrator may request the assistance of Class Counsel and TAP, for which reasonable cooperation will be given, to identify members of the Settlement Class; to facilitate providing direct notice to the Settlement Class; and to accomplish such other purposes as may be approved by TAP and Class Counsel;

b.     retain a record of the implementation of the Notice Program procedures and provide periodic updates to the Parties during the Notice period and Claims Period;

c.     send the required CAFA notices on TAP's behalf and confirm compliance with CAFA;

d.     process Claim Forms and oversee the Claim Form Submission Process as described more fully below;

e.     establish and maintain a post office box. to receive opt-out requests or objections from the Settlement Class;

EXECUTION VERSION

f.      respond to any mailed or emailed Settlement Class member inquiries;

g.      process all opt-out requests from the Settlement Class and determine their timeliness;

h.      provide weekly reports to Class Counsel and TAP that summarize the number of opt-out requests received that week, the total number of opt-out requests received to date, the number of objections received that week, the total number of objections received to date, the number of Claim Forms submitted that week, the number of Claim Forms submitted to date, the number of Claim Forms approved and denied, the number of Claim Form deficiency notices sent out, and other pertinent information;

i.      in advance of the Final Approval Hearing, prepare a declaration or affidavit to submit to the Court confirming that the Notice Program was completed, describing how the Notice Program was completed, providing the names of each member in the Settlement Class who timely and properly opted-out from the Settlement Class and each Settlement Class Member who served an objection, detailing the number of Claim Forms that were timely and validly submitted and the number that were denied, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

j.      distribute Cash Settlement Payments by check or electronic payment to certain Settlement Class Members;

k.      provide to TAP a detailed list of Settlement Class Members who submitted an Approved Claim, along with the type(s) and amount(s) of the Settlement Benefit due each Settlement Class Member, if any, and instruct TAP to send

EXECUTION VERSION

the Settlement Administrator the funds necessary to pay certain Settlement

Class Members their Cash Settlement Payments;

l.      invoice TAP for payment of Settlement Administration Costs, as provided

in the Agreement; and

m.     any other Settlement-administration-related function at the instruction of

Class Counsel and TAP, including, but not limited to, verifying that the

Cash Settlement Payments have been distributed, cashed, or remain

uncashed.

73.    All costs for the Notice Program shall be paid by TAP as part of TAP's agreement

to pay all Settlement Administration Costs.

## VIII.   NOTICE TO SETTLEMENT CLASS

74.    TAP will make available to Class Counsel and the Settlement Administrator the

Class List no later than 10 days after entry of the Preliminary Approval Order for the Notice

Program. To the extent necessary, TAP will cooperate with updating the Class List to accomplish

the Notice Program and otherwise administer the Settlement.

75.    As soon as practicable after entry of the Preliminary Approval Order, at the

direction of Class Counsel and TAP's Counsel, the Settlement Administrator shall implement the

Notice Program provided herein, using the forms of Notice approved by the Court. The Notice

shall include, among other information: a description of the material terms of the Settlement; the

Opt-Out and Objection Deadline; the means by which Settlement Class Members may submit

Claim Forms and the Claims Deadline; the date on which the Final Approval Hearing is scheduled

to occur; and the Settlement Website address at which Settlement Class members may access this

Agreement, the electronic Claim Form, and other related documents and information. The

Settlement Administrator shall insert the correct dates and deadlines in the Notice before the

EXECUTION VERSION

Notice Program commences, based on the dates and deadlines set by the Court in the Preliminary Approval Order. Notices provided under or as part of the Notice Program shall not bear or include the TAP logo or trademarks or the return address of TAP, or otherwise be styled to appear to originate from TAP. The Notices shall include the opt-out and objection procedures as detailed in this Section.

76.    The initial Email Notice or Postcard Notice shall be sent to each member of the Settlement Class no later than 45 days after entry of the Preliminary Approval Order. This is the Notice Deadline.

77.    Each member of the Settlement Class shall receive direct Notice as follows:

a.    For members of the Settlement Class for which TAP has both an email address and postal address, the Settlement Administrator shall send a Postcard Notice via U.S. Mail and up to two reminder Email Notices to those of these members who have not submitted a Claim Form as of the date reminder Email Notices are scheduled to be sent, as specified herein. If the same postal address is provided in the Class List for more than one member of the Settlement Class, separate Postcard Notices identifying the ticketholder name shall be sent so that each such member of the Settlement Class receives separate Notice. If the Postcard Notice is returned undeliverable, and the Settlement Administrator is unable to obtain an alternative postal address to send the initial Postcard Notice, then initial and reminder Email Notices shall be sent in the manner described in subpart b of this paragraph.

EXECUTION VERSION

    b.      For members of the Settlement Class for which TAP has only an email address, the Settlement Administrator shall send an Email Notice and up to two reminder Email Notices to those of these members who have not submitted a Claim Form as of the date reminder Email Notices are scheduled to be sent. If the same email address is provided in the Class List for more than one member of the Settlement Class, separate Email Notices identifying the ticketholder name shall be sent so that each such member of the Settlement Class receives a separate Notice. Where required, the first reminder Email Notice shall be sent 21 days after the initial notice, and the second reminder notice shall be sent 21 days after the first reminder notice.

    c.      For members of the Settlement Class for which TAP has only a postal address, the Settlement Administrator shall send a Postcard Notice via U.S. Mail and one reminder Postcard Notice to those of these members who have not submitted a Claim Form as of the date reminder Postcard Notices are scheduled to be sent. Where required, the reminder Postcard Notice shall be sent 21 days after the initial Postcard Notice.

78.     The Email Notices and Postcard Notices, including any required first and second reminder Notices, shall be completed 87 days after the Preliminary Approval Order.

79.     The Long Form Notice shall be available on the Settlement Website or at the request of a Settlement Class member.

80.     To account for the possibility that TAP does not have an email address, postal address, or both, for some members of the Settlement Class, the Parties agree to work with the Settlement Administrator to obtain contact information.

EXECUTION VERSION

81.     The Notice Program requires that the Settlement Administrator ensure that Claim Forms are de-duplicated before sending before any reminder Email Notices or Postcard Notices, and to ensure that more than one claim is not approved for a single ticket.

82.     Notices shall advise Settlement Class members that they must update their mailing and email addresses with the Settlement Administrator if change addresses between the date they submit a Claim Form and 60 days following the Effective Date.

83.     The Settlement Administrator shall perform reasonable address traces for Postcard Notices returned as undeliverable. By way of example, a reasonable tracing procedure would be to run addresses of returned postcards through public records databases. Skip tracing or similar methods shall not be required.

84.     The Email Notice, Postcard Notice, and Long Form Notice shall be in forms approved by the Court, and substantially similar to the notice forms attached as Exhibits A through C. The Parties may by mutual written consent make non-substantive changes to the Notices without Court approval. A Spanish language translation of the Long Form Notice shall be available on the Settlement Website and be provided to members of the Settlement Class who request it from the Settlement Administrator.

85.     The Settlement Administrator shall maintain a database showing mail and email addresses to which each Notice was sent and any Notices that were not delivered by mail or email. In addition to weekly updates to the Parties regarding the progress of the Notice Program and the declaration or affidavit by the Settlement Administrator before the Final Approval Hearing and in support of the motion for Final Approval, a summary report of the Notice Program shall be provided to the Parties three days before the Final Approval Hearing. Upon request of the Parties, the Settlement Administrator shall provide a supplemental declaration or affidavit before the Final

EXECUTION VERSION

Approval Hearing to update any Notice Program statistics after the motion for Final Approval is filed. The database maintained by the Settlement Administrator regarding the Notices shall be available to the Patties and the Court upon request. It shall otherwise be confidential and shall not be disclosed to any third party. To the extent the database is provided to Class Counsel, it shall be kept confidential, not be shared with any third party and used only in implementing the terms of this Agreement, and shall not be used for any other purposes.

86.    The Settlement Administrator shall ensure that the information that it receives from TAP, Class Counsel, and/or Settlement Class Members is secured and managed to protect the security and confidentiality of the information, consistent with applicable law. Except as specifically provided in this Agreement, the Settlement Administrator shall not disclose or disseminate any information that it receives from TAP, Class Counsel, and/or the Settlement Class Members without the Parties' prior written consent or by the Court's order.

87.    **Settlement Website.** No later than 45 days after entry of the Preliminary Approval Order, the Settlement Administrator shall establish and make live the Settlement Website, which shall be an Internet website concerning the Settlement using an easily recognized domain name, which URL the Parties will agree upon in writing. The Settlement Administrator shall maintain the Settlement Website until 45 days after either (1) the Effective Date, or (2) the date on which the Settlement is terminated or otherwise not approved by the Court. The domain name of the Settlement Website shall be included in all Notices. The Settlement Website shall provide, at a minimum: (i) information concerning deadlines for opting out of or objecting to the Settlement or for submitting a Claim Form, and the dates and locations of relevant Court proceedings, including the Final Approval Hearing; (ii) the toll-free phone number applicable to the Settlement; (iii) copies of the Settlement Agreement, the Notices, the Claim Form, Court orders regarding this

EXECUTION VERSION

Settlement, and other relevant Court documents which the Parties agree or the Court orders be posted, including the motion or Final Approval and Class Counsel's application for attorneys' fees and costs and a Service Award; and (iv) information concerning the procedure to submit Claim Forms, including the ability to submit Claim Forms electronically.

88.    **Toll-Free Telephone Number.** No later than 44 days after entry of the Preliminary Approval Order, the Settlement Administrator shall establish a toll-free telephone number and facility that will provide members of the Settlement Class with information and direct them to the Settlement Website. Before initial Notice being sent to members of the Settlement Class, TAP shall instruct its customer service representatives to direct Settlement-related questions to the Settlement Website address and the toll-free phone number that the Settlement Administrator will establish. TAP will maintain this procedure through the distribution of Settlement Benefits following the Effective Date of the Settlement. The toll-free telephone number shall be included on the Settlement Website and in the Notices. The telephone facility shall be capable of providing answers to frequently asked questions including general information concerning the deadline to submit a Claim Form, opting out of or objecting to the Settlement, and the dates and locations of relevant Court proceedings, including the Final Approval Hearing. The toll-free number shall be maintained by the Settlement Administrator while the Settlement Website is active.

89.    **Opt-Outs.** A member of the Settlement Class who wishes to opt-out of the Settlement must do so on or before the Opt-Out and Objection Deadline. To opt-out, a Settlement Class member must inform the Settlement Administrator in writing that he or she wishes to be excluded from the Settlement Class, sending that request by U.S. Mail, post-marked no later than the Opt-Out and Objection Deadline, or by private courier (e.g., Federal Express), shipped no later than the Opt-Out and Objection Deadline. The opt-out request must be personally signed by the

EXECUTION VERSION

member of the Settlement Class and contain the name, postal address, telephone number, a brief statement identifying membership in the Settlement Class, and a statement that indicates a desire to be excluded from the Settlement Class. A member of the Settlement Class may opt out on an individual and personal basis only; so-called "mass" or "class" opt-outs shall not be allowed.

    a.    Except for those members of the Settlement Class who timely and properly submit an opt-out request, all other members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive any Settlement Benefit.

    b.    Any member of the Settlement Class who properly opts-out of the Settlement Class shall not: (i) be bound by any orders or judgments entered in the Action or relating to the Settlement; (ii) be entitled to relief under, or be affected by, the Agreement; (iii) gain any rights by virtue of the Agreement; or (iv) be entitled to object to any aspect of the Settlement. Any statement or submission purporting or appearing to be both an objection and an opt-out shall be treated as a request for exclusion.

90.    **Objections.** Objections to the Settlement or to the application for attorneys' fees, costs, and/or the Service Award must be filed or mailed to the Clerk of the Court and mailed to the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted no later than the Opt-Out and Objection Deadline, as specified in the Notice. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date on or before the Opt-Out and Objection Deadline indicated on the envelope

EXECUTION VERSION

if mailed first class, postage prepaid and addressed in accordance with the instructions. If submitted by private courier (*e.g.*, Federal Express), an objection shall be deemed submitted on the shipping date reflected on the shipping label.

      a.    For an objection to be considered by the Court, the objection must also set forth:

          i.    the Settlement Class Member's printed name, address, email address (if any), and telephone number;

          ii.    whether the Settlement Class Member is represented by counsel and, if so, contact information for his or her counsel;

          iii.    evidence showing that the objector is a Settlement Class Member;

          iv.    whether the objection applies to that Settlement Class Member or to a specific subset of the Settlement Class, or to the entire Settlement Class, and state with specificity the grounds for the objection;

          v.    any other supporting papers, materials, or brief that the Settlement Class Member wishes the Court to consider when reviewing the objection;

          vi.    the actual written or electronic signature of the Settlement Class Member making the objection (the counsel's signature is not sufficient); and

          vii.    if that Settlement Class Member and/or his or her counsel intends to appear at the Final Approval Hearing, a statement notifying the Parties and the Court of that intention to appear (this may be filed separately).

EXECUTION VERSION

b.       Any Settlement Class Member who fails to file and timely serve a written objection as detailed in the Notice shall not be permitted to object to the approval of the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

c.       Any Settlement Class Member who fails to file and timely serve a notice of intention to appear (which may be included in the written objection) as detailed in the Notice shall not be permitted to appear at the Final Approval Hearing.

91.      The Settlement Administrator shall provide Class Counsel and TAP's Counsel with copies of all opt-out requests and objections to counsel for the Parties each week by email.

## IX.    CLAIM FORM SUBMISSION PROCESS AND CALCULATION AND PAYMENT OF SETTLEMENT BENEFITS

92.      Settlement Class Members will receive Settlement Benefits on a claims-made basis. TAP shall determine, based on its records, including in TAP's Customer Care or Refund Databases, the identities of members of the Settlement Class who submitted a timely request for a refund to TAP, which refund they did not receive and who had an Unused Credit or Partial Unused Credit as of August 1, 2024, to create a Class List for Notice. The Parties agree that a ticketholder who receives Notice of the Settlement based on the records provided by TAP for the Class List shall be eligible to submit a Claim Form requesting Settlement Benefits.

93.      To receive a Settlement Benefit, Settlement Class Members must submit Claim Forms by the Claims Deadline. In their Claim Forms, Settlement Class Members must attest that they are U.S. residents, and that the covered flight(s) identified in the Claim Form was canceled by TAP, that a cash refund was requested, that the refund was not received, and that they have not

EXECUTION VERSION

used any portion of any flight credit issued by TAP in connection with the canceled flight. The Claim Form shall be in the form attached as Exhibit C.

94.    Settlement Class Members who submit an Approved Claim will receive a cash refund plus 7% interest.

95.    A blank Claim Form shall also be available for members of the Settlement Class to fill in and submit themselves electronically or by mail. Use of the blank Claim Form must meet all of this Agreement's requirements for the Claim Submission Process.

96.    The Settlement Administrator shall make the final determination as to whether a Claim Form is timely and complete and should be approved consistent with the terms of this Agreement, utilizing, *inter alia*, information provided by TAP. With respect to any submitted claim, TAP shall have the right to demonstrate to the Settlement Administrator that a refund has in fact been paid and received, and Settlement Class Members shall have the right to rebut that evidence, and the Settlement Administrator shall determine whether to deny the Claim. The Settlement Administrator shall establish a reasonable procedure to determine whether any duplicate Claim Forms are submitted. In the event any Settlement Class Members submit duplicate Claim Forms, provided that at least one of those Claim Forms is timely submitted and completed within the requirements of this Agreement, then the Settlement Administrator shall approve the claim. Issues regarding the validity of Claim Forms that cannot be resolved by the Settlement Administrator shall be submitted to TAP's Counsel and Class Counsel for resolution and, if no resolution is reached, to the Court.

97.    The Settlement Administrator shall review and evaluate each Claim Form for timeliness and completeness. If the Settlement Administrator determines a timely Claim Form is incomplete, the Settlement Administrator will take reasonable and customary steps to notify the

EXECUTION VERSION

member of the Settlement Class one time of the deficiency by written email notification when possible or otherwise by mail to the postal address provided, requesting the additional information necessary to cure the deficiency. Notification of the deficiency shall occur within 30 days after the Claims Deadline or within 30 days of receipt of a timely postmarked response, whichever is later. To cure the deficiency, the Claim Form deficiency response must be submitted via the online claim portal on the Settlement Website or postmarked within 20 days after the date of the emailed or mailed deficiency notice, failing which the claim will be denied. If the member of the Settlement Class acts to cure the deficiency, and the Settlement Administrator thereafter determines that the Claim Form is complete, the Settlement Administrator shall accept the Claim Form. Claim Forms shall be reviewed and evaluated for deficiencies in the order in which they are received, to the extent practicable. Class Counsel and TAP's Counsel shall have the right to review the Claim Forms received by the Settlement Administrator at any time. The Settlement Administrator shall have the right to confer with Class Counsel and TAP's Counsel with respect to any Claim Form.

98.      **Fraudulent or Misleading Claims.** If the Settlement Administrator suspects fraud or misleading conduct with respect to any Claim Form, the Settlement Administrator will immediately bring the claim to the attention of Class Counsel and TAP's Counsel, who shall meet and confer with the Settlement Administrator concerning the claim, including whether the claim should be denied. Class Counsel and TAP's Counsel reserve the right to bring the claim to the Court's attention. Further, if TAP's Counsel suspects fraud or misleading conduct with respect to the submission of any Claim Form(s), it may bring the matter to the Settlement Administrator's attention, at which point the Settlement Administrator may take reasonable steps to investigate the potentially fraudulent or misleading conduct identified. TAP's Counsel reserves the right to bring any such issue to the attention of the Court and to seek an order for appropriate relief.

EXECUTION VERSION

99.     The calculation and implementation of the Settlement Benefits contemplated by this section shall be done by Class Counsel and TAP, with the assistance of the Settlement Administrator, to compensate Settlement Class Members whose Claim Forms are approved. The methodology provided for herein will be applied to the data as consistently, sensibly, and conscientiously, as reasonably possible, recognizing and taking into consideration the nature and completeness of the data and the purpose of the computations.

100.     No Settlement Class Member shall have any claim against TAP, TAP's Counsel, Class Representatives, Class Counsel, and/or the Settlement Administrator based on any determinations, distributions, or awards made with respect to any claim. For the avoidance of doubt, in no event shall Class Representatives, Class Counsel, TAP, or TAP's Counsel, have any liability for any claims of wrongful conduct (whether intentional, reckless, or negligent) on the part of the Settlement Administrator or its agents.

101.     As soon as practicable but no later than 15 days after the Effective Date, TAP shall send to the Settlement Administrator the funds necessary for the Settlement Administrator to pay the full amount of the Cash Settlement Payments to Settlement Class Members whose Approved Claims require such payments.

102.     As soon as practicable but no later than 60 days after the Effective Date, the Settlement Administrator shall pay the Cash Settlement Payments to all Settlement Class Members entitled to Ticket Cash and/or Interest Cash. Cash Settlement Payments will be made by electronic payment or check, with the request as to the form of payment being made when the Settlement Administrator sends each Settlement Class Member who elected Cash Settlement Payment(s) an email confirming the Effective Date of the Settlement has occurred and the dollar amount to be paid. The parties anticipate that the email will provide Settlement Class Members with more than

EXECUTION VERSION

one option for the receipt of an electronic payment. Settlement Class Members will be sent an email confirming the completion of an electronic payment. When requested, checks will be issued and mailed by the Settlement Administrator with an appropriate legend, in a form approved by Class Counsel and TAP's Counsel, to indicate that it is from the Settlement, and will be sent to the address submitted by tile Settlement Class Member when requesting a check form of payment following the Effective Date. Checks shall be valid for 180 days.

103.    In the event of any complications arising in connection with the issuance or cashing of a check, other than the Settlement Class Member's failure to timely deposit or cash the check, or if electronic payments cannot be delivered using the information supplied on the Claim Form, the Settlement Administrator shall proceed to resolve the dispute using its best practices and procedures to ensure that the funds are fairly and properly distributed to the Settlement Class Member entitled to the Cash Settlement Payments. In the event the Settlement Administrator is unable to resolve the dispute, it shall provide written notice to Class Counsel and TAP's Counsel. If an electronic payment cannot be completed to the Settlement Class Member, the Settlement Administrator shall issue a check for the Cash Settlement Payment using the address supplied by the Settlement Class Member and notify the Settlement Class Member via email that the check was mailed.

104.    For any returned checks, the Settlement Administrator shall make a reasonable effort to locate a current mailing address for the Settlement Class Members whose checks were returned. For any such check recipients for whom updated addresses are found, the Settlement Administrator shall make only one additional attempt to re-mail or re-issue a Cash Settlement Payment to the updated address. Notwithstanding the above, should a Settlement Class Member change his or her address or electronic payment information from that provided on the Claim Form

EXECUTION VERSION

after the date the Claim Form was submitted and before 60 days after the Effective Date without also updating his or her address with the Settlement Administrator, such Settlement Class Member may not receive payment.

105.    Any uncashed or undeliverable checks remaining 120 days after final issuance, and any electronic payments that are not successfully delivered, shall be paid to a *cy pres* recipient subject to agreement of the Parties and approval of the Court. The Parties shall each propose a *cy pres* recipient to receive 50% of the residual funds.

## X.    FINAL APPROVAL ORDER AND JUDGMENT

106.    Plaintiff's motion for Preliminary Approval of the Settlement will include a request to the Court for a scheduled Final Approval Hearing date. Pursuant to the schedule set by the Court in its Preliminary Approval Order and no later than 70 days before the original date set for the Final Approval Hearing, Class Counsel shall file a motion requesting that the Court grant Final Approval of the Settlement and for entry of the Final Approval Order and a final judgment. That motion will include Class Counsel's application for attorneys' fees and costs and for a Service Award for Class Representatives. At the Final Approval Hearing, the Court will hear argument on Plaintiff's motion for Final Approval of the Settlement, and on Class Counsel's application for attorneys' fees and costs and for the Service Award for Class Representatives. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to Class Counsel's application for attorneys' fees and costs and a Service Award, provided the objector(s) submitted timely objection(s) that meets all of the requirements listed in the Notice and requested to appear at the Final Approval Hearing. An objector's decision not to appear at the Final Approval Hearing does not mean that the Court will not consider the timely objection.

EXECUTION VERSION

107.    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order approving the Settlement and the final judgment thereon, and whether to approve Class Counsel's request for attorneys' fees, costs, and Service Award. Such proposed Final Approval Order shall, among other things:

      a.      determine that the Settlement is fair, adequate, and reasonable;

      b.      finally certify the Settlement Class for Settlement purposes only;

      c.      determine that the Notice Program satisfies due process requirements;

      d.      bar and enjoin the Settlement Class Members from asserting any of the Released Claims; bar and enjoin Settlement Class Members front pursuing any Released Claims against TAP or its affiliates at any time, including during any appeal from the Final Approval Order; bar and enjoin TAP from pursuing any of the claims TAP released against Settlement Class Members; and retain jurisdiction over the enforcement of the Court's injunctions;

      e.      release the Parties from the claims specified in Section XI of this Agreement; and

      f.      reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including TAP, Class Representatives, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## XI.    <u>RELEASES</u>

108.    As of the Effective Date, all Settlement Class Members and Class Representatives, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, and unconditionally release and discharge any and all Released Claims (including,

EXECUTION VERSION

without limitation, any Unknown Claims) against TAP and each and all of its current, former, and future affiliates, parents, subsidiaries, successors, and assigns, and each and all of its respective present or former representatives, officers, agents, directors, partners, principals, employees, insurers, successors, assigns, and attorneys, except for claims asserted by the Class Representatives to enforce the Settlement.

109.    As of the Effective Date, TAP and its representatives, officers, agents, directors, partners, affiliates, successors, subsidiaries, parents, employees, insurers, and attorneys hereby expressly, generally, absolutely, and unconditionally release and discharge Settlement Class Members, Class Representatives, and Class Counsel from any claims arising out of or relating in any way to the institution, prosecution, or settlement of the claims against TAP as set forth in the operative complaint, except for claims relating to the enforcement of the Settlement.

110.    Cal. Civ. Code § 1542 provides that "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, all Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by Cal. Civ. Code § 1542 or by any law of any state or territory of the United States, the District of Columbia, or principle of common law or otherwise, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542. Class Representative and Class Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims was specifically intended, separately bargained for, and a key element of the Agreement.

EXECUTION VERSION

111.    The Parties understand that if the facts on which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the releases contained herein, shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those stated in this Settlement Agreement.

112.    Each Settlement Class Member is barred and permanently enjoined from bringing on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Released Claims against TAP in any forum, action, or proceeding of any kind.

113.    The Parties agree that it is in the best interests of the Settlement Class Members that the above releases will be effective before Settlement Benefits are received because the releases are limited to the Released Claims, and payments will be automatic and made within 60 days of the Effective Date.

## XII.    PAYMENT OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARD

114.    Class Counsel will file an application for attorneys' fees and costs and a Service Award no later than 70 days before the date originally set for the Final Approval Hearing, which TAP has agreed to pay separately to Class Counsel. That application shall be posted on the Settlement Website.

115.    TAP's obligation to pay up to $800,000 for attorneys' fees and costs (separate and apart from Settlement Administration Costs), as approved by the Court, shall be payable separate and apart from the direct Settlement Benefits (*i.e.*, Cash Settlement Payments and Credit Settlement Payments) available to Settlement Class Members, thereby ensuring that the Settlement

EXECUTION VERSION

Class Members receive 100% of the direct Settlement Benefits they claim. The Parties agree that the Court's failure to approve, in whole or in part, any award for attorneys' fees or costs shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination or rescission of the Agreement.

116.    The procedure for and the allowance or disallowance by the Court of any application for attorneys' fees and costs is not a material term of the Settlement or Agreement and is not a condition of this Agreement that any particular application for attorneys' fees and costs be approved. If the Court approves an application for attorneys' fees and costs, Class Counsel shall provide W-9 Forms to the Settlement Administrator prior to such payment. Class Counsel shall thereafter distribute attorneys' fees and costs as they deem appropriate. Under no circumstances will TAP be liable to Class Counsel, or any other attorney or law firm, for, because of, relating to, concerning, or as a result of any payment. or allocation of attorneys' fees and costs made in accordance with this Agreement; and Class Counsel, and each of them, release TAP from any and all disputes or claims because of, relating to, concerning, or as a result of any payment or allocation of attorneys' fees and costs made pursuant to this Agreement.

117.    Plaintiff may seek a Service Award of up to $5,000 to be paid separately by TAP, subject to Court approval of the amount. Within 15 days of the Effective Date, TAP shall pay the Service Award to Class Counsel, for payment to the Class Representatives. The Service Award shall be paid to in addition to any Settlement Benefit to which the Class Representatives are entitled. The Parties agree that the Court's failure to approve a Service Award, in whole or in part, shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

118.    Any order or proceedings relating to the applications for attorneys' fees and costs and Service Award, or any appeal from any order relating thereto or reversal or modification

EXECUTION VERSION

thereof, will not terminate or cancel this Agreement, or affect or delay the finality of Judgment approving the Agreement and the Settlement.

119.    The Parties negotiated and reached agreement regarding attorneys' fees and costs and the Service Award only after reaching agreement on all other material terms of this Settlement.

## XIII.    TERMINATION OF SETTLEMENT

120.    This Settlement may be terminated by either Class Counsel or TAP by serving on counsel for the opposing Party and filing with the Court a written notice of termination within 15 days (or such longer time as may be agreed in writing between Class Counsel and TAP) after any of the following occurrences:

a.    Plaintiff and TAP agree to termination;

b.    the Court rejects, materially modifies, materially amends or changes, or declines to grant preliminarily or finally approve the Settlement;

c.    an appellate court vacates or reverses the Final Approval Order, and the Settlement is not reinstated and finally approved without material change by the Court on remand within 360 days after such reversal;

d.    any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement in a way that Class Counsel or TAP seeking to terminate the Settlement reasonably considers material. Notwithstanding anything to the contrary, the reasoning or authority relied upon by any court in entering the Preliminary Approval Order or Final Approval Order shall not be considered material for termination of the Settlement; or

e.    any other ground for termination provided for elsewhere in this Agreement.

EXECUTION VERSION

121.    If the Settlement does not receive final and non-appealable Court approval, TAP shall not be obligated to make any payments or provide any other monetary or non-monetary relief to Class Representatives or the Settlement Class Members, any attorneys' fees or costs to Class Counsel, or a Service Award to Class Representatives.

## XIV.    **EFFECT OF A TERMINATION**

122.    In the event of a termination, this Agreement shall be considered null and void; all of Class Representatives', Class Counsel's, and TAP's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

123.    In the event of termination, TAP shall have no right to seek reimbursement from Class Representatives, Class Counsel, or the Settlement Administrator, for Settlement Administration Costs paid by TAP.

124.    The Settlement shall become effective on the Effective Date unless earlier terminated in accordance with the provisions hereof.

125.    In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court. For avoidance of doubt, and notwithstanding any other terms in this Agreement, if this Agreement is terminated, neither the execution of this Agreement, the motion for approval, the terms of this Agreement, nor any related communication can be offered or admitted to assert that TAP is subject to personal jurisdiction in

EXECUTION VERSION

any court in New Jersey or the United States, or that venue in any court in New Jersey or the United States is proper.

## XV.   **NO ADMISSION OF LIABILITY**

126.    TAP denies any fault, wrongdoing, or liability to Plaintiff or the Settlement Class Members for monetary damages or oilier relief, but TAP believes that the proposed Settlement is desirable in order to avoid the further significant burden, expense, risk, and inconvenience of litigation, and the distraction and diversion of its personnel and resources.

127.    Class Counsel believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted significant informal and jurisdictional discovery, and conducted independent investigation of the challenged practices. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class members.

128.    The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

129.    Neither the Settlement, nor any act performed or document. executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Class Representatives or Settlement Class

EXECUTION VERSION

Members, or of any wrongdoing or liability of TAP; or (b) is or may be deemed to be, or may be

used as, an admission of, or evidence of, any fault or omission of TAP, in the Action or in any

proceeding in any court, administrative agency, or other tribunal.

130.    In addition to any other defenses TAP may have at law, in equity, or otherwise, this

Agreement may be pleaded as a full and complete defense to, and it may be used as the basis for

an injunction against, any action, suit or other proceeding that may be instituted, prosecuted, or

attempted in breach of this Agreement or the Releases contained herein ("Prohibited Action"). For

avoidance of doubt, TAP may raise this Settlement Agreement as a defense in any court where any

Prohibited Action has been commenced, including but not limited to through motion under Rule

12(b)(6) of the Federal Rules of Civil Procedure (or state equivalents).

## XVI.    **MISCELLANEOUS PROVISIONS**

131.    **Gender and Plurals.** As used in this Agreement, the masculine, feminine or neuter

gender, and the singular or plural number, shall each be deemed to include the others whenever

the context so indicates.

132.    **Binding Effect.** This Agreement shall be binding on, and inure to for the benefit

of, the successors and assigns of the releasing parties and the released parties as set forth in the

Releases herein.

133.    **Cooperation of Parties.** The Parties to this Agreement agree to cooperate in good

faith to prepare and execute all documents, to seek Court approval, uphold Court approval, and do

all things reasonably necessary to complete and effectuate the Settlement described in this

Agreement.

134.    **Obligation to Meet and Confer.** Before filing any motion in the Court raising a

dispute arising out of or related to this Agreement, the Parties shall consult with each other and

EXECUTION VERSION

certify to the Court that they have met and conferred in good faith to resolve the dispute, or that they sought to meet and confer but the other Party was unavailable or refused to do so.

135. **Integration.** This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject. matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

136. **No Conflict Intended.** Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

137. **Governing Law.** Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the State of New Jersey, without regard to the principles thereof regarding choice of law.

138. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any ink or electronic signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

139. **Jurisdiction.** The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction over the administration, consummation, and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the

EXECUTION VERSION

Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the Court's jurisdiction for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Settlement Class Members from asserting any of the Released Claims and from pursuing any Released Claims against TAP at any time, including during any appeal from the Final Approval Order and judgment.

140.    **Notices.** All notices to counsel provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

**Notice to Class Representatives' Counsel:**

CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.
James E. Cecchi
5 Becker Farm Road
Roseland, New Jersey 07068
Phone: (973) 994-1700
Fax: (973) 994-1744

GLANCY PRONGAY
& MURRAY LLP
Jonathan M. Rotter
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Phone: (310) 201-9150
Fax: (310) 432-1495

**Notice to Defendant's Counsel:**

STEPTOE LLP
Nathaniel J. Kritzer
1114 Avenue of the Americas
New York, New York 10036
Phone: (212) 378-7503
Fax: (212) 506-3950

EXECUTION VERSION

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, opt-out requests, or other filings received as a result of the Notice Program.

141.    **Modification and Amendment.** This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and TAP's Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

142.    **No Waiver.** The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

143.    **Authority.** Class Counsel (for Class Representatives and the Settlement Class Members), and TAP's Counsel (for TAP), represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Class Representatives and TAP to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

144.    **Agreement Mutually Prepared.** Neither Class Representatives nor TAP, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

145.    **Independent Investigation and Decision to Settle.** The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts

EXECUTION VERSION

in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. TAP has provided and is providing information that Class Representatives reasonably request to identify the members of the Settlement Class and the Settlement Benefits that they are entitled to claim. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

146.    **Receipt of Advice of Counsel.** Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

*Signature Page Follows*

EXECUTION VERSION

Dated: _____          _____
                                          JON TOWER
                                          *Plaintiff*

Dated: __2/11/25_____          _____
                                          Jonathan M. Rotter, Esq.
                                          GLANCY PRONGAY & MURRAY LLP
                                          *Class Counsel*

Dated: __2/11/25_____          _____
                                          James E. Cecchi, Esq.
                                          CARELLA, BYRNE, CECCHI,
                                          BRODY & AGNELLO, P.C.
                                          *Class Counsel*

Dated: __2/11/2025_____          *Carolina Mouraz*
                                          _____
                                          TRANSPORTES AEREOS PORTUGUESES,
                                          S.A. D/B/A TAP AIR PORTUGAL

                                          By: __Carolina Mouraz_____
                                          Its: __Head of Litigation and Legal Compliance Director

Dated: __2/11/2025_____          _____
                                          Nathaniel J. Kritzer, Esq.
                                          STEPTOE LLP
                                          *Counsel for Defendant*

EXECUTION VERSION

Dated: _2/11/2025_____     _Jon Tower_____
                                      JON TOWER
                                      *Plaintiff*


Dated: _____         _____
                                      Jonathan M. Rotter, Esq.
                                      GLANCY PRONGAY & MURRAY LLP
                                      *Class Counsel*


Dated: _____         _____
                                      James E. Cecchi, Esq.
                                      CARELLA, BYRNE, CECCHI,
                                      BRODY & AGNELLO, P.C.
                                      *Class Counsel*


Dated: _____         _____
                                      TRANSPORTES AEREOS PORTUGUESES,
                                      S.A. D/B/A TAP AIR PORTUGAL

                                      By: _____
                                      Its: _____


Dated: _____         _____
                                      Nathaniel J. Kritzer, Esq.
                                      STEPTOE LLP
                                      *Counsel for Defendant*

# EXHIBIT A

If you purchased an airline ticket from Transportes Aereos Portugueses, S.A *aka* "TAP" *aka* "TAP Air Portugal" between March 1, 2020 and December 31, 2021, you could get a payment from
a class action settlement.

*A federal court authorized this notice. It is not a solicitation from a lawyer.*

- A settlement has been reached with TAP Inc. and those of its affiliates and subsidiaries related to TAP's alleged cancellation of flights during the above timeframe without providing full refunds.

- TAP has agreed to settle the lawsuit and provide cash payments to customers who are eligible to participate in the settlement. Those included in the settlement may receive ***a full cash refund for eligible travel and an additional seven percent cash.***

- You are included in this settlement as a Settlement Class Member if you purchased airfare from TAP between March 1 2020 and December 31, 2021 and requested but did not receive a full refund for cancelled travel during that period.

- Your rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM DEADLINE: [DATE]** | This is the only way you can receive a cash payment from this settlement. If you submit a claim form, you will give up the right to sue TAP in a separate lawsuit about the legal claims this settlement resolves. |
| **ASK TO BE EXCLUDED DEADLINE: [DATE]** | This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against TAP related to the legal claims this settlement resolves. However, you will give up the right to get a cash payment from this settlement. |
| **OBJECT TO THE SETTLEMENT DEADLINE: [DATE]** | If you do not exclude yourself from the settlement, you may object to it by writing to the Court about why you don't like the settlement. If you object, you may also file a claim for a cash payment. |
| **GO TO A HEARING ON [DATE]** | You may object to the settlement and ask the Court for permission to speak at the final approval hearing about your objection. |
| **DO NOTHING** | You will not get a cash payment from this settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against TAP about the legal claims resolved by this settlement. |

- These rights and options – ***and the deadlines to exercise them*** – are explained in this notice.

**QUESTIONS? CALL 1-XXX-XXX-XXXX TOLL-FREE OR VISIT WWW.WEBSITE.COM.**

- The Court in charge of this case still has to decide whether to approve the settlement.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ....................................................................................................... PAGE 3
   1. Why was this notice issued?
   2. What is this lawsuit about?
   3. What is a class action?
   4. Why is there a settlement?

**WHO IS INCLUDED IN THE SETTLEMENT** .......................................................................... PAGE 3
   5. How do I know whether I am part of the settlement?
   6. Are there exceptions to being included?
   7. What if I am still not sure whether I am part of the settlement?

**THE SETTLEMENT BENEFITS – WHAT YOU GET IF YOU QUALIFY** ...................................... PAGE 4
   8. What does the settlement provide?
   9. How much will my cash payment be?

**HOW TO GET A CASH PAYMENT– SUBMITTING A CLAIM FORM** ...................................... PAGE 4
   10. How do I get a cash payment from the settlement?
   11. When would I get my cash payment?
   12. What rights am I giving up to get a cash payment and stay in the Settlement Class?
   13. What are the Released Claims?

**THE LAWYERS REPRESENTING YOU** .................................................................................. PAGE 5
   14. Do I have a lawyer in this case?
   15. How will the lawyers be paid?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ............................................................. PAGE 5
   16. How do I get out of the settlement?
   17. If I exclude myself, can I still get a cash payment from this settlement?
   18. If I do not exclude myself, can I sue TAP for the same legal claims later?

**OBJECTING TO THE SETTLEMENT** ................................................................................... PAGE 6
   19. How do I tell the Court that I do not like the settlement?
   20. May I come to Court to speak about my objection?
   21. What is the difference between objecting to the settlement and asking to be excluded from it?

**THE COURT'S FINAL APPROVAL HEARING** ....................................................................... PAGE 6
   22. When and where will the Court decide whether to approve the settlement?
   23. Do I have to come to the hearing?
   24. May I speak at the hearing?

**IF YOU DO NOTHING** ...................................................................................................... PAGE 7
   25. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ...................................................................................... PAGE 7
   26. How do I get more information?

**BASIC INFORMATION**

| 1. Why was this notice issued? |
| --- |

A Court authorized this notice because you have a right to know about the proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to grant final approval to the settlement. This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, and who can get them.

Magistrate Judge Stacy D. Adams of the United States District Court for the District of New Jersey is overseeing the settlement and matters related to settlement in this class action. The case is known as *Tower v. Transportes Aereos Portugueses,* S.A., Case No. 2:22-cv-6746-JKS-ESK (D.N.J.) ("Tower v. TAP" or the "Action"). The person who filed this lawsuit is called the "Plaintiff" and the company he sued, TAP, is called the "Defendant."

**Commented [A1]:** Make font consistent. Rotates between Times New Roman and Century Schoolbook

| 2. What is this lawsuit about? |
| --- |

This lawsuit is about whether TAP Air Portugal ("TAP") violated contractual and legal obligations by failing to refund customers for flights it canceled during the COVID-19 pandemic. Plaintiffs allege that TAP withheld funds unlawfully, causing financial harm to customers. TAP denies all allegations of wrongdoing. A settlement has been proposed to resolve this matter without further litigation. The Court has not decided in favor of either party.

| 3. What is a class action? |
| --- |

In a class action, one or more people called "Class Representatives" (in this case, Tower) sues on behalf of other people with similar claims. Together, the people included in the class action are called a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| 4. Why is there a settlement? |
| --- |

The Court did not decide in favor of the Class Representatives or TAP. Instead, both parties agreed to a settlement. This way, they avoid the cost and burden of a trial and the people affected can get benefits. The Class Representatives and their attorneys think the settlement is best for all Class Members.

**WHO IS INCLUDED IN THE SETTLEMENT**

| 5. How do I know whether I am part of the settlement? |
| --- |

The settlement includes all individuals who purchased airline tickets from TAP Air Portugal between January 1, 2020, and December 31, 2021, whose flights were canceled by TAP, and who did not receive a refund.

| 6. Are there exceptions to being included? |
| --- |

Yes. The settlement does not include: (a) the directors, officers, employees, and attorneys of TAP and its subsidiaries or any other entity in which TAP has a controlling interest; (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with the procedures approved by the Court.

| 7. What if I am still not sure whether I am part of the settlement? |
| --- |

If you are not sure whether you are included, call 1-XXX-XXX-XXXX, go to www.website.com, or write to one of the lawyers listed in Question 14 below.

## THE SETTLEMENT BENEFITS – WHAT YOU GET IF YOU QUALIFY

### 8. What does the settlement provide?

TAP has agreed to (a) provide cash payments to Settlement Class Members who submit valid claim forms; (b) cover notice and claims administration costs and; (c) pay for Class Counsel's attorney's fees, as further described below.

### 9. How much will my cash payment be?

TAP has agreed to make full refunds plus seven percent additional compensation. For example, if you incurred $1,000 in ticket purchases for travel on TAP during the Class Period and have requested but not received a refund, you would receive $1,070 (i.e., a full refund plus seven percent).

## HOW TO GET A CASH PAYMENT– SUBMITTING A CLAIM FORM

### 10. How do I get a cash payment from the settlement?

You must complete and submit a claim form by **[DATE]**.  Claim forms may be submitted online at www.website.com or printed from the website and submitted to the settlement administrator.  Claim forms are also available by sending an email to info@website.com, calling 1-XXX-XXX-XXXX, or by writing to the settlement administrator at: *Tower v. TAP Inc.* Settlement Administrator, [address].  Proof of purchase is required, or you must certify on your claim form that you made a qualifying purchase.  All claims are subject to review and verification by the settlement administrator.

Further, TAP may object to any Claim Form by providing proof that a refund payment was made to that Settlement Class Member.  Upon submission of such proof of payment, a Settlement Class Member may provide proof to the claims administrator that the refund payment was not received, credited, or deposited (for example, through a change of address form, supplemental declaration, credit card cancellation notice, or a monthly statement from their bank). If the Settlement Class Member certifies that no payment was received, provides proof over any objection from TAP, and if the submitted claim is otherwise timely and compliant, such claim shall be deemed valid.

### 11. When would I receive my refund?

The Court will hold a hearing on **[DATE]** to decide whether to grant final approval of the settlement.  If the Court approves the settlement, there may be appeals.  It is always uncertain whether appeals will be filed and if so, how long it will take to resolve them.  Settlement payments will be distributed as soon as possible, only if, and when, the Court grants final approval to the settlement and after any appeals are resolved or the time to file an appeal (after final approval) has passed.

### 12. What rights am I giving up to get a cash payment and stay in the Settlement Class?

Unless you exclude yourself, you are staying in the Settlement Class.  If the settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you.  You won't be able to sue, continue to sue, or be part of any other lawsuit against TAP or the Released Persons (*see* Question 13) about the legal issues resolved by this settlement.  The rights you are giving up are called "Released Claims."

### 13. What are the Released Claims?

If, and when, the settlement becomes final, Settlement Class Members will permanently release TAP and each and all of its current, former, and future affiliates, parents, subsidiaries, successors, and assigns, and each and all of its respective present or former representatives, officers, agents, directors, partners, principals, employees, insurers, successors, assigns, and attorneys, except for claims asserted by the Class Representatives to enforce the Settlement. More detail about the claims you will be releasing are described in ¶¶ 110 - 115 of the Settlement Agreement, available at www.website.com.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

- 4 -

Yes. Judge Adams appointed Glancy Prongay & Murray, LLP and Carella Byrne Cecchi, Brody & Agnello, P.C to represent you and other Settlement Class Members as "Class Counsel." These law firms are experienced in handling similar cases. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**15. How will the lawyers be paid?**

Class Counsel will ask the Court for an award of attorneys' fees and expenses of up to $800,000. They will also ask the Court to approve $5,000 incentive awards for each of the two Class Representatives. The Court may award less than these amounts. Any amounts awarded by the Court will be paid by TAP separately and will not affect the amount available for cash payments to Settlement Class Members.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue TAP related to the legal claims in this case, and/or you do not want to receive a cash payment from this settlement, you must take steps to get out of the Settlement Class. This is called excluding yourself from or opting out of the settlement.

**16. How do I get out of the settlement?**

To exclude yourself from the Settlement Class, you must submit a written request for exclusion. Your request for exclusion must include: (1) your name; (2) your address; (3) a statement that you are a Settlement Class Member and wish to be excluded from *Tower v. Transportes Aereos Portugueses, S.A. d/b/a TAP Air Portugal,* Civil Action No. 2:22-cv-6746-JKS-SDA (D.N.J.); and (4) your signature. Your request for exclusion must be mailed to the settlement administrator at the address below so it is **postmarked** no later than **[DATE]**:

*Tower v. TAP.* Settlement Administrator
[Address]
[City], [ST] [ZIP]

**17. If I exclude myself, can I still get a cash payment from this settlement?**

No. If you exclude yourself, you are telling the Court that you don't want to be part of the settlement. You can only get a cash payment if you stay in the settlement and submit a valid Claim Form.

**18. If I do not exclude myself, can I sue TAP for the same legal claims later?**

No. Unless you exclude yourself, you are giving up the right to sue TAP and the Released Persons for the claims that this settlement resolves. You must exclude yourself from *this* lawsuit to start or continue with your own lawsuit or be part of any other lawsuit against TAP or any of the Released Persons.

### OBJECTING TO THE SETTLEMENT

You can tell the Court if you don't agree with the settlement or any part of it.

**19. How do I tell the Court that I do not like the settlement?**

If you are a Settlement Class Member, you can object to the settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. Your objection must be in writing and include: (1) a signature by the Settlement Class Member (or his or her attorney, if individually represented); (2) a caption or title that identifies it as "Objection to Class Settlement in *Tower v. Transportes Aereos Portugueses, S.A. d/b/a TAP Air Portugal,* Civil Action No. 2:22-cv-6746-JKS-SDA (D.N.J.)"; (3) information sufficient to identify and contact the objecting Settlement Class Member (or his or her individually hired attorney, if any); (4) a clear and concise statement of the Settlement Class Member's objection; (5) the date(s), time(s), and location(s) that the objector purchased a ticket on TAP and did not receive a refund; (6) the date(s), time(s), and location that the objector sought a refund from TAP; (7) the facts supporting the objection – a specific statement of the legal grounds on which the objection is based, including whether it applies only to the objector, to a specific subset of the class, or to the entire class; (8) the number of times in which the objector and/or his or her counsel has objected to a class action settlement within the five years preceding the date

that the objector files the objection, the caption of each case in which the objector and/or his or her counsel has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case; (9) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel or the firm's prior such objections that were issued by the trial and appellate courts in each listed case; (10) any and all agreements that relate to the objection or the process of objecting – whether written or verbal – between objector or objector's counsel and any other person or entity; (11) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and (12) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing. Mail your objection to all three addresses below **postmarked** on or before **[DATE]**.

| The Court | Class Counsel | Counsel for Defendant TAP |
|---|---|---|
| United States District Court<br>District of New Jersey<br>Martin Luther King Building<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102<br>973-645-3730 | Jonathan M. Rotter<br>Raymond D. Sulentic<br>Glancy Prongay & Murray LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, California 90067<br><br>James E. Cecchi<br>Donald Ecklund<br>Carella Byrne Cecchi, Brody &<br>Agnello, P.C.<br>5 Becker Farm Road<br>Roseland, New Jersey 07068 | James L. Brochin<br>Nathaniel J. Kritzer<br>STEPTOE LLP<br>1114 Avenue of the Americas<br>New York, New York 10036<br>Email: jbrochin@steptoe.com |

### 20. May I come to Court to speak about my objection?

Yes.  You or your attorney may speak at the final approval hearing about your objection.  To do so, you must include a statement in your objection indicating that you or your attorney intends to appear at the final approval hearing.  Remember, your objection must be **postmarked** by **[DATE]** and sent to all three addresses in Question 19.

### 21. What is the difference between objecting to the settlement and asking to be excluded from it?

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you remain a Settlement Class Member (that is, do not exclude yourself).  Excluding yourself is telling the Court that you don't want to be part of the settlement.  If you exclude yourself, you can't object because the settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you don't have to.

### 22. When and where will the Court decide whether to approve the settlement?

The Court will hold a final approval hearing at **__:__** a.m. on **[DATE]** at the Martin Luther King Building & U.S. Courthouse 50 Walnut Street Newark, NJ 07102.  At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  It will also consider whether to approve Class Counsel's request for an award of attorneys' fees and expenses, as well as the Class Representatives' incentive awards.  If there are objections, the Court will consider them.  Judge Adams will listen to people who have asked to speak at the hearing (*see* Question 20 above).  After the hearing, the Court will decide whether to approve the settlement.

**23. Do I have to come to the hearing?**

No.  Class Counsel will answer any questions Judge Adams may have.  However, you are welcome to come to the hearing at your own expense.  If you send an objection, you do not have to come to court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.

**24. May I speak at the hearing?**

Yes.  You may ask the Court for permission to speak at the hearing by including a statement in your objection indicating that you intend to appear at the final approval hearing (*see* Question 20 above).  You cannot speak at the hearing if you exclude yourself from the Settlement Class.

### IF YOU DO NOTHING

**25. What happens if I do nothing at all?**

If you are Settlement Class Member and you do nothing, you will give up the rights explained in Question 13, including your right to start a lawsuit, continue with a lawsuit, or be part of any *other* lawsuit against TAP and the Released Persons about the legal issues resolved by this settlement.  In addition, you will not receive a cash payment because you must, at a minimum, submit a valid claim form to potentially qualify for a cash payment.

### GETTING MORE INFORMATION

**26. How do I get more information?**

This notice summarizes the proposed settlement.  Complete details are provided in the settlement agreement. The settlement agreement, claim form, and other related documents are available at www.website.com.  Additional information is also available by calling 1-XXX-XXX-XXXX or by writing to *Tower v. TAP* Settlement Administrator, [address].  Publicly-filed documents can also be obtained by visiting the Martin Luther King Building & U.S. Courthouse during business hours or accessing the Court's online docket via PACER.

# EXHIBIT B

Legal Notice

**If you purchased an airline ticket from Transportes Aereos Portugueses, S.A aka "TAP" aka "TAP Air Portugal" between March 1, 2020 and December 31, 2021 and your flight was canceled, you might be eligible to get a payment from a class action settlement.**

*A federal court authorized this notice. This is <u>not</u> junk mail, an advertisement, or a solicitation from a lawyer.*

**1-XXX-XXX-XXXX
www.website.com**

Settlement Administrator
P.O. Box 123
City, ST 12345-6789

BARCODE

John Doe
123 Any Street
City, ST 11111-1111

A settlement has been reached with TAP Inc. and those related entities and subsidiaries related to TAP's alleged cancellation of flights during the above timeframe without providing full refunds.

Plaintiffs allege that TAP failed to provide full refunds for flights it cancelled during the above time frame. TAP denies the allegations made in the lawsuit and denies that anyone was harmed due to anything TAP did. The Court has not decided who is right. Instead, the parties agreed to a settlement.

**Who is included?** You received this notice because TAP's records indicate you may be included in the settlement. You are a "Settlement Class Member" if you, between March 1, 2020 and December 31, 2021, purchased airfare from TAP, TAP cancelled your flight, and did not provide a full refund after you asked for one.

**What can you get?** TAP has agreed to (1) pay a full cash refund plus seven percent (7%) to Settlement Class Members who submit a valid Claim Form and whose claims are found to be valid and (2) to cover notice and claims administration costs and payments.

**How much will my cash payment or voucher be?** It will be for 100% of your ticket price, plus seven percent (7%). That is, if your ticket price was, hypothetically, $1,000, you would receive a cash payment for $1,070.

**Your options.** To be eligible to receive a cash payment, you must submit a valid Claim Form by [DATE]. Claim Forms may be submitted online or by mail. If you do not want to receive a cash payment and do not want to be legally bound by this settlement, you must exclude yourself by [DATE]. Unless you exclude yourself, you will not be able to sue TAP for any claim that was or could have been asserted in this lawsuit or is released by the Settlement Agreement. If you stay in the settlement (do not exclude yourself), you may object and notify the Court that you or your lawyer intend to appear at the Court's Final Approval Hearing. Objections are due [DATE]. For more information, including the Claim Form, full Notice, and Settlement Agreement, go to www.website.com.

**The Final Approval Hearing.** The Court will hold a hearing in this case on [DATE] at __:__ _.m. in the Martin Luther King Building & U.S. Courthouse 50 Walnut Street Newark, NJ 07102. At the hearing, the Court will consider whether to approve the settlement, attorneys' fees, costs, and expenses, and an incentive award for each of the two Class Representatives. You or your own lawyer may appear at the hearing at your own expense.

# EXHIBIT C

To:
From:  Settlement Administrator <donotreply@website.com>
Subject:  Legal Notice: TAP Air Portugal Class Action Settlement

## If you purchased an airline ticket from Transportes Aereos Portugueses, S.A aka "TAP" aka "TAP Air Portugal" between March 1, 2020 and December 31, 2021, you could get a payment from a class action settlement.

*A federal court authorized this notice.  This is <u>not</u> junk mail, an advertisement, or a solicitation from a lawyer.*

A settlement has been reached with TAP Inc. and those of its affiliates and subsidiaries related to TAP's alleged cancellation of flights during the above timeframe without providing full refunds.

Plaintiffs allege that TAP failed to provide full refunds for flights it cancelled during the above time frame.  TAP denies the allegations made in the lawsuit and denies that anyone was harmed due to anything TAP did.  The Court has not decided who is right.  Instead, the parties agreed to a settlement.

**Who is included?**  You received this notice because TAP's records indicate you may be included in the settlement.  You are a "Settlement Class Member" if you, between March 1, 2020 and December 31, 2021, purchased airfare from TAP, TAP cancelled your flight, and did not receive a full refund after you asked for one.

**What can you get?**  TAP has agreed to (1) pay a full cash refund plus seven percent (7%) to Settlement Class Members who submit a valid Claim Form and whose claims are determined to be valid and (2) to cover notice and claims administration costs and payments. Further details regarding the claims submission and verification process are available on www.website.com.

**How much will my cash payment be?**  If your claim is determined to be valid, you will receive 100% of your ticket price, plus seven percent (7%). That is, if your ticket price was, hypothetically, $1,000, you would receive a cash payment of $1,070.

**Your options.**  To be eligible to receive a cash payment, you must submit a valid <u>Claim Form</u> by **[DATE]**.  Claim Forms may be submitted online or by mail.  If you do not want to receive a cash payment and do not want to be legally bound by this settlement, you must exclude yourself by **[DATE]**.  Unless you exclude yourself, you will not be able to sue TAP for any claim that was or could have been asserted in this lawsuit or is released by the Settlement Agreement.  If you stay in the settlement (do not exclude yourself), you may object and notify the Court that you or your lawyer intend to appear at the Court's Final Approval Hearing.  Objections are due **[DATE]**.  For more information, including the Claim Form, full Notice, and Settlement Agreement, go to www.website.com.

**The Final Approval Hearing.**    The Court will hold a hearing in this case (*Tower v. TRANSPORTES AEREOS PORTUGUESES, S.A. D/B/A TAP AIR PORTUGAL*, No. 2:22-cv-6746) on **[DATE]** at __:__ _.m. in the Martin Luther King Building & U.S. Courthouse 50 Walnut Street Newark, NJ 07102.  At the hearing, the Court will consider whether to approve the settlement, attorneys' fees, costs, and expenses, and an incentive award for each of the two Class Representatives.  You or your own lawyer may appear at the hearing at your own expense.

For more information, go to www.website.com or call 1-XXX-XXX-XXXX.

This message was intended for: [recipient email address]
You were added to the system [date added].
For more information, click here.  Update your preferences
Unsubscribe | Unsubscribe via email

# EXHIBIT D

**TO RECEIVE A PAYMENT FROM THE SETTLEMENT FUND, YOU MUST COMPLETE A CLAIM FORM AND SUBMIT IT BY [xx-xx-2025].**

## STEP 1 – DIRECTIONS

Fill out the boxes with the information requested below. Please print legibly. You must provide documentation showing your ticket purchase(s) and date(s) of flight(s) for all claimed TAP-canceled flight travel for which you did not receive a full refund. You must sign the certification. Settlement amounts, if any, will be paid only to the person listed below.

## STEP 2 – CLAIMANT INFORMATION

First Name                                          MI          Last Name

Current Mailing Address

City                                                                    State          ZIP Code

Email Address Provided in Booking Process (**REQUIRED**)

Current Email Address (if different from above) (**REQUIRED**)

Telephone number

**Total No. of Tickets Purchased (REQUIRED):**

**Total Cost of Purchased Tickets (REQUIRED):** $

| Ticket No. | Flight Date | Date of Refund Request & Means (Phone, Email, or Online Form) | Remaining Credit |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

*If you are claiming more tickets than those listed above, on a separate sheet of paper please list all additional ticket numbers and provide the associated dates of flights.*

*If you have a confirmation email from TAP verifying the submission of a refund request, please upload or attach it with this form.*

## STEP 3 – CERTIFICATION

By submitting this Claim Form, I hereby certify that:

I am the person listed above and I purchased one or more tickets for TAP Air Portugal flights scheduled to depart between March 1, 2020, and December 31, 2021, and the flight(s) was (were) canceled by TAP Air Portugal. I requested a refund and I did not receive a refund as of the date of this submission.

*I certify that the above statement is true and correct, and I believe I am a Settlement Class Member entitled to the relief requested by submitting this Claim Form and supporting documentation. By signing below, I give permission to the Settlement Administrator and TAP Air Portugal to review and research my claimed ticket information. I understand that I may be contacted by the Settlement Administrator to provide additional information as necessary to process any payment under the Settlement. I am a US citizen.*

Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Date: [ ][ ] – [ ][ ] – [ ][ ][ ][ ]
      MM    DD      YYYY

Signature

Print Name

## METHOD OF SUBMISSION

You must submit your completed and signed Claim Form and supporting documentation via U.S. Mail to the Settlement Administrator at the below address:

    Tower v. TAP Air Portugal, Settlement Administrator
    P.O. Box xxxx
    [City], [State], [Zip]

**Your submission must be postmarked no later than [month], [day], 2025.**

Questions? Visit **XXXXXXX.com** or call
**1-xxx-xxx-xxxx.**