James E. Cecchi, Esq.
Donald A. Ecklund, Esq.
Jordan M. Steele, Esq.
**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
jcecchi@carellabyrne.com
decklund@carellabyrne.com
jsteele@carellabyrne.com

Jonathan M. Rotter (*pro hac vice*)
Raymond D. Sulentic (*pro hac vice*)
**GLANCY PRONGAY &**
**MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JON TOWER, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TRANSPORTES AEREOS PORTUGUESES, S.A. d/b/a TAP AIR PORTUGAL, <br><br> Defendant. | Case No. 2:22-cv-6746-JKS-SDA |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

# TABLE OF CONTENTS

**Section**                                                                          **Page**

TABLE OF AUTHORITIES.................................................................................iv

I.      INTRODUCTION ..........................................................................................1

II.     THE SETTLEMENT WARRANTS FINAL APPROVAL. .......................4

        1.  The Rule 23(e)(2) Factors Are Satisfied. .............................................7

            a.  Rule 23(e)(2)(A) – Settlement Class Representatives and
                Settlement Class Counsel Adequately Represented the Class....7

            b.  Rule 23(e)(2)(B)—The Settlement Resulted from Arm's-Length
                Negotiations. .....................................................................................8

            c.  Rule 23(e)(2)(C)(i) – The Relief Provided to the Settlement Class
                is Fair, Reasonable and Adequate...................................................9

                i.  The *Girsh* Factors Support Final Approval............................10

                    a)  Continued litigation would be long, complex, and
                        expensive. ...............................................................................10

                    b)  The reaction of the Class to the Settlement ........................11

                    c)  The stage of the proceedings and the amount of discovery
                        completed support the Settlement ......................................12

                    d)  The risks of establishing liability and damages ...............13

i

e) The risks of maintaining the class action through trial and appeal ...................................................................................15

f) The Defendant's ability to withstand a greater judgment ...........................................................................................17

g) The Settlement amount is within the range of reasonableness in light of the best possible recovery and attendant risks of litigation..................................................18

ii. The *Prudential* Factors Support Final Approval ....................19

2. Rule 23(e)(2)(C)(ii) – Effectiveness of the "Proposed Method of Distributing Relief" and "the Method of Processing Class-Member Claims" ...................................................................................21

3. Rule 23(e)(2)(C)(iii) – The Terms and Timing of any Proposed Attorneys' Fee Award...........................................................21

4. Rule 23(e)(2)(C)(iv) – Any Agreement Required to be Identified Under Rule 23(e)(3) ................................................................22

5. Rule 23(e)(2)(D) – The Settlement Treats Class Members Equitably to Each Other..........................................................................22

III.   THE COURT SHOULD CERTIFY THE PROPOSED CLASS ..............23

A.   The Rule 23(a) Requirements are Satisfied. ............................................24

1. Rule 23(a)(1): Numerosity is Satisfied. ...............................................24

2. Rule 23(a)(2): Commonality is Satisfied. ............................................25

3. Rule 23(a)(3): Typicality is Satisfied....................................................26

4.  Rule 23(a)(4): Adequacy is Satisfied. ...................................................27

5.  The Proposed Class is Ascertainable. ...................................................28

B.  As Required by Rule 23(b)(3), Common Issues Predominate and Class Adjudication is Superior to Individualized Litigation. ..............29

C.  Proposed Class Counsel Satisfy Rule 23(g). ...........................................31

CONCLUSION ...................................................................................................32

## TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE**

*Alvarez v. BI Inc.,*
    No. CV 16-2705, 2020 WL 1694294 (E.D. Pa. Apr. 6, 2020) ........................23

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)...........................................................................16, 24, 30, 31

*In re Auto. Refinishing Paint Antitrust Litig.,*
    617 F. Supp. 2d 336 (E.D. Pa. 2007) ..................................................................13

*In re Baby Prods. Antitrust Litig.,*
    708 F.3d 163 (3d Cir. 2013) ...........................................................................5, 7

*Beneli v. BCA Fin. Servs., Inc.,*
    324 F.R.D. 89 (D.N.J. 2018) ...............................................................................13

*Bredbenner v. Liberty Travel, Inc.,*
    2011 WL 1344745 (D.N.J. Apr. 8, 2011) ..........................................................11

*Byrd v. Aaron's Inc.,*
    784 F.3d 154 (3d Cir. 2015) ...............................................................................29

*Castro v. Sanofi Pasteur Inc.,*
    2017 WL 4776626 (D.N.J. Oct. 23, 2017) ........................................................19

*In re Cendant Corp. Sec. Litig.,*
    264 F.3d 201 (3d Cir. 2001) ................................................................11, 14, 17

*In re Certainteed Corp. Roofing Shingle Prods. Liab. Litig.,*
    269 F.R.D. 468 (E.D. Pa. 2010)..........................................................................17

*City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc.,*
    867 F.3d 434 (3d Cir. 2017) ...............................................................................29

*Dewey v. VW of Am.*,
   728 F. Supp. 2d 546 ........................................................................15

*Fisher Bros. v. Phelps Dodge Indus., Inc.*,
   604 F. Supp. 446 (E.D. Pa. 1985) .....................................................19

*Girsh v. Jepson*,
   521 F.2d 153 (3d Cir. 1975)........................................................*passim*

*Hall v. Accolade, Inc.*,
   2019 WL 3996621 (E.D. Pa. Aug. 23, 2019) ...................................10

*Henderson v. Volvo Cars of N. Am., LLC*,
   2013 WL 1192479 ............................................................................17

*In re Humanigen, Inc. Sec. Litig.*,
   2024 WL 4182634 (D.N.J. Sept. 13, 2024).......................................7

*In re Ins. Brokerage Antitrust Litig.*,
   282 F.R.D. 92 (D.N.J. 2012) ............................................................23

*In re Johnson & Johnson Derivative Litig.*,
   900 F. Supp. 2d 467 (D.N.J. 2012) ..................................................17

*Johnston v. HBO Film Mgmt.*,
   265 F.3d 178 (3d Cir. 2001) ............................................................26

*Martinez-Santiago v. Public Storage*,
   312 FRD 380 (D.N.J. 2015) .............................................................24

*In re Merck & Co., Inc. Vytorin ERISA Litig.*,
   2010 WL 547613 ..............................................................................16

*In re Merck & Co., Vytorin/Zetia Sec. Litig.*,
   2012 WL 4482041 (D.N.J., Sept. 25, 2012)....................................27

*In re NASDAQ Mkt.-Makers Antitrust Litig.*,
   187 F.R.D. 465 (S.D.N.Y. 1998)........................................................9

*In re Nat'l Football League Players Concussion Inj. Litig.,*
821 F.3d 410 (3d Cir. 2016) ........................................................13, 27

*O'Brien v. Brain Research Labs, LLC,*
2012 WL 3242365 (D.N.J. Aug. 9, 2012) ........................................16

*Ortho-Clinical Diagnostics, Inc. v. Fulcrum Clinical Lab'ys, Inc.,*
2023 WL 3983877 (D.N.J. June 13, 2023) ........................................4

*In re PAR Pharm. Sec. Litig.,*
2013 WL 3930091 (D.N.J. July 29, 2013) ........................................18

*In re Pet Food Prods. Liab. Litig.,*
629 F.3d 333 (3d Cir. 2010) ........................................................4, 6

*In re Processed Egg Prod. Antitrust Litig.,*
284 F.R.D. 249 (E.D. Pa. 2012) ....................................................12

*Reap v. Cont'l Cas. Co.,*
199 F.R.D. 536 (D.N.J. 2001) ......................................................30

*In re Rent-Way Sec. Litig.,*
305 F. Supp. 2d 491 (W.D. Pa. 2003) ............................................15

*In re Schering-Plough Corp. ERISA Litig.,*
589 F.3d 585 (3d Cir. 2009) ........................................................26, 27

*In re Schering-Plough Corp. Sec. Litig.,*
2009 WL 5218066 (D.N.J. Dec. 31, 2009) ......................................17

*Sheinberg v. Sorensen,*
606 F.3d 130 (3d Cir. 2010) ........................................................28, 31

*Shelton v. Bledsoe,*
775 F.3d 554 (3d Cir. 2015) ........................................................28

*Smith v. Professional Billing & Mgmt. Servs., Inc.,*
2007 WL 4191749 (D.N.J. Nov. 21, 2007) ......................................23

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
  559 U.S. 662 (2010) ..................................................................................30

*Sullivan v. DB Invs., Inc.*,
  667 F.3d 273 (3d Cir. 2011) ..................................................3, 16, 25

*In re Valeant Pharm. Int'l Sec. Litig.*,
  2020 WL 3166456 (D.N.J. June 15, 2020) ......................................6

*Varacallo v. Mass Mut. Life Ins. Co.*,
  226 F.R.D. 207 (D.N.J. 2005) ...........................................................9

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011)...............................................................25, 26

*In re Warfarin Sodium Antitrust Litig.*,
  212 F.R.D. 231 (D. Del. 2002), *aff'd*, 391 F.3d 516 (3d Cir. 2004)..........*passim*

*Weiss v. Mercedes-Benz of N.A., Inc.*,
  899 F. Supp. 1297 (D.N.J. 1995), *aff'd*, 66 F.3d 314 (3d Cir. 1995) .............................................................................................16

*Weissman v. Philip C. Gutworth, P.A.*,
  2015 WL 333465 (D.N.J. Jan. 23, 2015)........................................23

*In re Wellbutrin XL Antitrust Litig.*,
  282 F.R.D. 126 (E.D. Pa. 2011)........................................................25

*In re Wilmington Tr. Sec. Litig.*,
  2018 WL 6046452 (D. Del. Nov. 19, 2018) ....................................12

*Wragg v. Ortiz*,
  2020 WL 2745247 (D.N.J. May 27, 2020) ......................................24

## Other Authorities

Rule 23......................................................................................*passim*

Rule 23(a)................................................................................*passim*

Rule 23(b) ................................................................................24. 29. 30

Rule 23(e) ....................................................................................*passim*

Rule 23(g) ...............................................................................28, 31, 32

Plaintiff, on behalf of himself and other members of the proposed Settlement Class, by and through his counsel, respectfully moves the Court for an order: (i) granting final approval of the Class Settlement ("Settlement") set forth in the Settlement Agreement (the "SA"); (ii) certifying Plaintiff Jon Tower and Bianca Vazquez ("Class Representatives") as Settlement Class Representatives and the law firms of Carella, Byrne, Cecchi, Brody & Agnello, P.C. ("Carella Byrne") and Glancy Prongay & Murray LLP ("GPM" together, "Class Counsel") as Settlement Class Counsel; (iii) appointing Epiq Class Action & Claims Solutions, Inc. ("Epiq") as Settlement Claim Administrator; and (iv) entering a final judgment dismissing the action with prejudice.

## I.    INTRODUCTION

The background of this case and the benefits of the settlement are already outlined in the Court's Opinion.[1] Dkt. No. 68.  The Court was correct

---

[1] Plaintiff incorporates by reference his Unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 63) filed on February 12, 2025 and the accompanying Exhibits, including the proposed Settlement Agreement ("SA"), filed in conjunction therewith, that includes ordinary and routine exclusions for certain persons, such as Defendant's employees.

the first time around when it granted preliminary approval of this Class.

Nothing has changed since preliminary approval that warrants denying

final approval of this Settlement. The Settlement benefits are substantial,

providing all Settlement Class Members who filed timely and valid claims a

cash award equal to the full cost of their unreimbursed airfare plus seven

percent interest.  Settlement Class Members who submit valid claims will

receive immediate cash relief, without the risks of non-recovery, non-

certification, and delays associated with lengthy and uncertain litigation.

The notice process, as approved by the Court, has now been

completed.[2]  Not a single Class Member has objected to the settlement or to

---

Dkt. No. 63-3 at 53. Settlement Class Representatives also incorporate by
reference Plaintiff's Motion for Attorneys' Fees, Reimbursement of
Expenses, and Class Representative Service Awards (Dkt. No. 71), filed on
August 25, 2025.

[2] Pursuant to the Notice Plan, on the Notice Date, the Settlement
Administrator established the Settlement Website
(www.tapairportugalsettlement.com) containing, among other information:
(i) instructions on how to submit a Claim for reimbursement either by mail
or online submission; (ii) details about the lawsuit, the Settlement and its
benefits, and the Settlement Class Members' legal rights and options
including objecting to or requesting to be excluded from the Settlement
and/or not doing anything; (iii) instructions on how to contact the Settlement

this requested award. Why would they? Settlement Class Members who submitted valid claims will receive a full refund plus interest owed to them. The absence of a single objection indicates a highly positive response to the proposed Settlement, which favors settlement. *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 321 (3d Cir. 2011) ("[M]inimal number of objections and requests for exclusion are consistent with class settlements we have previously approved" and "favor settlement"). This reflects widespread approval of both the outcome achieved and the reasonableness of the award sought for the work that produced it.

So this application is straightforward. The Settlement exceeds all applicable requirements of law, including Federal Rule of Civil Procedure ("Rules) 23(e)(2) and constitutional due process. Nothing has changed since

_____

Claim Administrator, Defendant and Settlement Class Counsel for assistance; (iv) a copy of the Claim Form, Long Form Class Notice, the Settlement Agreement, and the Preliminary Approval Motion and Order; (v) important dates pertaining to the Settlement including the procedures and deadlines to opt-out of or object to the Settlement, the procedure and deadline to submit a claim for reimbursement, and the date, place and time of the Final Fairness Hearing; and (vi) answers to Frequently Asked Questions (FAQs). Declaration of Lucas Q. Meyer at ¶¶ 2, 4-30.

preliminary approval that undermines the Settlement.  Indeed, it remains sound now for the same reasons it was then.  The Court can and should grant final approval and enter judgment.  There is no reason to delay getting relief to Class Members who submitted timely and valid claims.

## II.    THE SETTLEMENT WARRANTS FINAL APPROVAL.

This motion comes back to the Court on a single, narrow question: is the Settlement "fair, reasonable, and adequate" under Rule 23(e)(2). The clear answer is yes.  The 2018 amendments to Rule 23 make clear that the Court should focus "on the primary procedural considerations and substantive qualities that should always matter to the decision whether to approve the [settlement]." Fed. R. Civ. P. 23(e)(2), Adv. Cmt. Notes., 2018 Amends.  Notwithstanding the amendments, the policy of favoring voluntary resolution through settlement remains particularly strong.[3]  As

---

[3] *See In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 351 (3d Cir. 2010) ("We reaffirm the 'overriding public interest in settling class action litigation'"); *Ehrheart*, 609 F.3d at 595 (There is a "strong judicial policy in favor  of class action settlement"); *Ortho-Clinical Diagnostics, Inc. v. Fulcrum Clinical Lab'ys, Inc.*, 2023 WL 3983877, at *3 (D.N.J. June 13, 2023) ("Finally, in New Jersey, there is a strong public policy in favor of settlements. . . . Courts, therefore, will 'strain to give effect to the terms of a settlement whenever possible.'"

such, courts are "hesitant to undo an agreement that has resolved a hard-fought, multi-year litigation[,]" such as this one. *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 175 (3d Cir. 2013).

To aid the Court in making this determination, Rule 23(e)(2) identifies four factors for making the fairness determination, all of which are satisfied here: (1) adequacy of representation, (2) existence of arm's-length negotiations, (3) adequacy of relief, and (4) equitableness of treatment of class members. Fed. R. Civ. P. 23(e)(2).[4] These factors overlap with the factors that courts in this Circuit have typically used for purposes of reviewing a proposed class action settlement (the "*Girsh* factors"):

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of

---

(citations omitted)).

[4] "The goal of [the 2018] amendment[s to Rule 23] is not to displace any [existing] factor, but rather to focus the court . . . on the core concerns of procedure and substance that should guide the decision whether to approve the [settlement]." Fed. R. Civ. P. 23(e)(2), Adv. Cmt. Notes., 2018 Amends.

reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation

*Girsh v. Jepson,* 521 F.2d 153, 157 (3d Cir. 1975)(cleaned up).

The settling parties must prove that "the *Girsh* factors weigh in favor of approval of the settlement." *Pet Food Prods. Liab. Litig.*, 629 F.3d at 350. "These factors are a guide and the absence of one or more does not automatically render the settlement unfair." *In re Valeant Pharm. Int'l Sec. Litig.*, 2020 WL 3166456, at *7 (D.N.J. June 15, 2020) (citation omitted). In sum, the *Girsh* factors assist the Court with "[t]he central concern in reviewing a proposed class-action settlement … that it be fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2), Adv. Cmt. Notes., 2018 Amends.

In *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions* ("*Prudential*"), the Third Circuit held that due to "a sea-change in the nature of class actions," it may be useful to expand the *Girsh* factors to include (the "*Prudential* factors"):

[1] the maturity of the underlying substantive issues, as measured by experience in adjudicating individual actions, the development of scientific knowledge, the extent of discovery on the merits, and other factors that bear on the ability to assess the probable outcome of a trial on the merits of liability and

individual damages; [2] the existence and probable outcome of claims by other classes and subclasses; [3] the comparison between the results achieved by the settlement for individual class or subclass members and the results achieved—or likely to be achieved—for other claimants; [4] whether class or subclass members are accorded the right to opt out of the settlement; [5] whether any provisions for attorneys' fees are reasonable; and [6] whether the procedure for processing individual claims under the settlement is fair and reasonable.

148 F.3d 283, 323 (3d Cir. 1998). "Unlike the *Girsh* factors, each of which the district court must consider before approving a class settlement, the *Prudential* considerations are just that, prudential."[5] *Baby Prods.*, 708 F. 3d at 174.

Here, Rule 23(e)(2), as well as the *Girsh* factors and (where appropriate) the *Prudential* factors, all clearly favor final approval of this Settlement.

      **1.    The Rule 23(e)(2) Factors Are Satisfied.**

              **a.    Rule 23(e)(2)(A) – Settlement Class Representatives and Settlement Class Counsel Adequately Represented the Class.**

---

[5] The 2018 Amendments to Rule 23(e)(2) did not abrogate *Girsh* or *Prudential*, and courts in this Circuit continue to rely on these factors. *See In re Humanigen, Inc. Sec. Litig.*, 2024 WL 4182634, at *4 n.6 (D.N.J. Sept. 13, 2024) (citing *In re: Google Inc. Cookie Placement Consumer Priv. Litig.*, 934 F.3d 316, 329 (3d Cir. 2019)).

Rule 23(e)(2)(A) requires the Court to consider whether the "class representatives and class counsel have adequately represented the class[.]" Plaintiff incorporates by reference his discussion of this element in his brief in support of preliminary approval (Dkt. No. 63-1, at 16-18). Moreover, because this factor overlaps significantly with the class certification analysis on adequacy, to avoid duplicative briefing, it is discussed below.

### b. Rule 23(e)(2)(B)—The Settlement Resulted from Arm's-Length Negotiations.

Whether the Settlement was "negotiated at arm's length" is a relevant factor under Rule 23(e)(2)(B). Here, the Court already found the Settlement resulted from "intensive, arm's-length negotiations of disputed claims, including through the use and assistance of an experienced third-party neutral mediator, and that the proposed Settlement is not the result of any collusion." Dkt. No. 69, ¶10.

Indeed, in preliminarily approving the Settlement, this Court found that "[t]he activities and proceedings that occurred before the Parties entered into the Settlement Agreement afforded counsel the opportunity to adequately assess the claims and defenses in the Action, and their relative

positions, strengths, weaknesses, risks, and benefits to each Party, and as such, to negotiate a Settlement Agreement that is 'fair, reasonable, and adequate, and reflects those considerations.'" Dkt. No. 69 at ¶9.

Moreover, Class Counsel have extensive experience in prosecuting consumer class actions and other complex litigation, *see* Dkt. Nos. 71-3, 71-4 (firm resumes), and were familiar with the strengths and weaknesses of their respective positions. They believe the Settlement is in the best interests of the Class—a judgment entitled to considerable weight.[6]

### c. Rule 23(e)(2)(C)(i) – The Relief Provided to the Settlement Class is Fair, Reasonable and Adequate.

Nothing can meaningfully be said that this factor is not met. The Settlement provides substantial benefits to Class Members who submitted valid claims. And while Plaintiff and Class Counsel maintain confidence in the strength of their case, they are also pragmatic and recognize that

---

[6] *See Varacallo v. Mass Mut. Life Ins. Co.*, 226 F.R.D. 207, 240 (D.N.J. 2005) ("Class Counsel's approval of the Settlement also weighs in favor of the Settlement's fairness."); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 187 F.R.D. 465, 474 (S.D.N.Y. 1998) (Courts consistently give "'great weight' . . . to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation.").

litigation is uncertain, and threshold jurisdictional issues have yet to be resolved. Making a favorable compromise of claims in exchange for the Settlement's certain, immediate, and substantial benefits is an unquestionably reasonable choice.

Rule 23(e)(2)(C)(i)[7] overlaps significantly with *Girsh* (*e.g.*, factors 1, 4-9); both sets of factors advise the Court to consider the adequacy of the settlement relief given the costs, risks, and delay that trial and appeal would inevitably impose. *Compare* Fed. R. Civ. P. 23(e)(2)(C)(i), *with Girsh*, 521 F.2d at 157. Accordingly, the *Girsh* factors, analyzed below, further inform the Rule 23(e)(2)(C)(i) inquiry.

### i.  The *Girsh* Factors Support Final Approval.

#### a) *Continued litigation would be long, complex, and expensive.*

The first *Girsh* factor is whether the Settlement avoids a lengthy,

---

[7] This factor "balances the 'relief that the settlement is expected to provide to class members' against 'the cost and risk involved in pursuing a litigated outcome.'" *Hall v. Accolade, Inc.*, 2019 WL 3996621, at *4 (E.D. Pa. Aug. 23, 2019) (quoting Fed. R. Civ. P. 23(e)(2), Adv. Cmt. Notes., 2018 Amends.). Such analysis "cannot be done with arithmetic accuracy, but it can provide a benchmark for comparison with the settlement figure." *Id.* (internal quotation omitted).

complex, and expensive continuation of litigation. "This factor captures 'the probable costs, in both time and money, of continued litigation.'" *In re Cendant Corp. Sec. Litig.*, 264 F.3d 201, 233-34 (3d Cir. 2001) (citation omitted). "Where the complexity, expense, and duration of litigation are significant, the Court will view this factor as favoring settlement." *Bredbenner v. Liberty Travel, Inc.*, 2011 WL 1344745, at *11 (D.N.J. Apr. 8, 2011).

Here, due to the factual and legal complexities involved in this case, jurisdictional challenges, and other issues, continued litigation would necessarily be costly and time-consuming. Absent a settlement, Plaintiff faced the risk of losing jurisdiction, leaving Lisbon, Portugal as the only venue for relief available. Plaintiff also faced other challenges that needed to be overcome to certify a class successfully. The road to trial would be lengthy and involve extensive pretrial motions, addressing complex questions of law and fact. The trial itself would be complicated and have an uncertain outcome. This clearly favors the settlement of the litigation.

### b) *The reaction of the Class to the Settlement*

The second *Girsh* factor "attempts to gauge whether members of the

class support the Settlement." *Prudential*, 148 F.3d at 318. As noted above, no Class Member has objected to the settlement and none have excluded themselves from the Settlement.  The second *Girsh* factor is readily satisfied.

### c)  The stage of the proceedings and the amount of discovery completed support the Settlement

The third *Girish* inquiry is "whether Plaintiffs had an 'adequate appreciation of the merits of the case before negotiating' settlement." *In re Wilmington Tr. Sec. Litig.*, 2018 WL 6046452, at *5 (D. Del. Nov. 19, 2018) (citing *Prudential*, 148 F.3d at 319). Here, Class Counsel were adequately informed of the relative strengths and weaknesses of the case. *See In re Processed Egg Prod. Antitrust Litig.*, 284 F.R.D. 249, 270-71 (E.D. Pa. 2012) ("[E]ven if a settlement occurs in an early stage of litigation, there are means for class counsel to apprise themselves of the merits of the litigation…[such as] interviewing witnesses…[and obtaining] informal discovery before negotiating a settlement[.]").

As this Court held in its Order preliminarily approving the Settlement, "proceedings that occurred before the Parties entered into the Settlement Agreement afforded counsel the opportunity to adequately assess the claims

and defenses in the Action, the relative positions, strengths, weaknesses, risks, and benefits to each Party…." Dkt. No. 69 at ¶9. Given this information, Class Counsel could negotiate an appropriate settlement that balanced the resources, time, and expenses required to litigate through trial with the provision of immediate and significant benefits to TAP's customers. *See In re Nat'l Football League Players Concussion Inj. Litig.*, 821 F.3d 410, 438-439 (3d Cir. 2016) ("[C]ounsel had an adequate appreciation of the merits of the case before negotiating.").

### d) The risks of establishing liability and damages

The fourth *Girsh* factor examines "the risks of establishing liability." *Girsh*, 521 F.2d at 157. Under this factor, "[b]y evaluating the risks of establishing liability, the district court can examine what the potential rewards (or downside) of litigation might have been had class counsel elected to litigate the claims rather than settle them." *Beneli v. BCA Fin. Servs., Inc.*, 324 F.R.D. 89, 103 (D.N.J. 2018) (citation omitted). And, "[n]o matter how confident one may be of the outcome of the litigation, such confidence is often misplaced." *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F. Supp.

2d 336, 343 (E.D. Pa. 2007) (citation omitted).

Again, as noted above, Plaintiff and Class Counsel maintain confidence in the strength of their case, but they also recognize that the factual and legal issues in this case are complex, and it would be unrealistic to assert that continued litigation would not give rise to potential risk. Defendant would assert numerous significant defenses to this action, which could bar completely, if not substantially reduce, all or many Settlement Class Members' potential recoveries. In contrast, the Settlement provides immediate cash relief to Settlement Class Members who submit valid claims.

Similarly, the fifth *Girsh* factor "attempts to measure the expected value of litigating the action rather than settling it at the current time." *Cendant*, 264 F.3d at 238 (citation omitted). The Court considers the potential damage award if the case were to go to trial against the benefits of immediate settlement. *Prudential*, 148 F.3d at 319. In *Warfarin Sodium*, the trial court found that the risk of establishing damages strongly favored settlement, observing that "[d]amages would likely be established at trial through 'a battle of experts,' with each side presenting its figures to the jury and with

14

no guarantee whom the jury would believe.'" *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 256 (D. Del. 2002), *aff'd* 391 F.3d 516, 537 (3d Cir. 2004). Here, in a complex class action like this one, there is no doubt that such a situation could occur.

### e) *The risks of maintaining the class action through trial and appeal*

The sixth *Girsh* factor also supports approving the proposed Settlement. If the litigation were to proceed to trial, Plaintiff would need to obtain and maintain class certification throughout the length of the suit, and Defendant could challenge certification and move to decertify at any point. *See Prudential*, 148 F.3d at 321.[8]

Here, Defendant has maintained that numerous individual factual and legal issues would likely predominate and adversely affect the ability to certify a class in the litigation context.  Absent settlement, the Settlement

---

[8] *See also In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491, 506-07 (W.D. Pa. 2003) ("[A]s in any class action, there remains some risk of decertification in the event the Propose[d] Settlement is not approved. While this may not be a particularly weighty factor, on balance it somewhat favors approval of the proposed Settlement."); *Dewey v. VW of Am.*, 728 F. Supp. 2d 546, 585 D.N.J. 2010) ("[T]he specter of decertification makes settlement an appealing alternative.").

Class Representatives face the significant uncertainty in the litigation, and while Class Counsel are experienced counsel, they understand "the risks surrounding a trial on the merits are always considerable." *Weiss v. Mercedes-Benz of N.A., Inc.*, 899 F. Supp. 1297, 1301 (D.N.J. 1995), *aff'd*, 66 F.3d 314 (3d Cir. 1995). TAP has defended itself at every step of the litigation and would certainly continue to press forward with its defenses through trial. This increases the overall cost of the suit and the risks the Class Representatives would have faced. The Settlement avoids those issues and provides certainty to the Class and substantial relief now.  Similarly, the settlement eliminates the manageability problems of a litigation class trial.[9]  Thus, the sixth *Girsh* factor weighs in favor of settlement.

---

[9] *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Sullivan v. DB Invs., Inc*, 667 F.3d 273, 302-03 (3d Cir. 2011) ("[T]he concern for manageability that is a central tenet in the certification of a litigation class is removed from the equation" in the case of a settlement class); *In re Merck & Co., Inc. Vytorin ERISA Litig.*, 2010 WL 547613, at *5 ("[T]he same concerns with regards to case manageability that arise with litigation Classes are not present with Settlement Classes"); *O'Brien v. Brain Research Labs, LLC*, 2012 WL 3242365, at *9 (D.N.J. Aug. 9, 2012) ("[B]ecause certification is sought for purposes of settlement and is not contested, the concerns about divergent proofs at trial that underlie the predominance requirement are not present here.").

16

### f) The Defendant's ability to withstand a greater judgment

The seventh *Girsh* factor considers "whether the defendants could withstand a judgment for an amount significantly greater than the Settlement." *Cendant*, 264 F.3d at 240. Even the "fact that [defendant] could afford to pay more does not mean that it is obligated to pay any more than what the [] class members are entitled to under the theories of liability that existed at the time the settlement was reached." *Warfarin Sodium*, 391 F.3d at 538.[10] In any event, this factor is neutral here, since Defendant's ability to pay was not a factor in the settlement negotiations.[11]

---

[10] *See also In re Schering-Plough Corp. Sec. Litig.*, 2009 WL 5218066, at *5 (D.N.J. Dec. 31, 2009) ("[P]ushing for more in the face of risks and delay would not be in the interests of the class"); *In re Certainteed Corp. Roofing Shingle Prods. Liab. Litig.*, 269 F.R.D. 468, 489 (E.D. Pa. 2010) ("Thus, because ability to pay was not an issue in the settlement negotiations, this factor is neutral").

[11] *See, e.g., Henderson v. Volvo Cars of N. Am., LLC*, 2013 WL 1192479, at *11 ("'[T]o withhold approval of a settlement of this size because [the defendant] could withstand a greater judgment would make little sense where the [settlement] is within the range of reasonableness and provides substantial benefits to the Class.'") (collecting cases); *In re Johnson & Johnson Derivative Litig.*, 900 F. Supp. 2d 467, 484 (D.N.J. 2012) ("But even assuming there are sufficient funds to pay a greater judgment, the Third Circuit has found that a defendant's ability to pay a larger settlement sum is not particularly damaging to the settlement agreement's fairness as long as the other factors favor settlement.").

### g) The Settlement amount is within the range of reasonableness in light of the best possible recovery and attendant risks of litigation.

The eighth and ninth *Girsh* factors—the range of reasonableness of the settlement given the best possible recovery and considering all the attendant risks of litigation—strongly support approval. These factors ask "whether the settlement is reasonable in light of the best possible recovery and the risks the parties would face if the case went to trial." *Prudential*, 148 F.3d at 322. "In making this assessment, the Court compares the present value of the damages plaintiffs would likely recover if successful, appropriately discounted for the risk of not prevailing, with the amount of the proposed settlement." *In re PAR Pharm. Sec. Litig.*, 2013 WL 3930091, at *7 (D.N.J. July 29, 2013). Assessment of the Settlement, however, need not be tied to an exact formula. *See Prudential*, 148 F.3d at 322. The Third Circuit has also cautioned against demanding the maximum possible recovery, noting that a settlement is, after all, a compromise. *Id.* at 316-17. "In conducting this evaluation, it is recognized that settlement represents a compromise in which the highest hopes for recovery are yielded in exchange for certainty and resolution and

18

courts should guard against demanding too large a settlement based on the court's view of the merits of the litigation." *Castro v. Sanofi Pasteur Inc.*, 2017 WL 4776626, at *6 (D.N.J. Oct. 23, 2017) (cleaned up). Accordingly, a settlement may still be within a reasonable range, even though it represents only a fraction of the potential recovery. [12]

Here, the Settlement provides Settlement Class Members who submit valid claims a full cash refund plus interest, *now*. This benefit, when balanced against the risks and potential benefits of continued litigation that could result in no recovery at all, demonstrates that the Settlement is fair, reasonable, and adequate, thus meriting final approval.

### ii.  The *Prudential* Factors Support Final Approval

In addition to the *Girsh* factors, the relevant *Prudential* factors favor approving the Settlement. Not all factors are relevant here. As to the first *Prudential* factor, the maturity of the underlying issues, the liability issues

---

[12] *See Fisher Bros. v. Phelps Dodge Indus., Inc.*, 604 F. Supp. 446, 451 (E.D. Pa. 1985) ("The court must review a settlement to determine whether it falls within a 'range of reasonableness,' not whether it is the most favorable possible result of litigation.").

are straightforward. The *Prudential* factors that relate to the existence of other classes and subclasses are irrelevant here as the Settlement Class encompasses all U.S. Citizen purchasers of cancelled flights during the Class Period. Settlement Class Members were also provided ample opportunity to object or opt out of the Settlement and were provided clear instructions on how and when to do so.

The procedure for processing individual claims under the Settlement is fair and reasonable, allowing Settlement Class Members to submit their claim forms online or by mail, along with the standard type of supporting documentation, which Epiq, a neutral and highly experienced Settlement Claim Administrator, reviews and approves or denies.  Lastly, as explained in more detail in Plaintiff's Unopposed Motion for Attorneys' Fees, Expenses, and Service Awards, Dkt .No. 71, the attorneys' fees requested are also fair and reasonable, represent a negative Lodestar of the time and expenses Class Counsel invested into the Action, and were not negotiated until after the Parties had already reached agreement on the material terms of this Settlement.

**2.     Rule 23(e)(2)(C)(ii) – Effectiveness of the "Proposed Method of Distributing Relief" and "the Method of Processing Class-Member Claims"**

Under this factor, the Court "scrutinize[s] the method of claims processing to ensure that it facilitates filing legitimate claims" and "should be alert to whether the claims process is unduly demanding." Fed. R. Civ. P. 23(e)(3), Adv. Cmt. Notes., 2018 Amends. The method of distributing relief here is robust and effective, providing Class Members with the ability to file claims easily. These procedures all ensure a fair and reasonable claims process.

**3.     Rule 23(e)(2)(C)(iii) – The Terms and Timing of any Proposed Attorneys' Fee Award**

This factor recognizes that "[e]xamination of the attorney-fee provisions may also be valuable in assessing the fairness of the proposed settlement." Fed. R. Civ. P. 23(e)(3), Adv. Cmt. Notes., 2018 Amends. Here, the payment of attorneys' fees will not reduce any benefits afforded to the Settlement Class, as the fees are being paid by TAP separately and apart from the Settlement Class benefits. Any fees approved by the Court will be paid only after the Settlement has become final, and approval of the Settlement is

not conditioned upon an award of any attorneys' fees or Service Awards.

### 4. Rule 23(e)(2)(C)(iv) – Any Agreement Required to be Identified Under Rule 23(e)(3)

Rule 23(e)(3) requires settling parties to "file a statement identifying any agreement made in connection with the proposal." There are no agreements other than the Settlement Agreement and the agreement not to object to counsel's request for attorneys' fees and class representative service awards up to the agreed amounts.

### 5. Rule 23(e)(2)(D) – The Settlement Treats Class Members Equitably to Each Other.

Rule 23(e)(2)(D) requires the Court to consider whether the "proposal treats class members equitably relative to each other." This ensures there is no "inequitable treatment of some class members vis-à-vis others." Fed. R. Civ. P. 23, Adv. Cmt. Note. Here, all Class Members are treated equitably; all purchasers of flights cancelled by TAP in the Class Period shall be eligible for full reimbursement plus interest.

While the Settlement does offer each of the Class Representatives, subject to Court approval, a reasonable Service Award of $5,000, for their important contributions to the prosecution of this action. "[S]ubstantial

authority exists for the payment of an incentive award to the named plaintiff." *Smith v. Professional Billing & Mgmt. Servs., Inc.*, 2007 WL 4191749, at *3 (D.N.J. Nov. 21, 2007) (citing *Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207, 257 (D.N.J. 2005)). "An incentive award that comes out of the payment allocated for attorneys' fees", as it does here, "need not be subject to intense scrutiny." *Alvarez v. BI Inc.*, No. CV 16-2705, 2020 WL 1694294, at *6 (E.D. Pa. Apr. 6, 2020) (approving $15,000 service award). Additionally, the proposed Service Awards align with awards that have been approved in this Circuit. *See, e.g., In re Ins. Brokerage Antitrust Litig.*, 282 F.R.D. 92, 125 (D.N.J. 2012) (approving $5,000 award to seven named plaintiffs); *Weissman v. Philip C. Gutworth, P.A.*, 2015 WL 333465, at *4 (D.N.J. Jan. 23, 2015) ($2,500 service award).

## III.   THE COURT SHOULD CERTIFY THE PROPOSED CLASS

The Court has already provisionally certified the Class for settlement purposes. Dkt. No. 69.  Again, nothing has changed to call the Court's prior conclusions into question. Settlement Class Representatives briefly address the Rule 23(a) and (b) elements below and request that the Court now grant

final class certification.

The Supreme Court has long acknowledged the propriety of certifying a class solely for settlement purposes. *See, e.g.*, *Amchem Prods, Inc.*, 521 U.S. at 618. In conducting this task, a court's "dominant concern" is "whether a proposed class has sufficient unity so that the absent members can fairly be bound by the decisions of class representatives." *Id.* at 621. To be certified under Rule 23, a putative class must satisfy, by a preponderance of the evidence, each of the four requirements of Rule 23(a) as well as the requirements of one of the three subsections of Rule 23(b). *See, e.g.*, *Wragg v. Ortiz*, 2020 WL 2745247, at *27 (D.N.J. May 27, 2020). The Settlement Class more than satisfies the requirements of Rule 23 for certification of a settlement class.

### A.    The Rule 23(a) Requirements are Satisfied.

#### 1.    Rule 23(a)(1): Numerosity is Satisfied.

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[G]enerally, where the potential number of plaintiffs is likely to exceed forty members, the Rule 23(a) numerosity requirement will be met." *Martinez-Santiago v. Public*

*Storage*, 312 FRD 380, 388 (D.N.J. 2015) (citing *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 595 (3d Cir. 2012)). The proposed Settlement Class exceeds forty members.

### 2.    Rule 23(a)(2): Commonality is Satisfied.

Rule 23(a)(2) requires that there be "questions of law or fact common to the class," and that the class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 369 (2011). In other words, the class's claims must "depend upon a common contention . . . capable of class-wide resolution." *In re Wellbutrin XL Antitrust Litig.*, 282 F.R.D. 126, 137 (E.D. Pa. 2011) (citing *Wal-Mart*, 564 U.S. at 350). "A contention is capable of class-wide resolution if determination of its truth or falsity will resolve an issue that is central to the validity of the claims 'in one stroke.'" *Id.* (quoting *Wal-Mart*, 564 U.S. at 350).

The commonality inquiry focuses on the defendant's conduct. *Sullivan*, 667 F.3d at 297. Not all questions of fact and law need to be common if there are common questions at the heart of the case. *Warfarin Sodium*, 391 F.3d at 530 (quotation omitted); *Prudential*, 148 F.3d at 310. "For purposes of Rule

25

23(a)(2), even a single [common] question will do." *Wal-Mart*, 564 U.S. at 359 (brackets in original; citation omitted).

The Class Members' claims all involve the same non-refunded flights due to the COVID-19 pandemic. The common questions include, among others, whether TAP owed Class Members a refund and whether TAP failed to provide them with a refund. These issues are at the heart of the case and are enough to satisfy Rule 23(a)(2) for settlement purposes.

### 3.    Rule 23(a)(3): Typicality is Satisfied.

Rule 23(a)(3) requires that a representative plaintiff's claims be "typical" of those of other class members. "[T]he named plaintiffs' claims must merely be 'typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class.'" *In re Schering-Plough Corp. ERISA Litig.*, 589 F.3d 585, 598 (3d Cir. 2009). Rule 23(a)(3), however, "does not require that all putative class members share identical claims." *Johnston v. HBO Film Mgmt.*, 265 F.3d 178, 184 (3d Cir. 2001) (emphasis added).[13]

---

[13] Representative claims are "typical" if they are reasonably coextensive with

The claims of the Settlement Class Representatives stem from flight cancellations booked with TAP during the COVID-19 pandemic. Typicality is thus established. *See In re NFL Players Concussion Injury Litig.*, 821 F.3d at 428 (typicality met where plaintiffs "seek recovery under the same legal theories for the same wrongful conduct as the [classes] they represent").

### 4. Rule 23(a)(4): Adequacy is Satisfied.

The final requirement of Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In the Third Circuit, the relevant inquiries are: (1) whether the named plaintiffs have any interests antagonistic with other class members and (2) whether the named plaintiffs' counsel are qualified, experienced, and able to conduct the proposed litigation. *In re Schering-Plough Corp.*, 589 F.3d at 602. The core analysis for the first prong is whether

---

those of absent class members and they need not be identical. Indeed, when it is alleged that the defendant engaged in conduct common to all class members, "there is a strong presumption that the claims of the representative parties will be typical of the absent class members." *In re Merck & Co., Vytorin/Zetia Sec. Litig.*, 2012 WL 4482041, at *4 (D.N.J., Sept. 25, 2012) (citation omitted).

the class representatives have interests antagonistic to those of absent members of the Settlement Class. The second prong analyzes the capabilities and performance of Class Counsel based on factors set forth in Rule 23(g). *See Sheinberg v. Sorensen*, 606 F.3d 130, 132 (3d Cir. 2010). Settlement Class Representatives satisfy both prongs.

The Settlement Class Representatives have no interests "antagonistic" to Settlement Class Members. Settlement Class Representatives seek to hold Defendant accountable for, among other things, breach of contract. Settlement Class Representatives have demonstrated their allegiance and commitment to this litigation by consulting with Class Counsel, collecting documents for litigation, reviewing pleadings, and keeping informed of the litigation's progress. Their interests are aligned with the interests of absent Settlement Class Members.

### 5.    The Proposed Class is Ascertainable.

Although not specified in the text of Rule 23, courts—including in this District—imply a prerequisite that the proposed class be ascertainable. *See, e.g.*, *Shelton v. Bledsoe*, 775 F.3d 554, 559 (3d Cir. 2015). The ascertainability

inquiry "requir[es] a plaintiff to show that: (1) the class is 'defined with reference to objective criteria'; and (2) there is 'a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition.'" *Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015) (citations omitted); *City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc.*, 867 F.3d 434, 439 (3d Cir. 2017).

Here, the Class is objectively defined and identifiable from Defendant's records – some of the same records that were used to distribute notice – and that allow Settlement Class Members' claims to be linked to their original flight purchases to calculate their settlement payment. There is no question that this is an ascertainable class.

## B. As Required by Rule 23(b)(3), Common Issues Predominate and Class Adjudication is Superior to Individualized Litigation.

Under Rule 23(b)(3), a class should be certified when common questions of law or fact predominate over individual issues and a class action would be superior to other methods of resolving the controversy. The predominance element "tests whether proposed classes are sufficiently

cohesive to warrant adjudication by representation." *Amchem Prods, Inc.*, 521 U.S. at 623. The superiority component requires the court "to balance, in terms of fairness and efficiency, the merits of a class action against those of alternative methods' of adjudication." *Prudential*, 148 F.3d at 316 (citation omitted). Here, the Class readily meets both requirements. Because the Settlement Class Members allege that the same failure by TAP to provide a refund, predominance is easily satisfied for settlement purposes.

Second, certification of the Class under Rule 23 is "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R Civ. P. 23(b)(3). The Settlement affords benefits to Class Members who, absent a class settlement, may not have been aware of their legal rights or had too little an incentive to pursue an individual suit. Given the low monetary amount of the individual claims, many would likely result in "negative value" claims. And "negative value" claims—"meaning it costs more to litigate than you would get if you won," *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 675 n.7 (2010)—are typically "the most compelling rationale for finding superiority" of class treatment. *Reap v.*

*Cont'l Cas. Co.*, 199 F.R.D. 536, 550 (D.N.J. 2001). Thus, class action treatment is far superior to individual adjudication. And because this is a class certified only for settlement purposes, manageability concerns associated with a litigation class are irrelevant. *Amchem Prods, Inc.*, 521 U.S. at 620.

### C.    Proposed Class Counsel Satisfy Rule 23(g).

Under Rule 23(g), a court that certifies a class must appoint class counsel who are charged with fairly and adequately representing the interests of the Class. *See* Fed. R. Civ. P. 23(g). Rule 23(g) focuses on the qualifications of class counsel, complementing the requirement of Rule 23(a)(4) that the representative parties adequately represent the interests of the class members.[14] Although a court may consider proposed class counsel's ability to "fairly and adequately represent the interests of the class," Rule 23(g) specifically instructs a court to consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in

---

[14] *See Sheinberg*, 606 F.3d at 132-33 ("Although questions concerning the adequacy of class counsel were traditionally analyzed under the aegis of the adequate representation requirement of Rule 23(a)(4) of the Federal Rules of Civil Procedure, those questions have, since 2003, been governed by Rule 23(g).").

handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed R. Civ. P. 23(g)(1)(A).

Here, the Court has already found that each firm satisfied Rule 23(g) and appointed the law firms of Carella Byrne and GPM as Class Counsel for the Settlement Class. Dkt. No. 69. The same considerations, extensive efforts, and in-depth knowledge of the subject area that previously supported their appointment weigh strongly in favor of finding Class Counsel adequate once again.

## CONCLUSION

Accordingly, Class Representatives and Class Counsel respectfully request that the Court: (i) grant final approval of the Settlement; (ii) certify Plaintiff Jon Tower and Bianca Vazquez as Settlement Class Representatives and the law firms of Carella Byrne and GPM as Settlement Class Counsel; (iii) appoint Epiq as Settlement Claim Administrator; and (iv) enter a final judgment dismissing the action with prejudice.

Dated: September 19, 2025

Respectfully submitted,

/s/ *James E. Cecchi*
James E. Cecchi
Donald A. Ecklund
Jordan M. Steele
**CARELLA BYRNE CECCHI
BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
jcecchi@carellabyrne.com
decklund@carellabyrne.com
jsteele@carellabyrne.com

Jonathan M. Rotter (*pro hac vice*)
Raymond D. Sulentic (*pro hac vice*)
**GLANCY PRONGAY &
MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: info@glancylaw.com

*Counsel for the Class Representatives
and the Settlement Class*