# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JON TOWER, On Behalf of Himself and All Others Similarly Situated, | Case No. 2:22-cv-6746-JKS-SDA |
| Plaintiff, | **DECLARATION OF LUCAS Q. MEYER REGARDING IMPLEMENTATION OF NOTICE AND SETTLEMENT ADMINISTRATION** |
| v. | |
| TRANSPORTES AEREOS PORTUGUESES, S.A. D/B/A TAP AIR PORTUGAL, | |
| Defendant. | |

## DECLARATION OF LUCAS Q. MEYER REGARDING IMPLEMENTATION OF NOTICE AND SETTLEMENT ADMINISTRATION

I, Lucas Q. Meyer, hereby declare and state as follows:

1. I am a Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq"). I have more than 16 years of experience working in the legal field. The statements of fact in this declaration are based on my personal knowledge and information provided to me by my colleagues in the ordinary course of business. If called on to do so, I could and would testify competently thereto.

2.      Epiq was appointed as the Settlement Administrator pursuant to the Court's *Order Granting Preliminary Approval of Class Action Settlement* (the "Order") dated April 22, 2025, and in accordance with the *Settlement Agreement and Release* dated February 12, 2025 (the "Agreement").[1] I submit this Declaration in order to advise the Parties and the Court regarding the implementation of the Court-approved Notice Program, and to report on Epiq's handling to date of the Settlement administration, in accordance with the Order and the Agreement.

3.      Epiq was established in 1968 as a client services and data processing company.  Epiq has administered bankruptcies since 1985 and settlements since 1993.  Epiq has routinely developed and executed notice programs and administrations in a wide variety of contexts, including settlements of consumer, antitrust, products liability, and labor and employment class actions, settlements of mass tort litigation, Securities and Exchange Commission enforcement actions, Federal Trade Commission

---

[1] All capitalized terms not otherwise defined in this document shall have the same meanings ascribed to them in the Agreement.

DECLARATION OF LUCAS Q. MEYER REGARDING IMPLEMENTATION OF NOTICE AND SETTLEMENT ADMINISTRATION

disgorgement actions, insurance disputes, bankruptcies, and other significant litigation. Epiq has administered more than 4,500 settlements, including some of the largest and most complex cases ever settled. Epiq's class action case administration services include administering notice requirements, designing direct-mail notices, implementing notice fulfillment services, coordinating with the United States Postal Service ("USPS"), developing and maintaining notice websites and dedicated telephone numbers with recorded information and/or live operators, processing exclusion requests, objections, claim forms and correspondence, maintaining class member databases, adjudicating claims, managing settlement funds, and calculating claim payments and distributions. As an experienced neutral third-party administrator working with settling parties, courts, and mass action participants, Epiq has handled hundreds of millions of notices, disseminated hundreds of millions of emails, handled millions of phone calls, processed tens of millions of claims, and distributed hundreds of billions in payments.

## OVERVIEW OF ADMINISTRATION

4.      Pursuant to the Agreement and Order, Epiq was appointed to provide, and did provide, the following administrative services for the benefit of Settlement Class Members, as they are defined in the Agreement:

- Send CAFA Notice to the appropriate Federal and State government officials;

- As appropriate, email an Email Notice to Settlement Class Members;

- As appropriate, mail a Postcard Notice to Settlement Class Members;

- As appropriate, mail a Claim Form and/or Long Form Notice to Settlement Class Members;

- As appropriate, send multiple reminder Notices to all Settlement Class Members who had not yet filed a claim;

- Establish and maintain an official Settlement Website containing information about the *Tower v. TAP* Settlement;

- Establish and maintain an official toll-free number that Settlement Class Members may contact for additional information about the Settlement;

- Review and process Requests for Exclusion sent to or received by Epiq;

- Review and track objections sent to or received by Epiq;

- Receive, process, track, and report on Claim Forms sent to or received by Epiq;

- As appropriate, mail deficiency and/or rejection letters, and track responses thereto.

## CLASS ACTION FAIRNESS ACT NOTICE

5.     As described in the attached April 2, 2025, *Declaration of Kyle S. Bingham on Implementation of CAFA Notice* ("CAFA Declaration"), on April 2, 2025, Epiq sent a CAFA notice packet (or "CAFA Notice") to 57 federal and state officials as required by the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715. The CAFA Notice was mailed via USPS Priority Mail to 53 officials, which included the Attorneys General of 47 states, the District of

Columbia, and the United States Territories. As per the direction of the Offices of the Nevada, New York, and Connecticut Attorneys General, the CAFA Notice was sent to the Nevada, New York, and Connecticut Attorneys General electronically via email. The CAFA Notice was also sent to the Attorney General of the United States via United Parcel Service. The CAFA Declaration is included as **Attachment 1.**

## DATA TRANSFER

6. On April 21, 2025, Counsel for Defendant provided Epiq with one electronic file containing potential Settlement Class Member records. The file contained 5,601 rows of names, email addresses, and other relevant custom data for potential Settlement Class Members ("Class Data"). There were no phone numbers or mailing addresses in the data.

7. Epiq loaded the information provided by Counsel for Defendant into a database created for the purpose of administration of the proposed Settlement. Epiq assigned unique identifiers to all the records it received to maintain the ability to track them throughout the Settlement administration

process. Epiq combined the data and removed exact duplicate records, which resulted in 5,082 Settlement Class Member records (the "Class List").

## DISSEMINATION OF INDIVIDUAL CLASS NOTICE VIA EMAIL

8.     Pursuant to Paragraph 77 of the Agreement and Paragraph 13 of the Order, Epiq was to cause the Court-approved Email Notice to be formatted for electronic distribution by email to Settlement Class Members for whom an email address was included in the Class Data but who lacked a valid mailing address. Attached hereto as **Attachment 2** is a template of the Court-approved Email Notice that Epiq electronically disseminated to Settlement Class Members for whom an email address was provided in the Class Data but who lacked a valid mailing address.

9.     The Email Notice, which was formatted for distribution using embedded HTML text, provided Settlement Class Members with a link to the Settlement Website. The Email Notice was formatted with easy-to-read text, excluding graphics, images, and other elements that could increase the likelihood of the message being blocked by Internet Service Providers and/or spam filters. Epiq also followed standard email protocols, including

utilizing "unsubscribe" links and Epiq's contact information in the Email Notice.

10.    On June 6, 2025, Epiq sent the Email Notice to the 3,857 potentially valid email addresses for Settlement Class Members for whom an email address was included in the Class Data but who lacked a valid mailing address.  Each Email Notice was transmitted with a unique message identifier.  If the receiving email server could not deliver the message, a "bounce code" was returned along with the unique message identifier.  The deliverability rate for these Email Notices was 76.69%.

11.    On June 27, 2025, Epiq sent 4,184 reminder Email Notices to all Settlement Class Members who had not yet filed a claim and who had a valid email address that was not previously returned as undeliverable; this includes Settlement Class Members who were sent an initial Postcard Notice.  The deliverability rate for these reminder Email Notices was 96.87%. Attached hereto as **Attachment 3** is a template of the reminder Email Notice that was sent to Settlement Class Members.

12.     On July 18, 2025, Epiq sent a second round of 4,018 reminder Email Notices to Settlement Class Members who had not yet filed a claim and who had a valid email address that was not previously returned as undeliverable; this includes Settlement Class Members who were sent an initial Postcard Notice.  The deliverability rate for these reminder Email Notices was 95.35%.

## DISSEMINATION OF THE INDIVIDUAL CLASS NOTICE BY POSTAL MAIL

13.     Pursuant to Paragraph 77 of the Agreement and Paragraph 13 of the Order, Epiq was responsible for sending the Postcard Notice to all potential Settlement Class Members for whom Epiq had a valid mailing address via First Class U.S. Mail.  Attached hereto as **Attachment 4** is the Postcard Notice that Epiq disseminated by mail.

14.     Because no records in the Class Data contained mailing addresses, Epiq performed a reverse email lookup to obtain mailing addresses, resulting in 1,244 records being updated with mailing addresses.

15.     Before mailing the Postcard Notice to the Class List, all mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the United States Postal Service ("USPS").[2] In addition, the addresses were processed via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses. To the extent that any Settlement Class Member had filed a USPS change of address request, and the address was certified and verified, the current address listed in the NCOA database was used in connection with the Notice mailing.  This address updating process is standard for the industry and for the majority of promotional mailings that occur today.  A total of 23 records in the Class List were updated with new addresses through the USPS NCOA, CASS, and DPV process.

---

[2] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.

16.    Before commencing any mailings for this matter, Epiq established a dedicated post office box to mail notice from and to allow Settlement Class Members to contact the Settlement Administrator or submit documents by mail.  Epiq will maintain the P.O. Box throughout the administration process.

17.    On June 6, 2025, Epiq mailed 1,244 Postcard Notices via First Class U.S. Mail to potential Settlement Class Members on the Class List with a valid mailing address.  In addition, a Claim Package (which includes a Claim Form and a Long Form Notice) has been mailed via First Class U.S. Mail to all persons who submitted a request for one.  As of September 10, 2025, four Claim Packages have been mailed as a result of such requests. Attached hereto as **Attachment 5** and **Attachment 6** are the Claim Form and Long Form Notice that Epiq disseminated by mail, respectively.

18.    As of September 10, 2025, one Spanish-language version of the Long Form Notice has been mailed as a result of a request from a Settlement Class Member.  Attached hereto as **Attachment 7** is the Spanish language version of the Long Form Notice that Epiq disseminated by mail.

19.    The return address on the Postcard Notices is the post office box maintained by Epiq.

20.    As of September 10, 2025, 256 Postcard Notices have been returned to Epiq without forwarding address information.  As a result of skip trace searches performed by Epiq using a third-party lookup service, a total of 48 addresses were updated, and 48 Postcard Notices were re-mailed to the updated addresses.

21.    On June 27, 2025, Epiq mailed 1,227 reminder Postcard Notices via First Class U.S. Mail to all individuals identified as potential Settlement Class Members who had a valid mailing address and who had not yet filed a claim.  Attached hereto as **Attachment 8** is the reminder Postcard Notice that Epiq disseminated by mail.

22.    As of September 10, 2025, Epiq has mailed or emailed Notice to 5,081 of 5,082 Settlement Class Members.  (One Settlement Class Member from the Class List lacked both a valid mailing address and a valid email address.  Therefore, no Notice could be sent to that Settlement Class Member.) Notice to 895 unique Settlement Class Members is currently

known to be undeliverable, resulting in an 82.39% deliverable rate to the Class.

## SETTLEMENT WEBSITE

23.      Pursuant to Paragraph 87 of the Agreement and Paragraph 13 of the Order, on June 5, 2025, Epiq launched a website, www.TAPAirPortugalSettlement.com, that potential Settlement Class Members could visit to obtain additional information about the proposed Settlement, as well as important documents, including the English and Spanish versions of the Long Form Notice, the Claim Form, the Settlement Agreement, the Preliminary Approval Order, and any other relevant information that the Parties agree to provide or that the Court may require ("Website").   The website contains a summary of options available to Settlement Class Members, deadlines to act, and provides answers to frequently asked questions.  Settlement Class Members were also able to file a Claim Form online via the website or download a paper Claim Form, which they could then file by mail or email.  References to the Website were

prominently displayed in the Long Form Notice, Postcard Notice, and Email Notice.

24.     As of September 10, 2025, the website has been visited by 908 unique visitors and 2,407 website pages have been viewed.

## TOLL-FREE INFORMATION LINE

25.     Pursuant to Paragraph 88 of the Agreement, on June 5, 2025, Epiq established and is maintaining a toll-free interactive Voice Response Unit (VRU), 1-888-871-7940, to provide information to and accommodate requests from Settlement Class Members.  Callers hear an introductory message and are then provided with scripted information about the Settlement in the form of recorded answers to frequently asked questions.  Callers also have the options of requesting a Claim Package (which includes a Claim Form and a Long Form Notice) or the Spanish version of the Long Form Notice by mail. The toll-free number was included in the Notices sent to Settlement Class Members, and the automated telephone system is available 24 hours per day, 7 days per week.

26.    As of September 10, 2025, the toll-free number has received 36 calls, totaling 76 minutes.

## EMAIL INBOX

27.    Epiq established and maintains an email inbox, claims@TAPAirPortugalSettlement.com, for Settlement Class Members to submit Claim Forms.  Epiq will continue to maintain this inbox throughout the Settlement administration.

## REQUESTS FOR EXCLUSION

28.    Pursuant to Paragraph 14 of the Order, Settlement Class Members who wished to be excluded from the Settlement were required to mail a written Request for Exclusion to Epiq, Class Counsel, and counsel for Defendant postmarked on or before September 15, 2025.  As of September 10, 2025, Epiq has not received any Requests for Exclusion from the Settlement.

## OBJECTIONS RECEIVED

29.    Pursuant to Paragraph 16 of the Order, Settlement Class Members who wished to object to the Settlement were required to submit

written objections to the Clerk of the Court, Counsel for Defendant, and

Class Counsel, such that they were filed or postmarked on or before the

objection deadline of September 15, 2025.  As of September 10, 2025, Epiq is

not aware of any objections to the Settlement.

## **CLAIMS RECEIVED**

30.    Pursuant to Paragraph 93 of the Agreement and Paragraph 20 of

the Order, Settlement Class Members who wished to make a claim were

required to submit a completed Claim Form to the Settlement Administrator

online, via U.S. Mail, or via email, so that it was submitted or postmarked

no later than August 5, 2025.  As of September 10, 2025, Epiq has received

119 Claim Forms for 118 unique Settlement Class Members.[3]

- To date, 119 claims have been received, with 96 claims approved and

  1 claim deemed duplicative of another.

---

[3] As the Parties have a right to review all claims, the information provided
herein is subject to further analysis and is therefore preliminary at this
time.

- Additionally, 1 claim has been deemed deficient due to a lack of supporting documentation, and 21 claims have been denied because non-Settlement Class Members filed them.

I declare under penalty of perjury under the laws of the United States and the State of Oregon that the foregoing is true and correct and that this declaration was executed on September 18, 2025, in Portland, Oregon.

*Lucas Meyer*

_____
Lucas Q. Meyer, J.D.
Project Manager
Epiq Class Action & Claims Solutions, Inc. ("Epiq")

**<u>ATTACHMENT 1</u>**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JON TOWER, On Behalf of Himself and All
Others Similarly Situated,

      Plaintiff,

v.

TRANSPORTES AEREOS PORTUGUESES, S.A.
D/B/A TAP AIR PORTUGAL,

      Defendant.

Case No. 2:22-cv-6746-JKS-SDA

## **<u>DECLARATION OF KYLE S. BINGHAM ON IMPLEMENTATION OF CAFA NOTICE</u>**

I, KYLE S. BINGHAM, hereby declare and state as follows:

1.     My name is KYLE S. BINGHAM.  I am over the age of 25 and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.     I am the Senior Director of Legal Noticing for Epiq Class Action & Claims Solutions, Inc. ("Epiq"), a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans.  I have overseen and handled Class Action Fairness Act ("CAFA") notice mailings for more than 500 class action settlements.

3.     Epiq is a firm with more than 25 years of experience in claims processing and settlement administration.  Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment of fulfillment services, receipt and processing of opt-outs, coordination with the United States Postal Service ("USPS"), claims database management, claim adjudication, funds management and distribution services.

4.     The facts in this Declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Epiq.

DECLARATION OF KYLE S. BINGHAM ON IMPLEMENTATION OF CAFA NOTICE

## CAFA NOTICE IMPLEMENTATION

5.      At the direction of counsel for Defendants Transportes Aereos Portugueses, S.A. d/b/a Tap Air Portugal, 57 federal and state officials (the Attorney General of the United States and the Attorneys General of each of the 50 states, the District of Columbia, and the United States Territories) were identified to receive CAFA notice.

6.      Epiq maintains a list of these federal and state officials with contact information for the purpose of providing CAFA notice.  Prior to mailing, the names and addresses selected from Epiq's list were verified, then run through the Coding Accuracy Support System ("CASS") maintained by the United States Postal Service ("USPS").[1]

7.      On April 2, 2025, Epiq sent 57 CAFA Notice Packages ("Notice"). The Notice was mailed via USPS Priority Mail to 53 officials (the Attorneys General of 47 states, the District of Columbia, and the United States Territories).  As per the direction of the Office of the Nevada, New York, and Connecticut Attorneys General, the Notice was sent to the Nevada, New York, and Connecticut Attorneys General electronically via email. The Notice was also sent via United Parcel Service ("UPS") to the Attorney General of the United States.  The CAFA Notice Service List (USPS Priority Mail, Email, and UPS) is included as **Attachment 1**.

8.      The materials sent to the federal and state officials included a Cover Letter, which provided notice of the proposed Settlement of the above-captioned case.  The Cover Letter is included as **Attachment 2**.

9.      The cover letter was accompanied by a CD, which included the following:

   a.      **Per 28 U.S.C. § 1715(b)(1) – Complaint and Any Amended Complaints:**

---

[1] CASS improves the accuracy of carrier route, 5-digit ZIP®, ZIP + 4® and delivery point codes that appear on mail pieces.  The USPS makes this system available to mailing firms who want to improve the accuracy of postal codes, i.e., 5-digit ZIP®, ZIP + 4®, delivery point (DPCs), and carrier route codes that appear on mail pieces.

- Class Action Complaint (filed November 23, 2022).

    b.    **Per 28 U.S.C. § 1715(b)(3) – Notification to Class Members:**

- Long Form Class Notice *(Exhibit A to the Settlement Agreement and Release)*;

- Postcard Notice *(Exhibit B to the Settlement Agreement and Release);*

- Email Notice *(Exhibit C to the Settlement Agreement and Release);* and

- Claim Form *(Exhibit D to the Settlement Agreement and Release).*

    c.    **Per 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** The following documents were included:

- Notice of Plaintiff's Unopposed Motion for Preliminary Approval;

- Memorandum of Law in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, and Appointment of Class Representatives and Class Counsel for the Settlement Class;

- Joint Declaration of James E. Cecchi and Raymond D. Sulentic in Support of Motion for Preliminary Approval of Class Action Settlement;

  - Class Action Settlement Agreement and Release *(Exhibit 1 to the Cecchi and Sulentic's Declaration);* and

- Order Granting Preliminary Approval of Class Action Settlement.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 2, 2025.

_____

KYLE S. BINGHAM

# Attachment 1

**CAFA Notice Service List**
**USPS Priority Mail**

| Appropriate Official | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the Attorney General | Treg Taylor | 1031 W 4th Ave | Suite 200 | Anchorage | AK | 99501 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36104 |
| Office of the Attorney General | Tim Griffin | 323 Center St | Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Kris Mayes | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Protection Section | 455 Golden Gate Ave Suite 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center | 1300 Broadway Fl 10 | Denver | CO | 80203 |
| Office of the Attorney General | Brian Schwalb | 400 6th St NW | | Washington | DC | 20001 |
| Office of the Attorney General | Kathy Jennings | Carvel State Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | James Uthmeier | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Anne E Lopez | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Brenna Bird | Hoover State Office Building | 1305 E Walnut St | Des Moines | IA | 50319 |
| Office of the Attorney General | Raul Labrador | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Kwame Raoul | 500 South Second Street | | Springfield | IL | 62701 |
| Office of the Indiana Attorney General | Todd Rokita | Indiana Government Center South | 302 W Washington St Rm 5 | Indianapolis | IN | 46204 |
| Office of the Attorney General | Kris Kobach | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Russell Coleman | 700 Capitol Ave Suite 118 | | Frankfort | KY | 40601 |
| Office of the Attorney General | Liz Murrill | PO Box 94005 | | Baton Rouge | LA | 70804 |
| Office of the Attorney General | Andrea Campbell | 1 Ashburton Pl 20th Fl | | Boston | MA | 02108 |
| Office of the Attorney General | Anthony G Brown | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Aaron Frey | 6 State House Station | | Augusta | ME | 04333 |
| Department of Attorney General | Dana Nessel | PO BOX 30212 | 525 W. Ottawa St. | Lansing | MI | 48909 |
| Office of the Attorney General | Keith Ellison | 445 Minnesota St Ste 1400 | | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Andrew Bailey | 207 West High Street | PO Box 899 | Jefferson City | MO | 65102 |
| Mississippi Attorney General | Lynn Fitch | PO Box 220 | | Jackson | MS | 39205 |
| Office of the Attorney General | Austin Knudsen | 215 N Sanders 3rd Fl | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Jeff Jackson | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Drew H Wrigley | 600 E Boulevard Ave Dept 125 | | Bismarck | ND | 58505 |
| Nebraska Attorney General | Mike Hilgers | 2115 State Capitol | PO Box 98920 | Lincoln | NE | 68509 |
| Office of the Attorney General | John Formella | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Matthew J Platkin | 25 Market Street | PO Box 080 | Trenton | NJ | 08625 |
| Office of the Attorney General | Raul Torrez | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | Dave Yost | 30 E Broad St Fl 14 | | Columbus | OH | 43215 |
| Office of the Attorney General | Gentner Drummond | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Dan Rayfield | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Dave Sunday | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter F Neronha | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | PO Box 11549 | | Columbia | SC | 29211 |
| Office of the Attorney General | Marty Jackley | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Jonathan Skrmetti | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | PO Box 12548 | | Austin | TX | 78711 |
| Office of the Attorney General | Derek Brown | Utah State Capitol Complex | 350 North State Street Ste 230 | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Jason S Miyares | 202 N 9th St | | Richmond | VA | 23219 |
| Office of the Attorney General | Charity R Clark | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Nick Brown | 800 5th Ave Ste 2000 | | Seattle | WA | 98104 |
| Office of the Attorney General | Josh Kaul | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | JB McCuskey | State Capitol Complex Bldg 1 Room E 26 | 1900 Kanawha Blvd E | Charleston | WV | 25305 |
| Office of the Attorney General | Bridget Hill | 109 State Capital | | Cheyenne | WY | 82002 |
| Department of Legal Affairs | Gwen Tauiliili-Langkilde | GHC Reid Building, Pago Plaza, 2d flr, Room 220 | Territory of American Samoa | Pago Pago | AS | 96799 |
| Attorney General Office of Guam | Douglas Moylan | ITC Bldg. | 590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| Office of the Attorney General | Edward Manibusan | PO Box 10007 | | Saipan | MP | 96950 |
| PR Department of Justice | Janet Parra-Mercado | PO Box 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Gordon C. Rhea | 3438 Kronprindsens Gade | GERS BLDG 2nd Floor | St Thomas | VI | 00802 |

**CAFA Notice Service List**
**Email**

| Appropriate Official | Contact Format | State |
|---|---|---|
| Office of the Attorney General for Connecticut | All documents sent to CT AG at their dedicated CAFA email inbox. | CT |
| Office of the Attorney General for Nevada | All documents sent to NV AG at their dedicated CAFA email inbox. | NV |
| Office of the Attorney General for New York | All documents sent to NY AG at their dedicated CAFA email inbox. | NY |

**CAFA Notice Service List**

**UPS**

| Appropriate Official | FullName | Address1 | Address2 | City | State |
|---|---|---|---|---|---|
| US Department of Justice | Pamela Bondi | 950 Pennsylvania Ave NW | | Washington | DC |

Attachment 2

**CAFA NOTICE ADMINISTRATOR**
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

April 2, 2025

**VIA UPS OR USPS PRIORITY MAIL**

| |
|---|
| **Class Action Fairness Act – Notice to Federal and State Officials** |

Dear Federal and State Officials:

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1715, please find enclosed information from Defendant Transportes Aereos Portugueses, S.A. d/b/a Tap Air Portugal ("Defendant") relating to the proposed settlement of a class action lawsuit.

- **Case:** *Tower v. Transportes Aereos Portugueses, S.A. d/b/a Tap Air Portugal,* Case No. 2:22-cv-6746-JKS-SDA.

- **Court:**  United States District Court District of New Jersey.

- **Defendant:** Transportes Aereos Portugueses, S.A. d/b/a Tap Air Portugal.

- **Documents Enclosed**:  In accordance with the requirements of 28 U.S.C. § 1715, please find copies of the following documents associated with this action on the enclosed CD:

  1. **Per 28 U.S.C. § 1715(b)(1) – Complaint and Any Amended Complaints:**

     - Class Action Complaint (filed November 23, 2022).

  2. **Per 28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:**  The Court has scheduled a preliminary approval hearing on April 7, 2025 at 9:30 a.m. before Magistrate Judge Adams at the Frank R. Lautenberg Post Office and U.S. Courthouse, 2 Federal Square, Courtroom 9, Newark, NJ 07102.

  3. **Per 28 U.S.C. § 1715(b)(3) – Notification to Class Members:**

     - Long Form Class Notice *(Exhibit A to the Settlement Agreement and Release)*;

     - Postcard Notice *(Exhibit B to the Settlement Agreement and Release);*

     - Email Notice *(Exhibit C to the Settlement Agreement and Release);* and

     - Claim Form *(Exhibit D to the Settlement Agreement and Release).*

  4. **Per 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:**  The following documents are included:

     - Notice of Plaintiff's Unopposed Motion for Preliminary Approval;

     - Memorandum of Law in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, and Appointment of Class Representatives and Class Counsel for the Settlement Class;

**CAFA NOTICE ADMINISTRATOR**
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

- Joint Declaration of James E. Cecchi and Raymond D. Sulentic in Support of Motion for Preliminary Approval of Class Action Settlement;

  o Class Action Settlement Agreement and Release *(Exhibit 1 to the Cecchi and Sulentic's Declaration);*

- Order Granting Preliminary Approval of Class Action Settlement.

5. **Per 28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreements:** There are no other Settlements or Agreements between the parties.

6. **Per 28 U.S.C. § 1715(b)(6) – Final Judgment or Notice of Dismissal:** To date, the Court has not issued a final order, judgment or dismissal in the above-referenced action.

7. **Per 28 U.S.C. § 1715(b)(7) – Estimate of Class Members:** The Class consists of all ticketholders who are citizens of the United States who purchased with dollars a flight scheduled to depart between March 1, 2020 through December 31, 2021 (a) that TAP canceled; (b) who requested a refund for the ticket as reflected in TAP's customer care, refund databases, call logs or other information within its possession, custody, or control; (c) did not receive a refund before a claim has been submitted and paid; and (d) who have not used any portion of any flight credit issued in connection with the canceled flight document. For purposes of (a) above, flights that TAP canceled in response to a government order, if any, shall not be excluded.

   Defendants will make available to Class Counsel and the Settlement Administrator the Class List no later than 10 days after entry of the Preliminary Approval Order for the Notice Program.

8. **Per 28 U.S.C. § 1715(b)(8) – Judicial Opinions Related to the Settlement:** To date, the Court has not issued a final order or judgment in the above-referenced action.

If you have questions or concerns about this notice or the enclosed materials, please contact this office.

Sincerely,

CAFA Notice Administrator

Enclosures

**ATTACHMENT 2**

# If you purchased an airline ticket from Transportes Aereos Portugueses, S.A. (a.k.a. "TAP," a.k.a. "TAP Air Portugal") between March 1, 2020, and December 31, 2021, you could get a payment from a class action settlement.

*A federal court authorized this Notice. This is not junk mail, an advertisement, or a solicitation from a lawyer.*

A settlement has been reached with TAP Inc. and those of its affiliates and subsidiaries related to TAP's alleged cancellation of flights during the above timeframe without providing full refunds.

Plaintiffs allege that TAP failed to provide full refunds for flights it cancelled during the above time frame. TAP denies the allegations made in the lawsuit and denies that anyone was harmed due to anything TAP did. The Court has not decided who is right. Instead, the parties agreed to a settlement.

**Who is included?** You received this notice because TAP's records indicate you may be included in the Settlement. You are a "Settlement Class Member" if you purchased airfare from TAP between March 1, 2020, and December 31, 2021, TAP cancelled your flight, and you did not receive a full refund after you asked for one.

**What can you get?** TAP has agreed to (1) pay a full cash refund plus seven percent (7%) to Settlement Class Members who submit a valid Claim Form and whose claims are determined to be valid and (2) to cover notice and claims administration costs and payments. Further details regarding the claims submission and verification process are available at TAPAirPortugalSettlement.com.

**How much will my cash payment be?** If your claim is determined to be valid, you will receive 100% of your ticket price, plus seven percent (7%). For example, if your ticket price was, hypothetically, $1,000, you would receive a cash payment of $1,070.

**Your options.** To be eligible to receive a cash payment, you must submit a valid Claim Form by **August 5, 2025**. Claim Forms may be submitted online, by mail, or by email. If you do not want to receive a cash payment and do not want to be legally bound by this Settlement, you must exclude yourself by **September 15, 2025**. Unless you exclude yourself, you will not be able to sue TAP for any claim that was or could have been asserted in this lawsuit or is released by the Settlement Agreement. If you stay in the Settlement (i.e., you do not exclude yourself), you may object and notify the Court that you or your lawyer intend to appear at the Court's Final Approval Hearing. Objections are due **September 15, 2025**. For more information, including the Claim Form, full Notice, and Settlement Agreement, go to TAPAirPortugalSettlement.com.

**The Final Approval Hearing.** The Court will hold a hearing in this case (*Tower v. TRANSPORTES AEREOS PORTUGUESES, S.A. D/B/A TAP AIR PORTUGAL*, No. 2:22-cv-6746) on **October 23, 2025,** at 10:00 a.m. ET in the Frank Lautenberg Post Office & U.S. Courthouse, 2 Federal Square, Newark, NJ 07102. At the hearing, the Court will consider whether to approve the Settlement, attorneys' fees, costs, and expenses, and an incentive award for each of the two Class Representatives. You or your own lawyer may appear at the hearing at your own expense.

For more information, go to TAPAirPortugalSettlement.com or call 1-888-871-7940.

$$VariableData$$

{\opt_out}

AL358_v03

**ATTACHMENT 3**

**If you purchased an airline ticket from Transportes Aereos Portugueses, S.A. (a.k.a. "TAP," a.k.a. "TAP Air Portugal") between March 1, 2020, and December 31, 2021, you could get a payment from a class action settlement.**

*A federal court authorized this Notice. This is not junk mail, an advertisement, or a solicitation from a lawyer.*

You previously received notice of a settlement in a class action lawsuit that makes claims against TAP Air Portugal. You have been identified as a potential Settlement Class Member. **To receive a settlement payment, you must submit a valid Claim Form by August 5, 2025**.

**Who is included?** You received this Notice because TAP's records indicate you may be included in the Settlement. You are a "Settlement Class Member" if you purchased airfare from TAP between March 1, 2020, and December 31, 2021, TAP cancelled your flight, and you did not receive a full refund after you asked for one.

**What can you get?** TAP has agreed to (1) pay a full cash refund plus seven percent (7%) to Settlement Class Members who submit a valid Claim Form and whose claims are determined to be valid and (2) to cover notice and claims administration costs and payments. Further details regarding the claims submission and verification process are available at TAPAirPortugalSettlement.com.

**How much will my cash payment be?** If your claim is determined to be valid, you will receive 100% of your ticket price, plus seven percent (7%). For example, if your ticket price was, hypothetically, $1,000, you would receive a cash payment of $1,070.

**Your options.** To be eligible to receive a cash payment, you must submit a valid Claim Form by **August 5, 2025**. Claim Forms may be submitted online or by mail. If you do not want to receive a cash payment and do not want to be legally bound by this Settlement, you must exclude yourself by **September 15, 2025**. Unless you exclude yourself, you will not be able to sue TAP for any claim that was or could have been asserted in this lawsuit or is released by the Settlement Agreement. If you stay in the Settlement (i.e., you do not exclude yourself), you may object and notify the Court that you or your lawyer intend to appear at the Court's Final Approval Hearing. Objections are due **September 15, 2025**. For more information, including the Claim Form, full Notice, and Settlement Agreement, go to TAPAirPortugalSettlement.com.

**The Final Approval Hearing.** The Court will hold a hearing in this case (*Tower v. TRANSPORTES AEREOS PORTUGUESES, S.A. D/B/A TAP AIR PORTUGAL*, No. 2:22-cv-6746) on **October 23, 2025**, at 10:00 a.m. ET in the Frank Lautenberg Post Office and U.S. Courthouse, 2 Federal Square, Newark, NJ 07102. At the hearing, the Court will consider whether to approve the Settlement, attorneys' fees, costs, and expenses, and an incentive award for each of the two Class Representatives. You or your own lawyer may appear at the hearing at your own expense.

For more information, go to TAPAirPortugalSettlement.com or call 1-888-871-7940.

$$VariableData$$

---

{\opt_out}

AL497_v01

**<u>ATTACHMENT 4</u>**

Tower v. TAP
Settlement Administrator
P.O. Box 2470
Portland, OR 97208-2470

BARCODE
NO-PRINT
ZONE

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO. 2882

**Legal Notice**
*A federal court authorized this Notice.*
*This is not junk mail, an advertisement, or a*
*solicitation from a lawyer.*

If you purchased an airline ticket from
Transportes Aereos Portugueses, S.A. aka
"TAP" aka "TAP Air Portugal" between
March 1, 2020, and December 31, 2021,
and your flight was canceled, you might
be eligible to get a payment from a
class action settlement. 1-888-871-7940
www.TAPAirPortugalSettlement.com

Unique ID: <<UniqueID>>  PIN: <<PIN>>

<<MAIL ID>>
<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

## Barcode No-Print Zone

A settlement has been reached with TAP, Inc. and those of its affiliates and subsidiaries related to TAP's alleged cancellation of flights during the above timeframe without providing full refunds. Plaintiffs allege that TAP failed to provide full refunds for flights it canceled during the above time frame. TAP denies the allegations made in the lawsuit and denies that anyone was harmed due to anything TAP did. The Court has not decided who is right. Instead, the parties agreed to a settlement.

**Who is included?** You received this Notice because TAP's records indicate you may be included in the Settlement. You are a "Settlement Class Member" if you, between March 1, 2020, and December 31, 2021, purchased airfare from TAP, TAP canceled your flight, and did not provide a full refund after you asked for one.

**What can you get?** TAP has agreed to (1) pay a full cash refund plus seven percent (7%) to Settlement Class Members who submit a valid Claim Form and whose claims are found to be valid and (2) to cover notice and claims administration costs and payments.

**How much will my cash payment or voucher be**? It will be for 100% of your ticket price, plus seven percent (7%). That is, if your ticket price was, hypothetically, $1,000, you would receive a cash payment for $1,070.

**Your options.** To be eligible to receive a cash payment, you must submit a valid Claim Form by **August 5, 2025**. Claim Forms may be submitted online or by mail. If you do not want to receive a cash payment and do not want to be legally bound by this Settlement, you must exclude yourself by **September 15, 2025.** Unless you exclude yourself, you will not be able to sue TAP for any claim that was or could have been asserted in this lawsuit or is released by the Settlement Agreement. If you stay in the Settlement (do not exclude yourself), you may object and notify the Court that you or your lawyer intend to appear at the Court's Final Approval Hearing. Objections are due by **September 15, 2025.** For more information, including the Claim Form, full Notice, and Settlement Agreement, go to TAPAirPortugalSettlement.com.

**The Final Approval Hearing.** The Court will hold a hearing in this case on **October 23, 2025, at 10:00 a.m. ET** in the Frank Lautenberg Post Office & U.S. Courthouse, 2 Federal Square, Newark, NJ 07102. At the hearing, the Court will consider whether to approve the Settlement, attorneys' fees, costs, and expenses, and a Service Award for each of the two Class Representatives. You or your own lawyer may appear at the hearing at your own expense.

AL3282 v.02

**ATTACHMENT 5**

**MAIL ID**

*0000PLACEHOLDER0000*

**TO RECEIVE A PAYMENT FROM THE SETTLEMENT FUND,**
**YOU MUST COMPLETE A CLAIM FORM AND SUBMIT IT BY AUGUST 5, 2025.**

## STEP 1 - DIRECTIONS

Fill out the boxes with the information requested below. Please print legibly. You must provide documentation showing your ticket purchase(s) and date(s) of flight(s) for all claimed TAP-canceled flight travel for which you did not receive a full refund. You must sign the certification. Settlement amounts, if any, will be paid only to the person listed below.

## STEP 2 - CLAIMANT INFO

First Name                                                    MI        Last Name

Current Mailing Address

City                                                                    State        ZIP Code

Email Address Provided in Booking Process **(REQUIRED)**

Current Email Address (if different from above) **(REQUIRED)**

Telephone number

**Total No. of Tickets Purchased (REQUIRED):**

**Total Cost of Purchased Tickets (REQUIRED):**    $ _____ • ___

Questions? Visit **TAPAirPortugalSettlement.com** or call **1-888-871-7940.**

01-CA40084485

AL3382 v.03

MAIL ID
*0000PLACEHOLDER0000*

| Ticket No. | Flight Date (MM-DD-YYYY) | | | Date of Refund Request (MM-DD-YYYY) | | | Means (Check One) | Remaining Credit |
|---|---|---|---|---|---|---|---|---|
| | MM | DD | YYYY | MM | DD | YYYY | ☐ Phone ☐ Email ☐ Online Form | $ |
| | MM | DD | YYYY | MM | DD | YYYY | ☐ Phone ☐ Email ☐ Online Form | $ |
| | MM | DD | YYYY | MM | DD | YYYY | ☐ Phone ☐ Email ☐ Online Form | $ |
| | MM | DD | YYYY | MM | DD | YYYY | ☐ Phone ☐ Email ☐ Online Form | $ |

*If you are claiming more tickets than those listed above, on a separate sheet of paper please list all additional ticket numbers and provide the associated dates of flights.*

*If you have a confirmation email from TAP verifying the submission of a refund request, please upload or attach it with this form.*

Questions? Visit **TAPAirPortugalSettlement.com** or call **1-888-871-7940.**

02-CA40084485

MAIL ID
*0000PLACEHOLDER0000*

AG3383 v.03

## STEP 3 - CERTIFICATION

By submitting this Claim Form, I hereby certify that:

I am the person listed above, and I purchased one or more tickets for TAP Air Portugal flights scheduled to depart between March 1, 2020, and December 31, 2021, and the flight(s) was (were) canceled by TAP Air Portugal. I requested a refund, and I did not receive a refund as of the date of this submission.

*I certify that the above statement is true and correct, and I believe I am a Settlement Class Member entitled to the relief requested by submitting this Claim Form and supporting documentation. By signing below, I give permission to the Settlement Administrator and TAP to review and research my claimed ticket information. I understand that I may be contacted by the Settlement Administrator to provide additional information as necessary to process any payment under the Settlement. I am a U.S. citizen.*

Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Date: [  ][  ] – [  ][  ] – [  ][  ][  ][  ]
        MM        DD            YYYY

Signature

Print Name

## METHOD OF SUBMISSION

You must submit your completed and signed Claim Form and supporting documentation via U.S. Mail to the Settlement Administrator at the below address:

*Tower v. TAP*

Settlement Administrator

P.O. Box 2470

Portland, OR 97208-2470

**Your submission must be postmarked no later than August 5, 2025.**

03-CA40084485

**ATTACHMENT 6**

If you purchased an airline ticket from Transportes Aereos Portugueses, S.A *aka* "TAP" *aka* "TAP Air Portugal" between March 1, 2020, and December 31, 2021, you could get a payment from a class action settlement.

*A federal court authorized this Notice. It is not a solicitation from a lawyer.*

- A settlement has been reached with TAP Inc. and those of its affiliates and subsidiaries related to TAP's alleged cancellation of flights during the above timeframe without providing full refunds.

- TAP has agreed to settle the lawsuit and provide cash payments to customers who are eligible to participate in the settlement. Those included in the settlement may receive *a full cash refund for eligible travel and an additional seven percent cash*.

- You are included in this settlement as a Settlement Class Member if you purchased airfare from TAP between March 1 2020, and December 31, 2021, and requested but did not receive a full refund for canceled travel during that period.

- Your rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM DEADLINE: AUGUST 5, 2025** | This is the only way you can receive a cash payment from this settlement. If you submit a Claim Form, you will give up the right to sue TAP in a separate lawsuit about the legal claims this settlement resolves. |
| **ASK TO BE EXCLUDED DEADLINE: SEPTEMBER 15, 2025** | This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against TAP related to the legal claims this settlement resolves. However, you will give up the right to get a cash payment from this settlement. |
| **OBJECT TO THE SETTLEMENT DEADLINE: SEPTEMBER 15, 2025** | If you do not exclude yourself from the settlement, you may object to it by writing to the Court about why you don't like the settlement. If you object, you may also file a claim for a cash payment. |
| **GO TO A HEARING ON OCTOBER 23, 2025** | You may object to the settlement and ask the Court for permission to speak at the Final Approval Hearing about your objection. |
| **DO NOTHING** | You will not get a cash payment from this settlement, and you will give up the right to sue, continue to sue, or be part of another lawsuit against TAP about the legal claims resolved by this settlement. |

- These rights and options—*and the deadlines to exercise them*—are explained in this Notice

- The Court in charge of this case still has to decide whether to approve the settlement.

**Questions? Call 1-888-871-7940 toll-free or visit TAPAIRPORTUGALSETTLEMENT.COM.**

1

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ...................................................................................................**PAGE 3**

    1. Why was this Notice issued?
    2. What is this lawsuit about?
    3. What is a class action?
    4. Why is there a settlement?

**WHO IS INCLUDED IN THE SETTLEMENT**.....................................................................**PAGE 3**

    5. How do I know whether I am part of the settlement?
    6. Are there exceptions to being included?
    7. What if I am still not sure whether I am part of the settlement?

**THE SETTLEMENT BENEFITS: WHAT YOU GET IF YOU QUALIFY** .............................**PAGE 3**

    8. What does the settlement provide?
    9. How much will my cash payment be?

**HOW TO GET A CASH PAYMENT: SUBMITTING A CLAIM FORM**................................**PAGE 4**

    10. How do I get a cash payment from the settlement?
    11. When will I get my cash payment?
    12. What rights am I giving up to get a cash payment and stay in the Settlement Class?
    13. What are the Released Claims?

**THE LAWYERS REPRESENTING YOU**...........................................................................**PAGE 4**

    14. Do I have a lawyer in this case?
    15. How will the lawyers be paid?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ......................................................**PAGE 5**

    16. How do I get out of the settlement?
    17. If I exclude myself, can I still get a cash payment from this settlement?
    18. If I do not exclude myself, can I sue TAP for the same legal claims later?

**OBJECTING TO THE SETTLEMENT** ..............................................................................**PAGE 5**

    19. How do I tell the Court that I do not like the settlement?
    20. May I come to Court to speak about my objection?
    21. What is the difference between objecting to the settlement and asking to be excluded from it?

**THE COURT'S FINAL APPROVAL HEARING** .................................................................**PAGE 6**

    22. When and where will the Court decide whether to approve the settlement?
    23. Do I have to come to the hearing?
    24. May I speak at the hearing?

**IF YOU DO NOTHING** ....................................................................................................**PAGE 7**

    25. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ...................................................................................**PAGE 7**

    26. How do I get more information?

**Questions? Call 1-888-871-7940 toll-free or visit
TAPAIRPORTUGALSETTLEMENT.COM.**

# Basic Information

## 1.    Why was this Notice issued?

A Court authorized this Notice because you have a right to know about the proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to grant final approval to the settlement. This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, and who can get them.

Magistrate Judge Stacy D. Adams of the United States District Court for the District of New Jersey is overseeing the settlement and matters related to the settlement in this class action. The case is known as *Tower v. Transportes Aereos Portugueses, S.A.*, Case No. 2:22-cv-6746-JKS-SDA (D.N.J.) ("Tower v. TAP" or the "Action"). The person who filed this lawsuit is called the "Plaintiff" and the company he sued, TAP, is called the "Defendant."

## 2.    What is this lawsuit about?

This lawsuit is about whether TAP Air Portugal ("TAP") violated contractual and legal obligations by failing to refund customers for flights it canceled during the COVID-19 pandemic. Plaintiffs allege that TAP withheld funds unlawfully, causing financial harm to customers. TAP denies all allegations of wrongdoing. A settlement has been proposed to resolve this matter without further litigation. The Court has not decided in favor of either party.

## 3.    What is a class action?

In a class action, one or more people called "Class Representatives" (in this case, Tower) sues on behalf of other people with similar claims. Together, the people included in the class action are called a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 4.    Why is there a settlement?

The Court did not decide in favor of the Class Representatives or TAP. Instead, both parties agreed to a settlement. This way, they avoid the cost and burden of a trial, and the people affected can get benefits. The Class Representatives and their attorneys think the settlement is best for all Class Members.

# Who Is Included In The Settlement

## 5.    How do I know whether I am part of the settlement?

The settlement includes all individuals who purchased airline tickets from TAP between January 1, 2020, and December 31, 2021, whose flights were canceled by TAP, and who did not receive a refund.

## 6.    Are there exceptions to being included?

Yes. The settlement does not include: (a) the directors, officers, employees, and attorneys of TAP and its subsidiaries or any other entity in which TAP has a controlling interest; (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with the procedures approved by the Court.

## 7.    What if I am still not sure whether I am part of the settlement?

If you are not sure whether you are included, call 1-888-871-7940, go to TAPAirPortugalSettlement.com, or write to one of the lawyers listed in Question 14 below.

**Questions? Call 1-888-871-7940 toll-free or visit TAPAIRPORTUGALSETTLEMENT.COM.**

3

## The Settlement Benefits: What You Get If You Qualify

| | |
|---|---|
| **8.** | **What does the settlement provide?** |

TAP has agreed to (a) provide cash payments to Settlement Class Members who submit valid Claim Forms; (b) cover notice and claims administration costs and; (c) pay for Class Counsel's attorneys' fees, as further described below.

| | |
|---|---|
| **9.** | **How much will my cash payment be?** |

TAP has agreed to make full refunds plus seven percent additional compensation. For example, if you incurred $1,000 in ticket purchases for travel on TAP during the Class Period and have requested but not received a refund, you would receive $1,070 (i.e., a full refund plus seven percent).

## How To Get A Cash Payment: Submitting A Claim Form

| | |
|---|---|
| **10.** | **How much will my cash payment be?** |

You must complete and submit a claim form by **August 5, 2025**. Claim forms may be submitted online at TAPAirPortugalSettlement.com or printed from the website and submitted to the Settlement Administrator. Claim Forms are also available by calling 1-888-871-7940 or by writing to the Settlement Administrator at: *Tower v. TAP* Settlement Administrator, P.O. Box 2470, Portland, OR 97208-2470. Proof of purchase is required, and you must certify on your Claim Form that you made a qualifying purchase. All claims are subject to review and verification by the Settlement Administrator.

Further, TAP may object to any Claim Form by providing proof that a refund payment was made to that Settlement Class Member. Upon submission of such proof of payment, a Settlement Class Member may provide proof to the Settlement Administrator that the refund payment was not received, credited, or deposited (for example, through a change of address form, supplemental declaration, credit card cancellation notice, or a monthly statement from their bank). If the Settlement Class Member certifies that no payment was received, provides proof over any objection from TAP, and if the submitted claim is otherwise timely and compliant, such claim shall be deemed valid.

| | |
|---|---|
| **11.** | **When would I receive my refund?** |

The Court will hold a hearing on **October 23, 2025**, to decide whether to grant final approval of the settlement. If the Court approves the settlement, there may be appeals. It is always uncertain whether appeals will be filed and if so, how long it will take to resolve them. Settlement payments will be distributed as soon as possible, only if, and when, the Court grants final approval of the settlement and after any appeals are resolved or the time to file an appeal (after final approval) has passed.

| | |
|---|---|
| **12.** | **What rights am I giving up to get a cash payment and stay in the Settlement Class?** |

Unless you exclude yourself, you are staying in the Settlement Class. If the settlement is approved and becomes final, all the Court's orders will apply to you and legally bind you. You won't be able to sue, continue to sue, or be part of any other lawsuit against TAP or the Released Persons (*see* Question 13) about the legal issues resolved by this settlement. The rights you are giving up are called "Released Claims."

| | |
|---|---|
| **13.** | **What are the Released Claims?** |

If, and when, the settlement becomes final, Settlement Class Members will permanently release TAP and each and all of its current, former, and future affiliates, parents, subsidiaries, successors, and assigns, and each and all of its respective present or former representatives, officers, agents, directors, partners, principals, employees, insurers, successors, assigns, and attorneys, except for claims asserted by the Class Representatives to enforce the settlement. More details about the claims you will be releasing are described in paragraphs 110-115 of the Settlement Agreement, available at TAPAirPortugalSettlement.com.

**Questions? Call 1-888-871-7940 toll-free or visit TAPAIRPORTUGALSETTLEMENT.COM.**

4

## The Lawyers Representing You

**14.    Do I have a lawyer in this case?**

Yes. Judge Adams appointed Glancy Prongay & Murray, LLP and Carella Byrne Cecchi Brody & Agnello, P.C to represent you and other Settlement Class Members as "Class Counsel." These law firms are experienced in handling similar cases. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**15.    How will the lawyers be paid?**

Class Counsel will ask the Court for an award of attorneys' fees and expenses of up to $800,000. They will also ask the Court to approve $5,000 Service Awards for each of the two Class Representatives. The Court may award less than these amounts. Any amounts awarded by the Court will be paid by TAP separately and will not affect the amount available for cash payments to Settlement Class Members.

## Excluding Yourself From The Settlement

If you want to keep the right to sue or continue to sue TAP related to the legal claims in this case, and/or you do not want to receive a cash payment from this settlement, you must take steps to get out of the Settlement Class. This is called excluding yourself from or opting out of the settlement.

**16.    How do I get out of the settlement?**

To exclude yourself from the Settlement Class, you must submit a written request for exclusion. Your request for exclusion must include: (1) your name; (2) your address; (3) a statement that you are a Settlement Class Member and wish to be excluded from *Tower v. Transportes Aereos Portugueses, S.A. d/b/a TAP Air Portugal*, Case No. 2:22-cv-6746-JKS-SDA (D.N.J.); and (4) your signature. Your request for exclusion must be mailed to the Settlement Administrator at the address below so it is **postmarked** no later than **September 15, 2025**:

*Tower v. TAP*
Settlement Administrator
P.O. Box 2470
Portland, OR 97208-2470

**17.    If I exclude myself, can I still get a cash payment from this settlement?**

No. If you exclude yourself, you are telling the Court that you don't want to be part of the settlement. You can only get a cash payment if you stay in the settlement and submit a valid Claim Form.

**18.    If I do not exclude myself, can I sue TAP for the same legal claims later?**

No. Unless you exclude yourself, you are giving up the right to sue TAP and the Released Persons for the claims that this settlement resolves. You must exclude yourself from *this* lawsuit to start or continue with your own lawsuit or be part of any other lawsuit against TAP or any of the Released Persons.

## Objecting To The Settlement

You can tell the Court if you don't agree with the settlement or any part of it.

**19.    How do I tell the Court that I do not like the settlement?**

If you are a Settlement Class Member, you can object to the settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. Your objection must be in writing and include: (1) a signature by the Settlement Class Member (or his or her attorney, if individually represented); (2) a caption or title that identifies it as "Objection to Class Settlement in *Tower v. Transportes Aereos*

Questions? Call 1-888-871-7940 toll-free or visit
TAPAIRPORTUGALSETTLEMENT.COM.

5

*Portugueses, S.A. d/b/a TAP Air Portugal*, Case No. 2:22-cv-6746-JKS-SDA (D.N.J.)"; (3) information sufficient to identify and contact the objecting Settlement Class Member (or his or her individually hired attorney, if any); (4) a clear and concise statement of the Settlement Class Member's objection; (5) the date(s), time(s), and location(s) that the objector purchased a ticket on TAP and did not receive a refund; (6) the date(s), time(s), and location that the objector sought a refund from TAP; (7) the facts supporting the objection – a specific statement of the legal grounds on which the objection is based, including whether it applies only to the objector, to a specific subset of the class, or to the entire class; (8) the number of times in which the objector and/or his or her counsel has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector and/or his or her counsel has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case; (9) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel or the firm's prior such objections that were issued by the trial and appellate courts in each listed case; (10) any and all agreements that relate to the objection or the process of objecting – whether written or verbal – between objector or objector's counsel and any other person or entity; (11) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and (12) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing. Mail your objection to all three addresses below **postmarked** on or before **September 15, 2025**.

| The Court | Class Counsel | Counsel for Defendant TAP |
|---|---|---|
| United States District Court District of New Jersey Martin Luther King Building & U.S. Courthouse 50 Walnut Street Newark, NJ 07102 973-645-3730 | Jonathan M. Rotter Raymond D. Sulentic GLANCY PRONGAY & MURRAY LLP 1925 Century Park East, Suite 2100 Los Angeles, CA 90067<br><br>James E. Cecchi Donald Ecklund CARELLA BYRNE CECCHI, BRODY & AGNELLO, P.C. 5 Becker Farm Road Roseland, NJ 07068 | James L. Brochin Nathaniel J. Kritzer STEPTOE LLP 1114 Avenue of the Americas New York, NY 10036 Email: jbrochin@steptoe.com |

### 20.    May I come to Court to speak about my objection?

Yes. You or your attorney may speak at the Final Approval Hearing about your objection. To do so, you must include a statement in your objection indicating that you or your attorney intends to appear at the Final Approval Hearing. Remember, your objection must be **postmarked** by **September 15, 2025**, and sent to all three addresses in Question 19.

### 21.    What is the difference between objecting to the settlement and asking to be excluded from it?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you remain a Settlement Class Member (that is, do not exclude yourself). Excluding yourself is telling the Court that you don't want to be part of the settlement. If you exclude yourself, you can't object because the settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

### 22.    When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval Hearing at 10:00 a.m. on **October 23, 2025**, at the Frank Lautenberg Post Office & U.S. Courthouse, 2 Federal Square, Newark, NJ 07102. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. It will also consider whether to approve Class Counsel's request for an

**Questions? Call 1-888-871-7940 toll-free or visit TAPAIRPORTUGALSETTLEMENT.COM.**

6

award of attorneys' fees and expenses, as well as the Class Representatives' incentive awards. If there are objections, the Court will consider them. Judge Adams will listen to people who have asked to speak at the hearing (see Question 20 above). After the hearing, the Court will decide whether to approve the settlement.

## 23.   Do I have to come to the hearing?

No. Class Counsel will answer any questions Judge Adams may have. However, you are welcome to come to the hearing at your own expense. If you send an objection, you do not have to come to court to talk about it. If you mailed your written objection on time, the Court will consider it.

## 24.   May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the hearing by including a statement in your objection indicating that you intend to appear at the Final Approval Hearing (see Question 20 above). You cannot speak at the hearing if you exclude yourself from the Settlement Class.

# IF YOU DO NOTHING

## 25.   What happens if I do nothing at all?

If you are a Settlement Class Member and you do nothing, you will give up the rights explained in Question 13, including your right to start a lawsuit, continue with a lawsuit, or be part of any *other* lawsuit against TAP and the Released Persons about the legal issues resolved by this settlement. In addition, you will not receive a cash payment because you must, at a minimum, submit a valid Claim Form to potentially qualify for a cash payment.

# GETTING MORE INFORMATION

## 26.   How do I get more information?

This Notice summarizes the proposed settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement, Claim Form, and other related documents are available at TAPAirPortugalSettlement.com. Additional information is also available by calling 1-888-871-7940 or by writing to *Tower v. TAP* Settlement Administrator, P.O. Box 2470, Portland, OR 97208-2470. Publicly filed documents can also be obtained by visiting the Martin Luther King Building & U.S. Courthouse during business hours or accessing the Court's online docket via PACER.

**Questions? Call 1-888-871-7940 toll-free or visit TAPAIRPORTUGALSETTLEMENT.COM.**

7

**ATTACHMENT 7**

Si compró un boleto aéreo en Transportes Aereos Portugueses, S.A., *también conocida como* "TAP", *también conocida como* "TAP Air Portugal", entre el 1 de marzo de 2020 y el 31 de diciembre de 2021, podría recibir un pago de una conciliación de demanda colectiva.

*Un tribunal federal autorizó este Aviso. No es una solicitud por parte de un abogado.*

- Se ha llegado a una conciliación con TAP Inc. y sus filiales y subsidiarias en relación con la supuesta cancelación de vuelos por parte de TAP durante el plazo anterior sin proporcionar reembolsos completos.

- TAP ha acordado conciliar la demanda y proporcionar pagos en efectivo a los clientes que cumplen los debidos requisitos para participar en la conciliación. Aquellas personas incluidas en la conciliación pueden recibir ***un reembolso total en efectivo por los viajes incluidos en la conciliación y un siete por ciento adicional en efectivo***.

- Usted está incluido en esta conciliación como Miembro del Grupo de la Conciliación si compró un pasaje aéreo de TAP entre el 1 de marzo de 2020 y el 31 de diciembre de 2021, y solicitó pero no recibió un reembolso completo por viajes cancelados durante ese periodo.

- Independientemente de que usted actúe o no, esta conciliación tendrá efecto sobre sus derechos. Lea este aviso detenidamente.

| SUS DERECHOS Y OPCIONES LEGALES EN ESTA CONCILIACIÓN | |
|---|---|
| **FECHA LÍMITE PARA ENVIAR UN FORMULARIO DE RECLAMACIÓN: 5 DE AGOSTO DE 2025** | Esta es la única forma en la que recibir un pago en efectivo en virtud de esta conciliación. Si presenta un Formulario de reclamación, renunciará al derecho de demandar a TAP en una demanda por separado por las reclamaciones que resuelve la presente conciliación. |
| **FECHA LÍMITE PARA SOLICITAR LA EXCLUSIÓN: 15 DE SEPTIEMBRE DE 2025** | Esta es la única opción que le permite demandar, continuar demandando o ser parte de otra demanda contra TAP en relación con las reclamaciones legales resueltas por esta conciliación. Sin embargo, usted renunciará al derecho de obtener un pago en efectivo de esta conciliación. |
| **FECHA LÍMITE PARA PRESENTAR OBJECIONES A LA CONCILIACIÓN: 15 DE SEPTIEMBRE DE 2025** | Si no se excluye de la conciliación, puede objetarla al escribir al Tribunal por qué no está de acuerdo con la conciliación. Si usted presenta alguna objeción, también puede presentar una reclamación por un pago en efectivo. |
| **ASISTIR A UNA AUDIENCIA EL 23 DE OCTUBRE DE 2025** | Podrá objetar la conciliación y solicitar autorización al Tribunal a fin de hablar en la Audiencia de aprobación definitiva acerca de su objeción. |
| **NO HACER NADA** | Usted no recibirá un pago en efectivo de esta conciliación, y renunciará al derecho de demandar, continuar demandando o ser parte de otra demanda contra TAP en relación con las reclamaciones legales que resuelve esta conciliación. |

- Estos derechos y opciones —así ***como los plazos para ejercerlos***— se explican en este Aviso.

- El Tribunal a cargo de este caso aún no ha aprobado la conciliación.

**¿Tiene alguna pregunta? Llame al número gratuito 1-888-871-7940 o visite TAPAIRPORTUGALSETTLEMENT.COM.**

1

## CONTENIDOS DE ESTE AVISO

**INFORMACIÓN BÁSICA** ...............................................................................................**PÁGINA 3**

    1.  ¿Por qué se emitió este Aviso?
    2.  ¿De qué trata esta demanda?
    3.  ¿Qué es una demanda colectiva?
    4.  ¿Por qué existe una conciliación?

**¿QUIÉNES ESTÁN INCLUIDOS EN LA CONCILIACIÓN?**..........................................**PÁGINA 3**

    5.  ¿Cómo sé si formo parte de la conciliación?
    6.  ¿Hay excepciones para ser incluido?
    7.  ¿Qué hago si todavía no estoy seguro de si formo parte de la conciliación?

**LOS BENEFICIOS DE LA CONCILIACIÓN: ¿QUÉ OBTIENE SI REÚNE LOS REQUISITOS?**....................**PÁGINA 4**

    8.  ¿Qué establece la conciliación?
    9.  ¿A cuánto ascenderá mi pago en efectivo?

**CÓMO OBTENER UN PAGO EN EFECTIVO: ¿CÓMO PRESENTAR UN FORMULARIO DE RECLAMACIÓN?**...............................................................................**PÁGINA 4**

    10.  ¿Cómo recibo un pago en efectivo de la Conciliación?
    11.  ¿Cuándo recibiré mi pago en efectivo?
    12.  ¿A qué derechos renuncio para recibir un pago en efectivo y permanecer en el Grupo de la Conciliación?
    13.  ¿Cuáles son las Reclamaciones Exoneradas?

**LOS ABOGADOS QUE LO REPRESENTAN** ...................................................................**PÁGINA 5**

    14.  ¿Tengo un abogado en este caso?
    15.  ¿Cómo se pagará a los abogados?

**CÓMO EXCLUIRSE DE LA CONCILIACIÓN** ...............................................................**PÁGINA 5**

    16.  ¿Cómo me retiro de la conciliación?
    17.  Si me excluyo, ¿puedo de todos modos obtener un pago en efectivo de esta conciliación?
    18.  Si no me excluyo, ¿puedo demandar a TAP por las mismas reclamaciones legales en el futuro?

**OBJECIONES A LA CONCILIACIÓN**...........................................................................**PÁGINA 6**

    19.  ¿Cómo le digo al tribunal que no me agrada la conciliación?
    20.  ¿Puedo asistir al Tribunal para hablar sobre mi objeción?
    21.  ¿Cuál es la diferencia entre objetar la conciliación y solicitar ser excluido de la misma?

**AUDIENCIA DE APROBACIÓN DEFINITIVA DEL TRIBUNAL** ......................................**PÁGINA 7**

    22.  ¿Cuándo y dónde decidirá el Tribunal si aprueba la conciliación?
    23.  ¿Debo asistir a la audiencia?
    24.  ¿Puedo hablar en la audiencia?

**SI DECIDE NO HACER NADA** ...................................................................................**PÁGINA 7**

    25.  ¿Qué sucede si no hago nada?

**CÓMO OBTENER MÁS INFORMACIÓN** .....................................................................**PÁGINA 7**

    26.  ¿Cómo puedo obtener más información?

**¿Tiene alguna pregunta? Llame al número gratuito 1-888-871-7940 o visite TAPAIRPORTUGALSETTLEMENT.COM.**

# Información básica

## 1.    ¿Por qué se emitió este Aviso?

Un Tribunal autorizó que se cursara este Aviso dado que usted tiene derecho a saber sobre la conciliación propuesta en relación con este juicio de demanda colectiva y acerca de todas sus opciones, antes de que el Tribunal decida si concede la aprobación definitiva a la conciliación. Este Aviso explica la demanda, la conciliación, sus derechos legales y qué beneficios están disponibles, además de quiénes pueden obtenerlos.

La jueza auxiliar federal Stacy D. Adams del Tribunal de Distrito de los Estados Unidos para el Distrito de Nueva Jersey está a cargo de la conciliación y los asuntos relacionados con la conciliación en esta demanda colectiva. El caso se conoce como *Tower v. Transportes Aereos Portugueses, S.A.*, caso n.º 2:22-cv-6746-JKS-SDA (D.N.J.) ("Tower v. TAP" o la "Acción Judicial"). La persona que presentó esta demanda se denomina el "Demandante", y la compañía a la que esté demandó, TAP, se denomina "Demandada".

## 2.    ¿De qué trata esta demanda?

En esta demanda se busca determinar si TAP Air Portugal ("TAP") violó obligaciones contractuales y legales al no reembolsar a los clientes los vuelos que canceló durante la pandemia de COVID-19. Los Demandantes alegan que TAP retuvo fondos de manera ilegal, lo que causó perjuicios financieros a los clientes. TAP niega todas las acusaciones de irregularidades. Se ha propuesto una conciliación para resolver este asunto sin más litigios. El Tribunal no se ha pronunciado a favor de ninguna de las partes.

## 3.    ¿Qué es una demanda colectiva?

En una demanda colectiva, una o más personas, denominadas "Representantes del Grupo" (en este caso, Tower), presentan una demanda en representación de personas que tienen las mismas reclamaciones. Juntas, las personas incluidas en la demanda colectiva se denominan un "Grupo" o los "Miembros del Grupo". Un tribunal resuelve los asuntos para todos los Miembros del Grupo, excepto las personas que se excluyan del Grupo.

## 4.    ¿Por qué existe una conciliación?

El Tribunal no falló a favor de los Representantes del Grupo ni de TAP. En cambio, las partes llegaron a una conciliación. De esta manera, evitan el costo y la carga que supone un juicio, y las personas afectadas pueden obtener beneficios. Los Representantes del Grupo y sus abogados consideran que una conciliación es lo mejor para todos los Miembros del Grupo.

# ¿Quiénes están incluidos en la conciliación?

## 5.    ¿Cómo sé si formo parte de la conciliación?

La conciliación incluye a todas las personas que compraron boletos aéreos de TAP entre el 1 de enero de 2020 y el 31 de diciembre de 2021, cuyos vuelos fueron cancelados por TAP y que no recibieron un reembolso.

## 6.    ¿Hay excepciones para ser incluido?

Sí. La conciliación no incluye: (a) los directores, ejecutivos, empleados y abogados de TAP y sus subsidiarias o cualquier otra entidad en la que TAP tenga una participación mayoritaria; (b) entidades gubernamentales; (c) el Tribunal, la familia inmediata del Tribunal y el personal del Tribunal; y (d) cualquier persona que se excluya del Grupo de la Conciliación en el plazo y forma establecidos, y de conformidad con los procedimientos aprobados por el Tribunal.

## 7.    ¿Qué hago si todavía no estoy seguro de si formo parte de la conciliación?

Si no está seguro de estar incluido, llame al 1-888-871-7940, visite TAPAirPortugalSettlement.com o escriba a uno de los abogados que figuran en la pregunta 14.

**¿Tiene alguna pregunta? Llame al número gratuito 1-888-871-7940 o visite TAPAIRPORTUGALSETTLEMENT.COM.**

## LOS BENEFICIOS DE LA CONCILIACIÓN: ¿QUÉ OBTIENE SI REÚNE LOS REQUISITOS?

### 8.    ¿Qué establece la conciliación?

TAP ha acordado (a) proporcionar pagos en efectivo a los Miembros del Grupo de la Conciliación que presenten Formularios de Reclamación válidos; (b) cubrir los costos de aviso y administración de reclamaciones y; (c) pagar los honorarios de servicios jurídicos de los Abogados del Grupo, según se describe de manera detallada más adelante.

### 9.    ¿A cuánto ascenderá mi pago en efectivo?

TAP ha acordado realizar reembolsos completos más una compensación adicional del siete por ciento. Por ejemplo, si usted incurrió en $1,000 en compras de boletos para viajar en TAP durante el Periodo del Grupo y solicitó pero no recibió un reembolso, usted recibiría $1,070 (es decir, un reembolso completo más el siete por ciento).

## CÓMO OBTENER UN PAGO EN EFECTIVO: CÓMO PRESENTAR UN FORMULARIO DE RECLAMACIÓN

### 10.    ¿A cuánto ascenderá mi pago en efectivo?

Debe completar y presentar un formulario de reclamación a más tardar el **5 de agosto de 2025**. Los Formularios de reclamación pueden presentarse en línea en TAPAirPortugalSettlement.com o imprimirse desde el sitio web y enviarse al Administrador de la Conciliación. Los Formularios de Reclamación también están disponibles si llama al 1-888-871-7940 o escribe al Administrador de la Conciliación la siguiente dirección: *Tower v. TAP* Settlement Administrator, P.O. Box 2470, Portland, OR 97208-2470. Se requiere un comprobante de compra, y usted debe certificar en su Formulario de reclamación que realizó una compra incluida en la conciliación. Todas las reclamaciones están sujetas a revisión y verificación por parte del Administrador de la Conciliación.

Además, TAP puede objetar cualquier Formulario de reclamación al proporcionar pruebas de que se realizó un pago de reembolso a ese Miembro del Grupo de la Conciliación. Tras la presentación de dicho comprobante de pago, un Miembro del Grupo de la Conciliación podrá proporcionar una prueba al Administrador de la Conciliación de que el pago del reembolso no fue recibido, acreditado o depositado (por ejemplo, a través de un formulario de cambio de dirección, declaración complementaria, aviso de cancelación de tarjeta de crédito o un estado de cuenta mensual de su banco). Si el Miembro del Grupo de la Conciliación certifica que no se recibió ningún pago, proporciona pruebas sobre cualquier objeción de TAP, y si la reclamación presentada es de otro modo oportuna y cumple con los requisitos, dicha reclamación se considerará válida.

### 11.    ¿Cuándo recibiría mi reembolso?

El Tribunal llevará a cabo una audiencia el **23 de octubre de 2025**, para decidir si aprobará o no la conciliación de manera definitiva. Si el Tribunal aprueba la conciliación, puede haber apelaciones. Siempre es incierto si se presentarán apelaciones y, de ser así, cuánto tiempo llevará resolverlas. Los pagos de la conciliación se distribuirán tan pronto como sea posible, solo si, y cuando, el Tribunal otorgue la aprobación definitiva de la conciliación y después de que se resuelva cualquier apelación o haya pasado el tiempo para presentar una apelación (después de la aprobación definitiva).

### 12.    ¿A qué derechos renuncio para recibir un pago en efectivo y permanecer en el Grupo de la Conciliación?

A menos que se excluya, seguirá formando parte del Grupo de la Conciliación. Si se aprueba la conciliación y esta adquiere carácter definitivo, todas las órdenes del Tribunal se aplicarán a usted y estará legalmente vinculado por las mismas. No podrá demandar, continuar demandando ni ser parte de ninguna otra demanda contra TAP o las Personas Exoneradas (*consulte* la pregunta 13) sobre los asuntos legales resueltos por esta conciliación. Los derechos a los que usted renuncia se denominan "Reclamaciones Exoneradas".

### 13.    ¿Cuáles son las Reclamaciones Exoneradas?

Si, y cuando, la conciliación sea definitiva, los Miembros del Grupo de la Conciliación exonerarán de forma permanente a TAP y a todas y cada una de sus entidades filiales, matrices, subsidiarias, sucesoras y cesionarias actuales, pasadas y futuras, así como a todos y cada uno de sus respectivos representantes, ejecutivos, agentes, directores, socios, mandantes, empleados, aseguradoras, sucesores, cesionarios y abogados actuales o pasados, salvo en lo que respecta a las reclamaciones presentadas por los Representantes del Grupo para hacer cumplir la conciliación. En los párrafos 110 a 115 del Acuerdo de Conciliación, disponibles en TAPAirPortugalSettlement.com, se presentan más detalles sobre las reclamaciones a las que renunciará.

**¿Tiene alguna pregunta? Llame al número gratuito 1-888-871-7940 o visite TAPAIRPORTUGALSETTLEMENT.COM.**

## LOS ABOGADOS QUE LO REPRESENTAN

### 14.  ¿Tengo un abogado en este caso?

Sí. La jueza Adams designó a Glancy Prongay & Murray, LLP y Carella Byrne Cecchi Brody & Agnello, P.C. para que los representen a usted y a otros Miembros del Grupo de la Conciliación en calidad de "Abogados del Grupo". Estos estudios de abogados tienen experiencia en la gestión de causas similares. A usted no se le cobrarán los servicios de estos abogados. Si desea ser representado por su propio abogado, puede contratar a uno por su propia cuenta y cargo.

### 15.  ¿Cómo se pagará a los abogados?

Los Abogados del Grupo solicitarán al Tribunal una asignación de honorarios de servicios jurídicos y gastos por hasta $800,000. También le pedirán al Tribunal que apruebe una Adjudicación por Servicios por $5,000 para cada uno de los dos Representantes del Grupo. El Tribunal puede adjudicar montos menores que estos. Cualquier monto otorgado por el Tribunal será pagado por TAP por separado y no afectará el monto disponible para los pagos en efectivo a los Miembros del Grupo de la Conciliación.

## CÓMO EXCLUIRSE DE LA CONCILIACIÓN.

Si desea conservar el derecho de demandar a TAP en relación con las reclamaciones legales de este caso, y/o no desea recibir un pago en efectivo de esta conciliación, usted debe tomar las medidas necesarias para salirse del Grupo de la Conciliación. Esto se conoce cómo excluirse o retirarse de la conciliación.

### 16.  ¿Cómo me retiro de la conciliación?

Para excluirse del Grupo de la Conciliación, debe enviar una solicitud de exclusión por escrito. Su solicitud de exclusión debe incluir: (1) su nombre; (2) su dirección; (3) una declaración de que usted es un Miembro del Grupo de la Conciliación y desea ser excluido de *Tower v. Transportes Aereos Portugueses, S.A. d/b/a TAP Air Portugal*, caso n.º 2:22-cv-6746-JKS-SDA (D.N.J.); y (4) su firma. Su solicitud de exclusión debe enviarse por correo al Administrador de la Conciliación a la dirección que figura a continuación de manera que tenga **matasellos postal** fechado a más tardar el **15 de septiembre de 2025**:

*Torre v. TAP*
Settlement Administrator
P.O. Box 2470
Portland, OR 97208-2470

### 17.  Si me excluyo, ¿puedo de todos modos obtener un pago en efectivo de esta conciliación?

No. Al excluirse, usted le indica al Tribunal que no quiere formar parte de la conciliación. Solo puede recibir un pago en efectivo si permanece en la conciliación y presenta un Formulario de Reclamación válido.

### 18.  Si no me excluyo, ¿puedo demandar a TAP por las mismas reclamaciones legales en el futuro?

No. A menos que solicite ser excluido, renuncia al derecho de demandar a TAP y a las Personas Exoneradas por las reclamaciones que resuelve la presente conciliación. Debe solicitar ser excluido de *esta* demanda para poder iniciar su propia demanda o continuar con su propia demanda, o ser parte de cualquier otra demanda contra TAP o cualquiera de las Personas Exoneradas.

**¿Tiene alguna pregunta? Llame al número gratuito 1-888-871-7940 o visite TAPAIRPORTUGALSETTLEMENT.COM.**

5

# OBJECIONES A LA CONCILIACIÓN

Usted puede comunicar al Tribunal su disconformidad con la conciliación o con alguna parte de esta.

**19.    ¿Cómo le digo al tribunal que no me agrada la conciliación?**

Si es Miembro del Grupo de la Conciliación, usted puede objetar la conciliación si no le gusta total o parcialmente. Puede exponer las razones por las cuales cree que el Tribunal no debe aprobarla. El Tribunal considerará sus opiniones. Su objeción debe ser por escrito e incluir: (1) una firma del Miembro del Grupo de la Conciliación (o su abogado, si se representa individualmente); (2) un texto o título que la identifique como "Objeción a la Conciliación del Grupo en el caso *Tower v. Transportes Aereos Portugueses, S.A. que opera comercialmente como TAP Air Portugal*, caso n.º 2:22-cv-6746-JKS-SDA (D.N.J.)" (Objection to Class Settlement in Tower v. Transportes Aereos Portugueses, S.A. d/b/a TAP Air Portugal, Case No. 2:22-cv-6746-JKS-SDA (D.N.J.)); (3) información suficiente para identificar y comunicarse con el Miembro del Grupo de la Conciliación que presenta la objeción (o su abogado contratado individualmente, si lo tuviera); (4) una declaración clara y concisa de la objeción del Miembro del Grupo de la Conciliación; (5) las fechas, horas y ubicaciones en las que el objetor compró un boleto en TAP y no recibió un reembolso; (6) la fechas, horas y ubicaciones en las que el objetor solicitó un reembolso a TAP; (7) los hechos que respaldan la objeción, es decir, una declaración específica de los fundamentos legales en los que se basa la objeción, lo que incluye explicar si se aplica solo al objetor, a un subconjunto específico del grupo o a todo el grupo; (8) la cantidad de veces en que el objetor o su abogado han objetado un acuerdo de demanda colectiva dentro de los cinco años anteriores a la fecha en que el objetor presenta la objeción, el título de cada caso en el que el objetor o su abogado hayan interpuesto dicha objeción, y una copia de cualquier orden relacionada con o que se pronuncie sobre las objeciones previas del objetor que haya sido emitida por los tribunales de primera instancia y apelación en cada caso indicado; (9) la cantidad de veces en las que el abogado del objetor o el bufete de abogados del abogado del objetor han objetado un acuerdo de demanda colectiva dentro de los cinco años anteriores a la fecha en que el objetor presenta la objeción, el título de cada caso en el que el abogado o el estudio de abogados hayan interpuesto dicha objeción, y una copia de cualquier orden relacionada con o que se pronuncie sobre las objeciones previas del abogado o del estudio de abogados que haya sido emitida por los tribunales de primera instancia y apelación en cada caso detallado; (10) todos y cada uno de los acuerdos que se relacionen con la objeción o el proceso de objeción, ya sean escritos o verbales, entre el objetor o el abogado del objetor y cualquier otra persona o entidad; (11) una lista de todas las personas que serán convocadas para testificar en la Audiencia de aprobación definitiva en respaldo de la objeción; y (12) una declaración que confirme si el objetor tiene la intención de comparecer o testificar personalmente en la Audiencia de aprobación definitiva. Envíe su objeción por correo a las tres direcciones que figuran a continuación **con matasellos fechado** a más tardar el **15 de septiembre de 2025**.

| El Tribunal | Abogados del Grupo | Abogados de la Demandada TAP |
|---|---|---|
| United States District Court District of New Jersey Martin Luther King Building & U.S. Courthouse 50 Walnut Street Newark, NJ 07102 973-645-3730 | Jonathan M. Rotter Raymond D. Sulentic GLANCY PRONGAY & MURRAY LLP 1925 Century Park East, Suite 2100 Los Angeles, CA 90067<br><br>James E. Cecchi Donald Ecklund CARELLA BYRNE CECCHI, BRODY & AGNELLO, P.C. 5 Becker Farm Road Roseland, NJ 07068 | James L. Brochin Nathaniel J. Kritzer STEPTOE LLP 1114 Avenue of the Americas Nueva York, NY 10036 Correo electrónico: jbrochin@ steptoe.com |

**20.    ¿Puedo asistir al Tribunal para hablar sobre mi objeción?**

Sí. Usted o su abogado podrá exponer su objeción en la Audiencia de Aprobación Definitiva. Para hacerlo, debe incluir en su objeción una declaración en la que indique que usted tiene la intención de comparecer en la Audiencia de Aprobación Definitiva. Recuerde que su objeción debe tener **matasellos postal** fechado a más tardar el **15 de septiembre de 2025** y enviarse a las tres direcciones indicadas en la pregunta 19.

**21.    ¿Cuál es la diferencia entre objetar la conciliación y solicitar ser excluido de la misma?**

Objetar es sencillamente decirle al tribunal que a usted no le gusta algo de la conciliación. Puede presentar una objeción solo si preserva su calidad de Miembro del Grupo de la Conciliación (es decir, si no se excluye). Al excluirse, usted le indica al Tribunal que no quiere formar parte de la conciliación. Si se excluye, no puede objetar, porque la conciliación ya no le concierne.

**¿Tiene alguna pregunta? Llame al número gratuito 1-888-871-7940 o visite TAPAIRPORTUGALSETTLEMENT.COM.**

## AUDIENCIA DE APROBACIÓN DEFINITIVA DEL TRIBUNAL

El Tribunal llevará a cabo una audiencia para decidir si aprobará o no la conciliación. Puede asistir y pedir la palabra, pero no es obligatorio que lo haga.

### 22.    ¿Cuándo y dónde decidirá el Tribunal si aprueba la conciliación?

El Tribunal llevará a cabo una Audiencia de aprobación definitiva a las 10:00 a. m. el **23 de octubre de 2025**, en Frank Lautenberg Post Office & U.S. Courthouse, 2 Federal Square, Newark, NJ 07102. En esta audiencia, el Tribunal evaluará si la conciliación es justa, razonable y adecuada. El Tribunal también considerará si aprueba la solicitud de los Abogados del Grupo para la adjudicación de honorarios de servicios jurídicos y gastos, así como de las compensaciones incentivas por servicios para los Representantes del Grupo. Si existen objeciones, el Tribunal las evaluará. La jueza Adams escuchará a las personas que hayan solicitado hablar en la audiencia (consulte la pregunta 20 anterior). Después de la audiencia, el tribunal decidirá si aprueba o no la conciliación.

### 23.    ¿Debo asistir a la audiencia?

No. Los Abogados del Grupo responderán cualquier pregunta que la jueza Adams pueda tener. Sin embargo, si lo desea, puede asistir a la audiencia por su propia cuenta y cargo. Si envía una objeción, no es necesario que asista al Tribunal para hablar al respecto. Siempre que hubiese enviado su objeción por escrito a tiempo, el Tribunal la tendrá en cuenta.

### 24.    ¿Puedo hablar en la audiencia?

Sí. Puede solicitar permiso al Tribunal para hablar en la audiencia al incluir una declaración en su objeción que indique que tiene la intención de comparecer en la Audiencia de aprobación definitiva (consulte la pregunta 20 anterior). No puede hablar en la audiencia si se ha excluido del Grupo de la Conciliación.

## SI DECIDE NO HACER NADA

### 25.    ¿Qué sucede si no hago nada?

Si usted es un Miembro del Grupo de la Conciliación y no hace nada, renunciará a los derechos explicados en la pregunta 13, incluido su derecho a iniciar una demanda, continuar con una demanda o ser parte de cualquier *otra* demanda contra TAP y las Personas Exoneradas sobre los asuntos legales que resuelve la presente conciliación. Además, no recibirá un pago en efectivo porque debe, como mínimo, presentar un Formulario de reclamación válido para poder ser un potencial receptor de un pago en efectivo.

## CÓMO OBTENER MÁS INFORMACIÓN

### 26.    ¿Cómo puedo obtener más información?

Este aviso es un resumen de la conciliación propuesta. El Acuerdo de Conciliación brinda más detalles. El Acuerdo de Conciliación, el Formulario de Reclamación y otros documentos relacionados están disponibles en TAPAirPortugalSettlement.com. También puede obtener información adicional llamando al 1-888-871-7940 o escribiendo a *Tower v. TAP* Settlement Administrator, P.O. Box 2470, Portland, OR 97208-2470. Los documentos presentados públicamente también pueden obtenerse visitando el juzgado Martin Luther King Building & U.S. Courthouse durante el horario de atención o accediendo al expediente en línea del Tribunal a través del sistema PACER.

**¿Tiene alguna pregunta? Llame al número gratuito 1-888-871-7940 o visite TAPAIRPORTUGALSETTLEMENT.COM.**

7

**ATTACHMENT 8**

Tower v. TAP Settlement Administrator
P.O. Box 2470
Portland, OR 97208-2470

800

BARCODE
NO-PRINT
ZONE

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO. 2882

**Legal Notice**

*A federal court authorized this Notice. This is not junk mail, an advertisement, or a solicitation from a lawyer.*

If you purchased an airline ticket from Transportes Aereos Portugueses, S.A. aka "TAP" aka "TAP Air Portugal" between March 1, 2020, and December 31, 2021, and your flight was canceled, you might be eligible to get a payment from a class action settlement. 1-888-871-7940
www.TAPAirPortugalSettlement.com

Unique ID: <<Unique ID>>
PIN: <<PIN>>

<<MAIL ID>>
<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

# Barcode No-Print Zone

**REMINDER NOTICE**

801

You previously received a notice of a settlement in a class action against TAP Air Portugal in the case *Tower v. Transportes Aereos Portugueses, S.A.*, Case No. 2:22-cv-6746-JKS-SDA. You have been identified as a potential Settlement Class Member. **To receive a settlement payment, you must submit a valid Claim Form by August 5, 2025.**

**Who is included?** You received this Notice because TAP's records indicate you may be included in the Settlement. You are a "Settlement Class Member" if you, between March 1, 2020, and December 31, 2021, purchased airfare from TAP, TAP canceled your flight, and TAP did not provide a full refund after you asked for one.

**What can you get?** TAP has agreed to (1) pay a full cash refund plus seven percent (7%) to Settlement Class Members who submit a valid Claim Form and whose claims are found to be valid and (2) to cover notice and claims administration costs and payments.

**How much will my cash payment or voucher be?** It will be for 100% of your ticket price, plus seven percent (7%). That is, if your ticket price was, hypothetically, $1,000, you would receive a cash payment for $1,070.

**Your options**. To be eligible to receive a cash payment, you must submit a valid Claim Form by **August 5, 2025**. Claim Forms may be submitted online or by mail. If you do not want to receive a cash payment and do not want to be legally bound by this Settlement, you must exclude yourself by **September 15, 2025**. Unless you exclude yourself, you will not be able to sue TAP for any claim that was or could have been asserted in this lawsuit or is released by the Settlement Agreement. If you stay in the Settlement (do not exclude yourself), you may object and notify the Court that you or your lawyer intend to appear at the Court's Final Approval Hearing. Objections are due by **September 15, 2025**. For more information, including the Claim Form, full Notice, and Settlement Agreement, go to TAPAirPortugalSettlement.com.

**The Final Approval Hearing.** The Court will hold a hearing in this case on **October 23, 2025, at 10:00 a.m. ET** in the Frank Lautenberg Post Office & U.S. Courthouse, 2 Federal Square, Newark, NJ 07102. At the hearing, the Court will consider whether to approve the Settlement, attorneys' fees, costs, and expenses, and a Service Award for each of the two Class Representatives. You or your own lawyer may appear at the hearing at your own expense.

AL4982 v.02