# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JON TOWER, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANSPORTES AEREOS PORTUGUESES, S.A. D/B/A TAP AIR PORTUGAL,<br><br>Defendant. | Case No. 2:22-cv-6746-JKS-SDA<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

**WHEREAS,** Plaintiff Jon Tower ("Plaintiff") filed an Unopposed Motion pursuant to Federal Rules of Civil Procedure 23(e) and (g) to grant final approval of the Settlement between Plaintiff and Defendant Transportes Aereos Portugueses, S.A. d/b/a Tap Air Portugal ("Defendant"), certifying the settlement class, and appointing the law firms of Carella, Byrne, Cecchi, Brody & Agnello, P.C., and Glancy Prongay & Murray, LLP, as Settlement Class Counsel;

**WHEREAS,** the Court has read and considered the Settlement and considered other documents submitted in connection with Plaintiff's Unopposed Motion for Final Approval; and good cause appearing;

**NOW, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement. The motion for final approval is **GRANTED.**

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d).

3. Defendant waives its objections to personal jurisdiction solely for effectuating the Settlement Agreement, by and through Final Approval, and until any appeals are exhausted or deadlines to appeal have lapsed. Accordingly, the Court has jurisdiction over the Settlement Class Representatives, Settlement Class Members, and venue is proper in this District.

4.      The Court approves the Settlement Agreement, and all of its Settlement terms, as fair, reasonable and adequate under Rule 23, subject to further consideration at the Final Fairness Hearing.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, <u>for settlement purposes only</u>, the following Settlement Class:

> All ticketholders who are citizens of the United States who purchased with dollars a flight scheduled to depart between March 1, 2020 through December 31, 2021 (a) that TAP canceled; (b) who requested a refund for the ticket as reflected in TAP's customer care, refund databases, call logs or other information within its possession, custody, or control; (c) did not receive a refund before a claim has been submitted and paid; and (d) who have not used any portion of any flight credit issued in connection with the canceled flight document. For purposes of (a) above, flights that TAP canceled in response to a government order, if any, shall not be excluded.

Excluded from the Settlement Class are: (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (c) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (d) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with

3

and released Defendant or any Released Parties from any Released Claims; and (j) any Settlement Class Member who files a timely and proper Opt-Out from the Settlement Class.

6. The Court appoints the law firms of Carella, Byrne, Cecchi, Brody & Agnello, P.C. and Glancy Prongay & Murray LLP as Class Counsel for the Settlement Class.

7. The Court appoints Plaintiff Jon Tower and Bianca Vazquez as Settlement Class Representatives.

8. The Court appoints Epiq Class Action & Claims Solutions, Inc. as the Settlement Claims Administrator ("Claim Administrator").

9. The Court finds, solely for purposes of the Settlement, that the Rule 23 criteria for certification of the Settlement Class exists in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and Settlement

Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

10. In addition, the Court finds that certification of the Settlement Class is appropriate when balanced against the risks and delays of further litigation. The proceedings that occurred before the Parties entered into the Settlement Agreement afforded counsel the opportunity to adequately assess the claims and defenses in the Action, the relative positions, strengths, weaknesses, risks, and benefits to each Party, and as such, to negotiate a Settlement Agreement that is fair, reasonable and adequate and reflects those considerations.

11. The Court also finds that the Settlement Agreement has been reached as a result of intensive, arm's-length negotiations of disputed claims, including through the use and assistance of an experienced third-party neutral mediator, and that the Settlement is not the result of any collusion.

12. Upon review of the Declaration of Lucas Q. Meyer, the Court finds that the notice of the settlement constituted due, adequate, and sufficient notice of the settlement and was the best practicable under the circumstances and satisfied the requirements of Rule 23, due process, and any other applicable law. Therefore, the class notice is finally approved.

13. Upon review of the record and the Declaration of Lucas Q. Meyer, the Court finds that Epiq is qualified to serve as the settlement Claim Administrator and to perform all settlement administration duties set forth in, and pursuant to the terms and time periods of, the Settlement Agreement.

14. The Court approves and directs the implementation of all the terms of the Settlement.

15. If this Final Judgment and Order is set aside, materially modified, or overturned on appeal, and it is not fully reinstated on further appeal, then this Final Judgment and Order shall be vacated *nunc pro tunc*.

16. If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully

reinstated on further appeal, then this Final Judgment and Order shall be deemed vacated and shall have no force or effect whatsoever.

17. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains exclusive continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of monies under the claims-made Settlement; (b) hearing and determining applications for attorneys' fees, costs, expenses, and Service Awards to the Settlement Class Representatives; and (c) all Parties hereto for the purpose of construing, enforcing, and administering the Settlement.

18. Except as to any individual claim of those persons who have validly and timely requested exclusion, if any, all parties are bound by this Final Judgment and Order and by the Settlement Agreement.

19. There is no just reason for delay in the entry of this Final Judgment and Order, and entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: _____, 2025          _____
                                  HON. STACEY D. ADAMS
                                  UNITED STATES MAGISTRATE JUDGE